Joanna R. Vilos (Wyo. State Bar # 6-4006)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
Cheyenne, WY 82001
Telephone: (307) 778-4200
jvilos@hollandhart.com

Jose A. Ramirez (admitted *pro hac vice*)
HOLLAND & HART LLP
8390 E. Crescent Parkway, Suite 400
Greenwood Village, CO 80111
Telephone: (303) 290-1600
jramirez@hollandhart.com

ATTORNEYS FOR DEFENDANT
HEALTHTECH MANAGEMENT SERVICES, INC.
AND WILLIAM D. PATTEN

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 15CV31-J |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTHCARE, INC., HEALTHTECH MANAGEMENT SERVICES, INC., JEFFREY HANSEN, M.D., and WILLIAM D. PATTEN, | ) ) ) ) ) ) |
| Defendants. | ) ) |
| AND | ) |
| HEALTHTECH MANAGEMENT SERVICES, INC. and WILLIAM D. PATTEN, | ) ) ) **DEFENDANTS' MOTION FOR** |
| Counterclaimants | ) **LEAVE TO JOIN LEXINGTON** |
| v. | ) **INSURANCE COMPANY** ) **AS COUNTERCLAIM DEFENDANT** |
| UMIA INSURANCE, INC. and LEXINGTON INSURANCE COMPANY, | ) ) ) |
| Counterclaim-Defendants. | ) ) |

Pursuant to Fed. R. Civ. P. 13(h) and 20(a), Defendants HealthTech Management

Services, Inc. (HTMS) and William D. Patten (Patten), by their counsel, move this Court for an

order authorizing the addition of Lexington Insurance Company (Lexington) as a counterclaim defendant in this action. A copy of the proposed amended counterclaim is attached as Exhibit 1. As grounds for this motion, HTMS and Patten state as follows:

1.  This action arises from denials of insurance coverage to HTMS and Patten in connection with alleged medical malpractice by Dr. Jeffrey Hansen while Dr. Hansen was employed by Powell Valley Health Care, Inc. (PVHC) in Powell, Wyoming.

2.  HTMS provides management services to various hospitals throughout the country, typically pursuant to an agreement for management services in effect between HTMS and the particular client hospital. Among other management services provided to a client hospital, HTMS in some cases identifies and provides an individual to serve at the client hospital as the Chief Executive Officer. In 2012, HTMS identified Patten as a possible CEO for PVHC. Upon approval by PVHC, Patten became the CEO on or around February 27, 2012.

3.  Based on their affiliations with PVHC, HTMS has been named as a defendant in ten lawsuits stemming from the alleged malpractice by Dr. Hansen and Patten has been named as a defendant in seven lawsuits stemming from the alleged malpractice by Dr. Hansen.

4.  In August 2012, Lexington issued policies numbered 6793042 and 6793044 (the Lexington Policies) to PVHC effective from August 1, 2012 to August 1, 2013. The Lexington Policies provide coverage for professional liability. HTMS and Patten are insureds under the Lexington Policies.

5.  In August 2013, Homeland issued policies numbered MPP-5514-13 and MPX-3502-13 (the Homeland Policies) to PVHC effective from August 1, 2013 to August 1, 2014. The Homeland policies provide primary and excess professional liability coverage. HTMS and Patten are insureds under the Homeland Policies.

6. In August 2014, UMIA issued policy number WY920017 (the UMIA Policy) to Powell Valley Hospital District and PVHC effective from August 1, 2014 to August 1, 2015. The UMIA policy provides primary and excess professional liability coverage. HTMS and Patten are insureds under the UMIA policy.

7. The Lexington, Homeland and UMIA policies run back to back with no gap in coverage. Each of the policies are "claims made" policies, meaning claims are subject to coverage if they are made and reported during the policy period.

8. The same set of key facts—including when the claims were made against HTMS and Patten and when they were reported—applies to each of the three insurers. Joinder would expedite resolution of questions relating to which insurance coverage applies to each claim. Thus, to promote efficiency and prevent multiple lawsuits relating to the same underlying facts, it is necessary to add Lexington as a party to this action.

9. The joinder of a party via counterclaim is authorized under Fed. R. Civ. P. 13(h), which states, "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim."

10. Rule 20 lays out the standard for permissive joinder of parties:

> Persons . . . may be joined in one action as defendants if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

11. HTMS's and Patten's request to join Lexington as a counterclaim defendant is proper under Rule 20 because the claims asserted by HTMS and Patten against Lexington arise

out of the same series of transactions or occurrences that give rise to the counterclaims against Homeland and UMIA— namely the alleged negligent medical treatment by Dr. Hansen and the denial of coverage for the resulting insurance claims.  Indeed, HTMS and Patten seek to assert the same counterclaim for declaratory judgment against Lexington as they assert against Homeland and UMIA.

12. Additionally, joining Lexington in the current suit would increase judicial economy by consolidating discovery since these cases involve many of the same witnesses and documents.  Having two separate actions would create additional cost, waste and inefficiency because the parties would be compelled to conduct duplicative witness depositions, document productions, and interrogatory requests and responses.

13. Furthermore, HTMS and Patten should not bear the risk of inconsistent court interpretations of these policies that could leave them with no coverage whatsoever.

14. In compliance with Local Rule 7.1(a)(1)(A), counsel for HTMS and Patten certify that they have conferred with counsel for Homeland and it does not oppose the motion.  Counsel for HTMS and Patten has conferred with UMIA's counsel but UMIA is not in a position to agree or oppose the motion since it has not been served and its counsel has not entered an appearance in the suit.  Counsel for HTMS and Patten has conferred with counsel for Powell Hospital District, Powell Valley Health Care, Inc. and Jeffrey Hansen and they do not oppose the motion.

WHEREFORE, HTMS and Patten respectfully move this Court for an Order, pursuant to Fed. R. Civ. P. 13(h) and 20(a), allowing the addition of Lexington as a counterclaim defendant.  A proposed Order granting the requested relief is attached for the Court's convenience.

DATED:  June 19, 2015.

/s/ Joanna R. Vilos
Joanna R. Vilos (Wyo. State Bar # 6-4006)
HOLLAND & HART LLP
P.O. Box 1347
Cheyenne, WY  82003-1347
Telephone:  (307) 778-4200
jvilos@hollandhart.com

Jose A. Ramirez (admitted *pro hac vice*)
HOLLAND & HART LLP
8390 E. Crescent Parkway, Suite 400
Greenwood Village, CO 80111
Telephone:  (303) 290-1600
jramirez@hollandhart.com

ATTORNEYS FOR DEFENDANTS HEALTHTECH MANAGEMENT SERVICES, INC., AND WILLIAM D. PATTEN

## CERTIFICATE OF SERVICE

     I hereby certify that on June 19, 2015, I served a true and correct copy of the foregoing by CM/ECF addressed to the following:

>Judith Studer
>Schwartz, Bon, Walker & Studer, LLC
>141 South Center Street, Suite 500
>Casper, WY  82601
>jstuder@schwartzbon.com
>
>Tracy J. Copenhaver
>Copenhaver, Kath, Kitchen & Kolpitcke, LLC
>P. O. Box 839
>Powell, WY 82435
>tracy@ckattorneys.net

                                        /s/ Joanna R. Vilos

7753446_1