Judith Studer, WSB #5-2174
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY 82601
Telephone (307) 235-6681
Fax (307) 234-5099
Email jstuder@schwartzbon.com

Charles E. Spevacek, admitted *pro hac vice*
Tiffany A. Brown, admitted *pro hac vice*
MEAGHER & GEER, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
Telephone (612) 347-9171/(612) 371-1324
Fax (612) 877-3015
Email cspevacek@meagher.com
Email tbrown@meagher.com
      Attorneys For Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO. 15CV31J ) |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTHCARE, INC., HEALTHTECH MANAGEMENT SERVICES, INC., JEFFREY HANSEN, M.D., and WILLIAM D. PATTEN, | ) ) ) ) ) ) |
| Defendants. | ) |

**OPPOSITION TO MOTION TO INTERVENE**

Plaintiff Homeland Insurance Company of New York ("Homeland"), by and through its undersigned counsel, hereby opposes the Motion to Intervene filed by Applicants on behalf of

Claimants in eight underlying lawsuits arising out of the alleged medical negligence of Dr. Jeffrey Hansen, Powell Valley Healthcare, Inc., HealthTech Management Services, Inc. and/or William D. Patten.[1]

## **INTRODUCTION**

This is an insurance coverage action. On February 27, 2015, Homeland filed this action seeking declaratory relief regarding the rights, duties and obligations of Homeland under certain liability insurance policies issued to Powell Hospital District in connection with certain Underlying Claims asserted by or on behalf of former patients of the Hospital, which Underlying Claims allege Dr. Hansen was negligent in the performance of medical procedures and further asserting direct claims against the Hospital, HealthTech and Patten for their own negligence in credentialing, hiring, supervising, monitoring, reviewing, training, and extending privileges to Dr. Hansen. In this action, Homeland seeks a declaration that there is no coverage for the Underlying Claims. Defendants have filed counterclaims seeking a declaration that coverage exists for certain Underlying Claims under Homeland's Policies.

Applicants herein have filed underlying lawsuits, but as of this date those lawsuits have not been settled or resolved. Therefore, the claims of the Applicants against the Defendants herein are contingent upon their success in the underlying actions. Because Applicants' claims are contingent, they have no legally protected interest in this action supporting intervention as of right. Moreover, Applicants offer no facts to support their claim that their interests are not aligned with that of the Defendants or that the Defendants will not adequately represent their interest in advocating for coverage for the claims asserted in the underlying lawsuits. Applicants

---

[1] In the malpractice actions that are pending, the claimants (plaintiffs) are represented by various attorneys, including counsel for Applicants herein. It is not clear whether other claimants' counsel will have a role in the event the motion is granted. Counsel for Homeland has also been contacted by William Fix regarding his client's intent to also file a motion to intervene.

simply do not meet the requirements for intervention as a right under the facts of this case, nor is permissive intervention appropriate.

## LEGAL ARGUMENT

### A. Timeliness

Homeland agrees that timeliness is not at issue with respect to the motion to intervene.

### B. Intervention of Right

Rule 24(a)(2) allows for intervention as a matter of right when: (1) the applicant has an interest in the suit; (2) his interest may be impaired by the resolution of the action; and (3) his interest is not adequately protected by the existing parties. *Elliot Indus. Ltd. P'ship. v. BPAM Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005). Applicants claim that they are entitled to intervention as of right because the outcome of this action will impact their ability to recover for their injuries, and further because it would be unfair to require Applicants to trust their recovery to the existing Defendants. These claims do not support intervention as a matter of right.

#### 1. The contingent nature of the claims forecloses intervention

Under Wyoming law, an insurance policy is a contract. *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179 (10th Cir. 2000). Applicants, who are not parties to the insurance policies at issue, lack privity of contract and thus lack a sufficient interest to support intervention. *See Rosebud Coal Sales Co. v. Andrus*, 644 F.2d 849 (10th 1980) (holding that movant failed to demonstrate a sufficient interest in contract action to be able to intervene as of right where the movant had no claim of privity to the contract at issue).

