Robert A. Krause; krause@spencelawyers.com (WSB # 5-2824)
Mel C. Orchard, III; orchard@spencelawyers.com (WSB # 5-2894)
Sarah A. Kellogg; kellogg@spencelawyers.com (WSB # 7-5355)
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290; (307) 733-5248 Fax

William L. Simpson; bsimpson@skelaw.com (WSB # 5-2189)
BURG, SIMPSON, ELDREDGE, HERSH & JARDINE, PC
1135 14th Street, P.O. Box 490
Cody, Wyoming 82414
(307) 527-7891; (307) 527-7897 Fax

*Attorneys for Applicants*

Case 1:15-cv-00031-ABJ Document 26 Filed 07/06/15 Page 1 of 6

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2015 JUL 6 AM 8 50

STEPHAN HARRIS, CLERK
CHEYENNE

# UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK,<br><br>Plaintiff,<br><br>v.<br><br>POWELL HOSPITAL DISTRICT, et al.,<br><br>Defendants. | Case No: 1:15-cv-00031-ABJ<br><br>**REPLY IN SUPPORT OF APPLICANTS' MOTION TO INTERVENE** |

Applicants, by and through their counsel, Robert A. Krause, Mel C. Orchard, III, Sarah A. Kellogg of THE SPENCE LAW FIRM, LLC and William L. Simpson of BURG, SIMPSON, HERSH & JARDINE, PC, file this Reply in Support of Applicants' Motion to Intervene.

## I. INTRODUCTION

In this insurance dispute, Homeland Insurance Company of New York hopes to leave Powell Valley Health Care, Inc. ("PVHC"), Dr. Jeffrey Hansen, William Patten, and HealthTech Management Services, Inc. ("HealthTech") (collectively "Existing Defendants") without any insurance coverage to compensate Applicants for their serious injuries. Applicants have moved this Court for intervention as matter of right under Rule 24(a) or for permissive intervention under Rule 24(b). The Existing Defendants do not object — only Homeland objects. Homeland's arguments fail for four reasons.

1

II. ARGUMENT

**1. Applicants' interest in insurance coverage for their severe injuries "practically" supports intervention as a matter of right**

First, Homeland misunderstands the type of interest required to support intervention as a matter of right. The Tenth Circuit does not apply the direct, substantial, and legally protectable interest test ("DSL test"). *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010). Instead, the Tenth Circuit's interest determination is based on "practical judgment" and is more liberal than other jurisdictions. *San Juan Cnty, Utah v. U.S.*, 503 F.3d 1163, 1199 (10th Cir 2007) (*en banc*); *see WildEarth Guardians*, 504 F.3d at 1198.

Although the Tenth Circuit has not spoken decisively on this issue, there is strong dicta suggesting that Applicants' interest in securing insurance coverage supports intervention even without a judgment or settlement in the underlying cases. In *San Juan County, Utah*, (hereinafter "*San Juan*") the Tenth Circuit cited an example of a church seeking to intervene in an insurance dispute between its architect and his malpractice insurer before the church's underlying claims against the architect were resolved. 503 F.3d at 1197. The court explained that the church had a practical interest in the litigation sufficient to support intervention and that the DSL test need not be applied to reach this conclusion. *Id.*

There are also district court decisions in the Tenth Circuit demonstrating that Applicants have a sufficient interest to support intervention. In *Minnesota Lawyers Mutual Insurance, Co v. Vedisco*, the District of Colorado allowed parties to the underlying litigation to intervene in an insurance dispute between an attorney and her malpractice carrier. No. 10-cv-01008, 2010 WL 3239217, at * 3 (D. Colo. 2010) ("Although they have not obtained a judgment in the underlying litigation, the threat of economic injury resulting from an adverse decision in this case states the requisite interest under Rule 24(a)(2)."). In *Gen. Ins. Co. of Am. v. Rhoades*, the New Mexico District Court addressed whether an underlying plaintiff should be able to intervene in an

insurance dispute between the tortfeasor and his malpractice insurer while the underlying litigation was still pending. 196 F.R.D. 620, 624 (D.N.M. 2000) (citing *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991)). The court explained that the intervenor had a sufficient interest:

> Imposing a flat ban on intervention, simply because a party's interest has not yet ripened, runs contrary to this inclusive approach. It also creates a risk that a mere matter of timing could jeopardize the strong interest of a third party in the outcome of a contest between insurer and insured ....

