United States District Court

For The District of Wyoming

FILED
DISTRICT OF WYOMING
U.S. DISTRICT COURT

JUL 27 2015

U.S. MAGISTRATE JUDGE

HOMELAND INSURANCE COMPANY OF NEW YORK,

Plaintiff,

vs.

POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTHCARE, INC., HEALTHTECH MANAGEMENT SERVICES, INC., JEFFREY HANSEN, M.D. and WILLIAM D. PATTEN,

Defendants.

Civil No. 15-CV-031-J

### ORDER DENYING PETITIONERS' MOTION TO INTERVENE [DOC. 20]

This matter is before the Court on Petitioner's Motion to Intervene, and the Court having carefully considered the Motion, Response, and Reply thereto, and being fully advised in the premises, FINDS:

#### BACKGROUND

The case is originally before this Court on Plaintiff's declaratory action brought pursuant to 28 U.S.C. §§ 2201 and 2202. Specifically, Plaintiff seeks a determination of its rights and obligations pursuant to insurance policies, issued by Plaintiff, regarding claims and suits brought against Defendants. The parties disagree regarding coverage for these claims and whether Plaintiff has a duty to defend and indemnify Defendants.

## PETITIONERS' MOTION TO INTERVENE

In the instant Motion, Petitioners, a group of eight Plaintiffs in lawsuits arising out of the alleged negligence of Dr. Jeffrey Hansen, Powell Valley Health Care, Inc., HealthTech Management Services, Inc., and William D. Patten, seek to intervene as Defendants in this action. Petitioners begin by requesting leave to intervene as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure arguing the application is timely; they have a legally protectable interest in the subject matter of this case; their interest may be impaired if not allowed to intervene; and the current Defendants cannot adequately represent their interests in this case.

Petitioners claim they have an interest that could be adversely affected since this action will determine if there is coverage for their underlying claims. Defendant Powell Valley Health Care, Inc. ("PVHC") claims it is a governmental entity and if so, Petitioners' claims would be limited to recovery of $1,000,000 per occurrence without insurance. If Defendant PVHC is not a governmental entity, Petitioners are concerned about the possibility of bankruptcy. Next, Petitioners argue Defendants do not adequately represent their interests since they may not have the financial resources to fully defend the action. Petitioners also contend it would be unfair to require them to put the fate of their recovery in hands of the existing Defendants due to the extreme adversarial relationship that exists between the two. Finally, Petitioners assert their interests in coverage of their individual claims are not identical to Defendants interest in seeking global coverage.

In the alternative to intervention as a matter of right, Petitioners seek permissive intervention under Rule 24(b)(1) and (b)(3). Petitioners assert the Motion is timely filed and Petitioners' claims share a common question of law and fact with the claims in the underlying action. Petitioners claim how and when Dr. Hansen provided medical treatment and when and if Defendants learned Dr. Hansen was not fit to practice medicine are common questions of law and fact likely to arise in both the malpractice suits and this action. Petitioners also argue their intervention into this action would not result in any undue delay or prejudice since the case is in its infancy, and discovery can be coordinated with the existing Defendants.

**PLAINTIFF'S RESPONSE**

Plaintiff opposes Petitioners' Motion to Intervene and requests it be denied. Plaintiff agrees timeliness is not an issue with respect to the Motion, but argues Petitioners' do not meet the requirements for intervention as of right, and that permissive intervention is not appropriate. Plaintiff points out Petitioners are not parties to the insurance policies at issue and their claims are contingent on the outcome of their malpractice suits. As a result, Plaintiff argues Petitioners have no protected interest in this action. Next, Plaintiff argues Petitioners' interests are adequately represented by the existing Defendants. Plaintiff also notes Petitioners' claim that the existing Defendants may not have the financial resources to defend the case, and that they do not trust them, are insufficient to demonstrate that Defendants' interests are adverse to or that they fail to represent the same interests as Petitioners. Plaintiff argues Petitioners' interests are identical to Defendants', who are vigorously defending the case and who have filed a counter-claim seeking a

determination that Plaintiff's policies provide coverage for the underlying malpractice claims.

Plaintiff argues there are no questions of law and fact that are common amongst the actions since the issue of insurance coverage is unrelated to the issues of fault in the malpractice suits. The controversy in this action implicates the interpretation of insurance contracts, which are typically questions of law and are not at issue in the malpractice suits. Permissive intervention is unnecessary and inappropriate since Petitioners' interests are aligned with, and adequately represented by, the existing Defendants. Plaintiff then maintains Petitioners' intervention would be burdensome since their presence in this case would only serve to complicate, delay, and increase the costs associated with this litigation. Finally, the proposed intervention would be prejudicial since Plaintiff has agreed to defend the Hospital and Dr. Hansen in some of the underlying malpractice suits and the potential release of work product contained within the claims files will have a direct impact on the ability to defend the personal injury actions.