"The courts in this [Tenth] circuit have repeatedly stated that a proposed intervenor's interest in the proceeding must meet a 'direct, substantial and legally protectable' test" (the "DSL test"). *Coalition of Arizona/New Mexico Counties for Stable Economic Growth v.*

*Department of Interior*, 100 F.3d 837, 840 (10th Cir. 1996) (quoting *Vermejo Park Corp. v. Kaiser Coal Corp. (In re Kaiser Steel Corp.)*, 998 F.2d 783, 791 (10th Cir. 1993). In *San Juan County, Utah v. United States*, 503 F.3d 1163 (10th Cir. 2007), however, the Tenth Circuit found the DSL test "not particularly helpful" in considering a Rule 24(a)(2) motion for intervention as of right. *Id*. at 1193. But, "[t]his is not to say that it is error for a court addressing an application for intervention to consider whether the prospective intervenor's interest is direct, substantial and legally practicable." *Id*. at 1194. Rather, it better for the district court to exercise judgment based on the specific circumstances of the case and "practical judgment must be applied in determining whether the strength of the interest and the potential risk of injury to that interest justify intervention." *Id*.

A purely economic interest that is contingent upon the outcome of an underlying litigation does not constitute a significantly protectable interest in the context of Rule 24 and, in the case of a underlying claimant seeking to intervene in a declaratory judgment action brought by the insurer to determine issues of coverage under its policy for the claimant's claims against the insureds, it has been held that the claimant's interest in such a situation, as a solely economic interest contingent upon a judgment in an underlying action, is insufficient to warrant intervention as a matter of right. *See Genesis Ins. Co. v. Crowley*, No. 05-cv-00335, 2005 WL 3989772 *4 (D. Col. Aug. 31, 2005) in which the Court held:

> Trustee's interest in the Policy proceeds, which is contingent upon the Trustee's first obtaining a judgment against the defendants in the [underlying action], is too attenuated to satisfy the Rule's requirement that the purported intervenor's interest in the litigation be "direct, substantial and legally protectable."

*See also, Tudor Ins. Co. v. 1st National Title Insurance Agency, LLC,* 281 F.R.D. 513, 518 (D. Utah 2012) (finding underlying claimant who lacked a judgment to have only a contingent interest which was not impaired and therefore intervention was denied).

4

Courts from other jurisdictions have similarly found that underlying tort claimants lack a sufficient interest in the liability insurance contract to support intervention.  For example, in *Liberty Mutual Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216 (3d Cir. 2005), the underlying claimants sought to intervene in the insurer's declaratory action, arguing the insurer owed coverage to its insured and their right to recover for their injuries could be adversely affected based on coverage determinations.  The Third Circuit found the injured parties had not established a sufficient interest to intervene as of right, stating that "Appellants cite no controlling authority to support their argument that plaintiffs who have asserted tort claims against the insured can intervene as of right in an insurance coverage declaratory judgment action between the insured and its insurer."  *Id*. at 223.  *See also Mt. Hawley Insurance Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (denying intervention to personal representative of decedent in coverage action, finding interest "purely speculative because it is contingent upon his prevailing against [insured] in the action"); *Neponset Landing Corp. v. Northwestern Mut. Life Ins. Co*., CIV. A. 10-11963-JGD, 2011 WL 2417128, at *5 (D. Mass. June 10, 2011) ("Furthermore, the Cotters' economic interest in this suit is insufficient under Rule 24(a) because it is contingent on the success of their pending state court claims. An interest that is ... contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule, (internal citations omitted)"); *Royal Indem. Co. v. United Enterprises, Inc.*, 162 Cal. App. 4th 194, 198-99 (2008), as modified (May 7, 2008) (finding no error in denying intervention in coverage action to underlying claimant/property owner seeking to recover environmental clean-up costs from defendant/insured, finding that "neither public policy nor any existing authority would allow for such intervention at this time, because the proposed complaint in intervention addressed different issues and interest than were pursued in the underlying coverage action").

Applicants argue that if PVHC is found to be a governmental entity and there is no coverage, their right to recover in the event they are successful in their Underlying Claims will be impacted (but not eliminated).  If PVHC is not a governmental entity, however, Applicants claim there is a danger of bankruptcy.  However, Applicants have not obtained judgments and their arguments do nothing more than demonstrate the contingent nature of their interest in the subject of this action.  Moreover, whether or not PVHC is a governmental entity will not be decided in this case.  Applicants' argument also highlights why in fact PVHC will strongly advocate for coverage.   In sum, Applicants have not cited to any case in support of their position that a tort claimant seeking to recover from an insured has the requisite interest in the insurance policy to warrant intervention as a matter of right in a declaratory judgment action between that insured and its insurer.  Applicants' interests are contingent upon first obtaining a judgment against the Defendants herein.  Such an "interest" is too attenuated to meet the court's criteria for purposes of Rule 24.  *See Neponset Landing Corp.*, 2011 WL 2417128, at *5 ("An interest that is remote from the subject matter of the proceeding . . . will not satisfy the rule.").  Accordingly, because Applicants have failed to establish the requisite interest in the Homeland Policies, they have failed to establish one of the necessary criteria for intervention as a matter of right and intervention must be denied.