*Id.* This logic is especially compelling in light of *San Juan's* later holding.

Homeland has cited to two cases from lower courts in the Tenth Circuit to support its position. Both are distinguishable.[1] *Genesis Ins. Co. v. Crowley*, is an unpublished "recommendation" issued by a magistrate judge. No. 05-cv-00335, 2005 WL 3989772 *4 (D. Colo. 2005). The recommendation was not even binding on the parties to the case — nor should it be persuasive to this Court. *Id.* at *6. In fact, the district court judge eventually issued an order holding that the magistrate's recommendations were moot. *Genesis Ins. Co.*, No. 05-cv-00035, order at 1 (D. Colo. May 5, 2006). The logic of *Crowley* is also flawed because the magistrate relied entirely on the DSL test. *Genesis Ins. Co.*, No. 05-cv-00335, 2005 WL 3989772 *4.

In *Tudor Ins. Co. v. 1st National Title Insurance Agency, LLC*, the second case Homeland cites, the Utah District Court relied on *Crowley* and applied the DSL test in spite of *San Juan*. 281 F.R.D. 513, 518 (D. Utah 2012). The *Tudor* court incorrectly reasoned that the Tenth Circuit only applies its liberal approach to the interest requirement when a *public* interest is

---

[1] Homeland also dedicates an entire page to citing cases from other jurisdictions. Not only are these cases non-binding, but given the Tenth Circuit's unique approach to this issue, they are also unpersuasive. Homeland's contract argument and the *Rosebud Coal Sales Co. v. Andrus* case are also unavailing. 644 F.2d 840 (10th 1980). In *Rosebud* the intervenor created an interest in the coal company's dispute with the government over royalty rates by contracting with the coal company to match its own royalty payments to the government's rate. Here the Applicants have no such luxury. Their interest in this insurance dispute arises by no choice of their own.

3

involved. *Id.* In actuality the *San Juan* logic applies whether or not a public interest is involved. *See U.S. v. Albert Inv. Co., Inc.*, 585 F.3d 1386 (10th Cir. 2009) (applying *San Juan* where the intervenor's interest was a private economic interest).

2. **The presumption of adequate representation does not apply because Applicants' interests are not *identical* to the interests of the Existing Defendants**

Second Applicants have met their "minimal burden" to demonstrate the "possibility that representation may be inadequate." *WildEarth Guardians,* 604 F.3d at 1200. Homeland has skipped a step in this analysis, asking the Court to apply a presumption of adequate representation, without showing that the Applicants' interests are *identical* to the Existing Defendants. *See Wyo. Outfitters Ass'n v. Wyo. Game & Fish Com'n*, 242 F.3d 392, n. 2 (10th Cir. 1999) (Order & Judgment) (explaining that the presumption only applies when the interests are identical). In this case, the Existing Defendants' interests are driven by their interest to avoid bankruptcy and their allegations that they are entitled to the protection of the Governmental Claims Act. There is a real risk that they will settle with Homeland to limit coverage to $1,000,000 per claim. Applicants' sole objective is to maximize the insurance coverage available in their *individual* claims. This distinguishes the *Rhoades* case relied on by Homeland and discussed above, where the court denied intervention because the intervenor was adequately represented. *Rhoades*, 196 F.R.D. at 625. The court applied the presumption only after finding the intervenor and the existing defendant had "exactly the same objective." *Id.*