### PETITIONERS' REPLY

In Reply, Petitioners argue the more liberal practical judgment standard utilized by the Tenth Circuit supports Petitioners' intervention and the presumption of adequate representation does not apply since Petitioners' interests are not identical to the interests of the existing Defendants. Common questions of law and fact are present since when and if the existing Defendants learned Dr. Hansen was unfit to practice medicine will permeate both cases. Finally, Petitioners argue Plaintiff has not shown how it may be prejudiced

## RULING OF THE COURT

### Intervention as of Right

The Court begins with Rule 24 of the Federal Rules of Civil Procedure as it sets forth the criteria for intervention as a matter of right. Rule 24 permits intervention as a matter of right, on a timely motion, to anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). Thus, a movant may intervene as a matter of right if all four elements are met. Specifically, the party seeking to intervene must show: (1) the motion is timely; (2) they share an interest relating to the property or transaction which is the subject of the action; (3) that interest may be impaired or impeded; and (4) the interest is not adequately represented by existing parties. *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005); *Okla. v. Tyson Foods, Inc.*, 619 F.3d 1223, 1231 (1oth Cir. 2010).

To begin, "[t]he timeliness of a motion to intervene is determined 'in light of all of the circumstances.'" *Tyson Foods, Inc.*, 619 F.3d at 1232. The timeliness of the Motion is not contested and the Court finds Petitioners' Motion to Intervene timely as the case is in its infancy and the Motion was brought without undue delay.

Petitioner is correct in that the Tenth Circuit has developed a somewhat more liberal stance in allowing intervention. *Utah Ass'n of Counties v. Clinton,* 255 F.3d 1246, 1249 (10th Cir.2001). Intervention as of right is a highly fact-specific inquiry that lacks a mechanical rule. *San Juan Cnty., Utah v. United States*, 503 F.3d 1163, 1199 (10th Cir. 2007). While it is clear the movant must have an interest that could

be adversely affected, "practical judgment must be applied in determining whether the strength of the interest and the potential risk of injury to that interest justify intervention." *Id.* Nevertheless, a failure to satisfy any one the elements necessary for intervention as a matter of right is sufficient grounds to deny the motion to intervene. *Koch v. Koch Indus., Inc.*, 6 F.Supp.2d 1185, 1188 (D. Kan. 1998). Because the Court concludes Petitioners have failed to carry the burden of showing the existing Defendants will not adequately represent Petitioners' interests, the Court denies the Motion to Intervene as a matter of right without reaching the remaining factors.

Even if Petitioners could demonstrate a protectable interest that may be impaired by the outcome of this litigation, they are not entitled to intervene if their interest is being adequately represented by an existing party. *San Juan County*, 503 F.3d at 1203. "[R]epresentation is adequate 'when the objective of the applicant for intervention is identical to that of one of the parties'". *San Juan County*, 503 F.3d at 1204. In *San Juan* a consortium of environmental groups which had long sought to restrict motorized traffic on a portion of Canyonlands National Park attempted to intervene in an action filed by San Juan County, Utah against the National Park Service to quite title in the name of the County to the Salt Creek Road. The intervenors, citing a long and contentious relationship with the National Park Service, asserted their interest would not be adequately represented by the National Park Service. They also contended that they had a focused conservation interest while the National Park Service had broader considerations to address. The *San Juan* court determined that in the context of the litigation the intervenors and the

National Park Service had aligned interests, the defense of the United States' title to the roadway.

> We recognize that [the conservation group] and the [National Park Service] have had their differences over the years regarding Salt Creek Road. But when [the conservation group] filed its application to intervene, the Federal Defendants had only a single litigation objective—namely, defending exclusive title to the road—and [conservation group] could have had no other objective regarding the quiet-tile claim. Because [the conservation group's] objective is identical to the Federal Defendant's sole objective, we presume adequate representation of [the conservation group's] interest by the Federal Defendants.

*San Juan County*, 503 F.3d at 1206.

While the burden is minimal and only requires a showing of the possibility of inadequate representation, the Tenth Circuit has recognized a general presumption that representation is adequate when the objective is identical to that of one of the parties. *Id.* at 1204; *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996 (10th Cir. 2009).

As in *San Juan*, Petitioners argue an adversarial relationship exists between them and Defendants arising from the fact that Petitioners have or will be making malpractice claims against Defendants. While it can be conceded that in the underlying claims the interest of the Petitioners and the Defendants are adversarial, that does not render their interests in this declaratory judgment action antagonistic. This action concerns the determination of coverage under insurance policies purchased by Defendants and which, if applicable and valid, will provide indemnity for Defendants on Petitioners claims. Defendants seek to have the policies declared valid and applicable to Petitioner's claims. Without such policies Defendants have potentially substantial uninsured liability to Petitioners. Petitioners also desire Defendants to have insurance coverage for their claims to enhance their ability to

obtain a recovery for any judgment they may obtain in the future. In this regard, the interest of Defendants and Petitioners are directly aligned.