### 2.     Applicants' interests are adequately represented

Even assuming arguendo that Applicants did have the requisite interest to satisfy Rule 24(a)(2), intervention by Applicants would still be inappropriate because Applicants interest is adequately represented by the existing parties to this action. Fed. R. Civ. P. 24(a) allows intervention "**unless existing parties adequately represent that interest**."   As a preliminary mater, the would-be intervenor carries the burden of showing that the representation by the

existing parties is inadequate to protect its interests. *Genesis*, 2005 WL 3989772, *4. While the burden may be minimal, when the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented. *Kiamichi R. Co., Inc. v. Nat'l. Mediation Bd.*, 986 F.2d 341, 345 (10th Cir. 1993); *Genesis, supra; General Insurance Co. of America v. Rhoades*, 196 F.R.D. 620 (D. N.M. 2000). "Intervention is not justified where one of the existing parties has interests which are identical to that of the prospective intervenor, in such cases the court will presume that representation is adequate." *Hershey v. Exxon Mobile Oil Corp.*, 278 F.R.D. 617 (D. Kan. 2011) (citing *San Juan, supra*, 503 F.3d at 1204).

In order to rebut the presumption of adequate representation by existing parties, Applicants must make a "concrete showing of circumstances ... that make [the existing parties'] representation inadequate." *Genesis*, 2005 WL 3989772, *4. An applicant can rebut the presumption with evidence "that the representative and the opposing party are in collusion, that the representative has an interest adverse to the applicant, or that the representative is failing to represent the applicant's interest. *Id*. Here, Applicants have not made such a showing. Applicants claim that "Defendants *may* not have the financial resources," to defend this action and that they are "not comfortable to trust their recovery" to them. But, these types of general allegations and concerns do not demonstrate that their interests are adverse, or that Defendants are failing to represent the same interests as Applicants. Thus, Applicants have not, and cannot, make such a showing because their interest is identical to that of the existing defendants who have appeared and are actively defending this matter, all whom seek a determination that the Homeland Policies provides coverage for the Underlying Claims. *See id*. ("Here, the Trustee and the defendants have identical interests — to obtain a judicial declaration that plaintiff is obligated

to provide maximum coverage under the Policy for the claims asserted against the defendants in the [underlying action]."). As evidenced by their Counterclaims, Defendants adamantly disagree with the coverage positions taken by Homeland in this declaratory judgment action and are vigorously pursuing coverage. There is simply no evidence that Applicants' interest, which interest is identical to those of the existing defendants, is not adequately represented.

In *Rhoades*, *supra,* a case similar to this one, the court determined that the applicants' objective was the same as that of the defendant in establishing that the malpractice coverage covered the claims against the insured. As a result, the court denied intervention as a right as the interest of the applicant was adequately represented in the declaratory judgment action. 196 F.R.D. at 625. Similarly in *Independent Petrochemical Corp. v. Aetna Cas. & Sur. Co.*, 105 F.R.D. 106, 113 (D.D.C. 1985) *aff'd*, 784 F.2d 1131 (D.C. Cir. 1986), the court denied intervention to tort claimants because it found that the insured's survival appeared to depend upon its ability to obtain the maximum insurance coverage available to it under its policies. Therefore, the court determined that the tort claimants were adequately represented by IPC. *Id*. at 113.

Finally, Applicants' argument regarding the existence of "adversarial relationships" does not support permissive intervention. The relationship between the underlying plaintiffs and defendants will always be adversarial. The pleadings reflect that Defendants have acted diligently and vigorously in asserting their rights to coverage, which claims are identical to those of the Applicants herein. Therefore, the presumption of adequate representation has not been rebutted and intervention as of right must be denied.[2]

---

[2] *Minnesota Lawyers Mut. Ins. Co. v. Vedisco*, 2010 WL 3239217 (D. Col. 2010) is distinguishable. The record in this case does not show that Defendants will abdicate their respective roles in vigorously pursuing coverages.

**C.     Permissive Intervention**

Rule 24(b)(1)(B) allows for permissive intervention when the person or entity "has a claim or defense that shares with the main action a common question of law or fact."  "While the standard under Rule 24(b) is 'permissive,' it is also a matter within the district court's discretion and will not be reversed absent a clear abuse of discretion." *City of Stilwell, Okl. v. Ozarks Rural Elec. Co-op. Corp*., 79 F.3d 1038, 1043 (10th Cir. 1996).  In exercising its discretion whether to allow intervention, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3) (2010); *see also Wilderness Soc'y, Ctr. for Native Ecosystems v. Wisely*, 524 F.Supp.2d 1285, 1294 (D. Colo. 2007).