3. **Common questions of law and fact are inescapable**

Next, Homeland argues that permissive intervention is inappropriate because there are no common questions of law or fact. *Doc. 25*, at 9. However, Homeland is unable to cite to a single case to support this argument. *Id.* The questions of when and how Dr. Hansen provided medical treatment to the Applicants and when and if the Existing Defendants learned that Dr. Hansen was unfit to practice medicine are inescapable in both arenas. Homeland's argument that

4

the Existing Defendants should have foreseen Applicants' claims before the Homeland policy period clearly turns on when the hospital knew that Dr. Hansen was unfit. *See Doc. 1* at ¶ 39. Further, to succeed on in its argument that these claims are "related" to claims made before the Homeland policy period, Homeland will need to establish a factual connection between the injuries of each Applicant. *Id.*; *see Travelers Indemnity Co. v. Bastianelli*, 250 F.R.D. 82, 85 (D. Mass. 2008)(allowing a personal injury plaintiff to intervene in a declaratory judgment action between the tortfeasor and his insurer and holding that a common question of law and fact was whether the truck that caused the injury was being used for business at the time of the accident).

4. **Homeland has not advanced a single concrete example of how it may be prejudiced**

Finally, Homeland argues that it will somehow be prejudiced in the underlying cases by Applicants' presence in this action. Homeland makes this argument even though it has taken the position that it will not pay any settlement or judgment ultimately granted against PVHC, Dr. Hansen, HealthTech, or William Patten. This argument is difficult to understand, especially in light of the Existing Defendants' failure to object to Applicants' intervention. Homeland argues that "work product" might be disclosed. However, Homeland has not identified a specific document that will be discoverable in this Action that is not also discoverable in the underlying actions. To the extent the Court is concerned that the release of information in the claims file will prejudice the underlying litigation, Applicants will agree to a reasonable protective order.

III. CONCLUSION

For these reasons, Applicants respectfully request the Court grant their motion and allow them to intervene as a matter of right under Rule 24(a). In the alternative, Applicants request the Court to allow intervention under Rule 24(b).

Dated this 2nd day of July, 2015.

_/s/ Robert A. Krause_
Robert A. Krause
*Attorney for the Applicants*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was served upon the following, as indicated below on this 2nd day of July, 2015, and addressed as follows:

| | |
|---|---|
| Judith A. Studer<br>SCHWARTZ, BON, WALKER & STUDER, LLC<br>141 South Center Street, Suite 505<br>Casper, WY 82601<br><br>*Attorneys for Plaintiff Homeland* | _X_ U.S. Mail, Postage Prepaid<br>___ Hand Delivery<br>___ Overnight Mail<br>___ Facsimile<br>___ CM/ECF Electronic Filing |
| Tiffany M. Brown<br>Charles E. Spevacek<br>MEAGER & GEER<br>33 South Sixth Street, Suite 4400<br>Minneapolis, MN 55402<br><br>*Attorneys for Plaintiff Homeland* | _X_ U.S. Mail, Postage Prepaid<br>___ Hand Delivery<br>___ Overnight Mail<br>___ Facsimile<br>___ CM/ECF Electronic Filing |
| Joe A. Ramirez<br>Joanna R. Vilos<br>HOLLAND & HART<br>6380 South Fiddlers Green Circle<br>Suite 500<br>Greenwood Village, CO 80111<br><br>*Attorneys for Defendants HealthTech and William Patten* | _X_ U.S. Mail, Postage Prepaid<br>___ Hand Delivery<br>___ Overnight Mail<br>___ Facsimile<br>___ CM/ECF Electronic Filing |
| Tracey J. Copenhaver<br>COPENHAVER, KATH, KITCHEN & KOLPITCKE<br>224 North Clark Street<br>PO Box 839<br>Powell, WY 82435<br><br>*Attorney for Defendants Powell Hospital District No 1, Jeffrey Hansen, MD, Powell Valley Health Care, Inc.* | _X_ U.S. Mail, Postage Prepaid<br>___ Hand Delivery<br>___ Overnight Mail<br>___ Facsimile<br>___ CM/ECF Electronic Filing |

/s/ Robert A. Krause
Robert A. Krause
*Attorney for the Applicants*

6