Petitioners further assert their interests are not aligned in that Defendants have an interest in securing coverage in the aggregate and Petitioners seek coverage in their individual cases. This position is not supported with any factual explanation and defies logic. The case at hand is to determine if the insurance policies applied to claims arising from the actions of Dr. Jeffery Hansen. Petitioners have claims arising from the actions of Dr. Jeffery Hansen. Defendants seek coverage for all such claims, and therefore their interests and goals in this matter are the same as Petitioners.

Petitioners' assertions regarding the Defendants' status as a governmental entity are not at issue in this matter. While it is possible there may be a future interaction between the insurance policies and a determination of the Defendants' status as a governmental entity, such interaction is not relevant to the determination of the applicability of the insurance polices. In other words, this matter will determine if the insurance policies apply to the claims at issue, not how the policies will impact available damages under the Wyoming Governmental Claims Act. Both Petitioners and Defendants seek to have all recoverable claims covered by insurance and so they are in agreement as to what is sought in this declaratory judgment action.

Finally Petitioners assert that Defendants may not have the financial resources to pursue the matter. The information presented is purely speculative and unsupported in this regard. Defendants are pursuing this matter in accordance with the significant importance this matter bears to Defendants pecuniary interests. There is nothing in the record to indicate that Petitioners have superior financial

resources in which to pursue this litigation or the Defendants will not litigate this matter to its conclusion.

Petitioners argument that there is a risk the parties will settle and limit coverage under the policies is also unpersuasive since an intervener lacks the power to veto a settlement by other parties, since a party's ability to intervene does not grant the right to veto a settlement. *WildEarth Guardians v. U.S. Forest Serv.*, 778 F. Supp. 2d 1143, 1149 (D.N.M. 2011) (quoting *San Juan County.*, 503 F.3d at 1189 and *United States v. Albert Inv. Co.*, 585 F.3d 1386, 1398 (10th Cir. 2009)). Since Petitioners and the existing Defendants have the identical objective, to obtain coverage under the policies, it is presumed the representation is adequate and Petitioners have failed to make the necessary concrete showing otherwise. *Tri-State Generation & Transmission Ass'n, Inc. v. New Mexico Pub. Regulation Comm'n*, 787 F.3d 1068, 1073 (10th Cir. 2015).

**Permissive Intervention**

The Federal Rules also provide for permissive intervention on a timely motion, to anyone who "has a claim or defense that shares with the main action a common question of law or fact." FED.R.CIV.P. 24(b)(1)(B). The decision whether to grant a motion for permissive intervention is within the district court's sound discretion. *City of Stilwell v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996). In exercising its discretion on permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED.R.CIV.P. 24(b)(3).

As stated previously the Motion is timely. The Court finds Petitioners have failed to demonstrate their malpractice claims and this action share any common question of law or fact. Petitioners contend how and when Dr. Hansen provided

medical treatment and when and if the Defendants learned Dr. Hansen was not fit to practice medicine are common to both cases. While Dr. Hansen is a common element in this case and the underlying claims, that is not sufficient to satisfy this Court that intervention is appropriate. This case and the underlying claims are not similar. This suit addresses the validity and interpretation of insurance contracts. Petitioners are not a party to the insurance contracts and the merits of their malpractice suits are not contingent or affected by the outcome of this action. Further, the Court finds allowing Petitioners to intervene could prejudice the existing parties and create difficult and complex discovery issues. For example, granting intervention could result in Plaintiff being forced to respond and address duplicative requests and arguments. Petitioners and Defendants share the ultimate goal of obtaining a court order declaring coverage for the malpractice suits and would force Plaintiff to address multiple overlapping claims. Additionally, Petitioners are not the only potential claimants and granting this motion will result in additional claimants seeking intervention[1]. Discovery in insurance declaratory judgment actions will typically involve matters within the insurance underwriting and claim files which often raise issues of attorney-client privilege and work-product doctrine. While such may be properly discovered as between an insurer and an insured they raise serious concerns as to third-party claimants. These discovery issues can and often will derail the discovery process and lead to substantial delays and additional court involvement. When these can be avoided it is best to do so.

> One of the arts of litigation is keeping matters as simple as possible. We have been instructed from childhood that too many cooks spoil the broth. To oppose another cook in the kitchen is not to oppose the other cook's desire for a superb meal.

*San Juan County*, 503 F.3d at 1206

---

[1] Subsequent to the filing of the instant Motion to Intervene, an additional claimant has moved to intervene in this matter. [Doc 27]

Lastly, while the Federal Rules discussing permissive intervention do not address adequate representation by existing parties, the Tenth Circuit has affirmed denial on such grounds. *Tri-State Generation & Transmission Ass'n, Inc.*, 787 F.3d at 1075. Therefore, even if Petitioners had a claim or defense that shared a common question of law or fact with this action that did not prejudice Plaintiff, the Court finds Petitioners interests are adequately represented as stated above.

NOW, THEREFORE, IT IS ORDERED Petitioner's Motion to Intervene is hereby **DENIED**.

Dated this 27th day of July, 2015.

Mark L. Carman
U.S. Magistrate Judge