Applicants allege that there are common questions of law and fact "likely to arise" in the two actions.  However, the issue of insurance coverage is unrelated to the issues of fault in the underlying lawsuits.  Homeland's complaint for Declaratory Judgment concerns its claim that the Underlying Claims are related to other claims and thus deemed to have been first made before Homelands' Policies incepted, and that certain policy exclusions otherwise preclude coverage.  The issues in this action concern interpretation of insurance contracts, which are questions of law not at issue in the underlying lawsuits.  According because the two actions do not share a common question of law or fact, permissive intervention is unwarranted.[3]

Moreover, even if a common question of law or fact exists, a court may, in its discretion, deny permissive intervention even if all of the Rule 24(b) requirements are otherwise met. *See Genesis*, 2005 WL 3989772 *5. For instance, where the party's interests are aligned and adequately represented, courts deny permissive intervention because it is unnecessary. *Id*.

---

[3] Because the threshold requirement of a common question of law or fact is not satisfied, the Court need not consider the Lower Arkansas factors. *Lower Arkansas Valley Water Conservancy Dist. v. United States*, 252 F.R.D. 687, 690–91 (D. Colo. 2008).

("However, because the Trustee's interest in this case is being adequately represented, I am not inclined to recommend that the Trustee be allowed to intervene to make the same legal arguments as the current defendants."); *Tudor*, 281 F.R.D. at 519. In *Tudor*, the court declined intervention finding that the interests of Fidelity (the would-be intervenor) were aligned with the insured defendant and its intervention would likely increase the costs of the litigation for Tudor because it would be forced to respond to duplicative arguments. *Id*. at 519-520. Here too, allowing Applicants to intervene would unnecessarily increase Homeland's costs by forcing it to respond to the same arguments (and discovery requests) made by the existing defendants. *See Rhoades*, *supra,* (denying permissive intervention and finding "no reason to add a party whose pleadings and litigation position will merely duplicate [the insured's] filings and arguments"); s*ee also, Arney v. Finney*, 967 F.2d 418, 421-22 (10th Cir. 1992) (denying permissive intervention because would "clutter the action unnecessarily"). Applicants' involvement in this action would inevitably complicate, delay and increase the cost associated with the adjudication of this insurance coverage lawsuit.

Finally, Homeland has agreed to defend the Hospital and Dr. Hansen in some of the Underlying Claims, subject to a reservation of rights. To allow intervention by Applicants has the potential to prejudice not only Homeland, but those defendants in the defense of the Underlying Claims. Moreover, Applicants herein are not the only claimants to have asserted claims. The potential release of work product contained within the claims files will have a direct impact on the ability to defend the personal injury actions. This concern is what sets this case apart from *Vedisco*, the case heavily relied upon by the Applicants.

Where there is no common question of law or fact with the Underlying Claims and Applicants' interests are being adequately represented, permissive intervention is unwarranted.

## **CONCLUSION**

For the foregoing reasons, Homeland respectfully requests that Applicants' Motion to Intervene be denied.

Dated:  June 29, 2015			s/Tiffany M. Brown
					Charles E. Spevacek (MN #126044)
					*Admitted Pro Hac Vice*
					cspevacek@meagher.com
					Tiffany M. Brown (MN #302272)
					*Admitted Pro Hac Vice*
					tbrown@meagher.com
					MEAGHER & GEER, PLLP
					33 South Sixth Street, #4400
					Minneapolis, MN 54502
					(612) 338-0661 (Office)
					(612) 338-8384 (Fax)

					Judith Studer (5-2174)
					SCHWARTZ BON WALKER & STUDER, LLC
					141 South Center Street, Suite 500
					Casper, WY 82601
					(307) 235-6681 (Office)
					(307) 234-5099 (Fax)

					*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of June, 2015, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to all CM/ECF participants. I further certify that I emailed and mailed the foregoing on the following:

Robert A. Krause
(krause@spencelawyers.com)
Mel C. Orchard, III
(orchard@spencelawyers.com)
Sarah A. Kellogg
(kellogg@spencelawyers.com)
The Spence Law Firm, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, WY 83001

William L. Simpson (bsimpson@skelaw.com)
Burg, Simpson, Eldredge, Hersh & Jardine, PC
1135 14th Street
P.O. Box 490
Cody, WY 82414

s/Tiffany M. Brown