**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

HOMELAND INSURANCE COMPANY
OF NEW YORK,

          Plaintiff,

v.                                                               **CASE NO.: 15-CV-31-J**

POWELL HOSPITAL DISTRICT,
POWELL VALLEY HEALTHCARE,
INC., HEALTHTECH MANAGEMENT
SERVICES, INC., JEFFREY HANSEN,
M.D., and WILLIAM D. PATTEN,

          Defendants.

**HOMELAND INSURANCE COMPANY OF NEW YORK'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO COUNTERCLAIM OF HEALTHTECH**
**MANAGEMENT SERVICES, INC. AND WILLIAM D. PATTEN**

As and for its Answer and Affirmative Defenses to the First Amended Counterclaim of Defendants/Counterclaim Plaintiffs HealthTech Management Services, Inc. ("HTMS") and William D. Patten ("Patten"), Plaintiff/Counterclaim Defendant Homeland Insurance Company of New York ("Homeland"), incorporates by reference the allegations in its complaint for declaratory relief and denies each and every allegation set forth in the First Amended Counterclaim except as expressly admitted or otherwise pled herein, and responds to each correspondingly-numbered paragraph therein as follows:

1.     Admit.

2.      Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Counterclaim and thus denies the same.

3.      Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Counterclaim and thus denies the same.

4.      Admit, upon information and belief.

5.      Admit, upon information and belief.

6.      Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Counterclaim and thus denies the same.

7.      Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Counterclaim and thus denies the same.

8.      Admit only that Homeland has denied coverage to HealthTech and Patten for certain Underlying Claims that involve Dr. Jeffrey Hansen.   The remaining allegations are denied.

9.      Admit only that HTMS has been named as a defendant in lawsuits filed by the plaintiffs identified in Paragraph 8 of the Counterclaim.   Further answering, Homeland states that the allegations in those lawsuits speak for themselves and any allegations inconsistent therewith are denied.

10.      Admit only that Patten has been named as a defendant in lawsuits filed by the plaintiffs identified in Paragraph 10 of the Counterclaim.   Further answering, Homeland states that the allegations in those lawsuits speak for themselves and any allegations inconsistent therewith are denied.

11.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Counterclaim and thus denies the same.

12.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Counterclaim and thus denies the same.

13.     Admit only that Homeland issued the Primary and Excess policies described in its Complaint for Declaratory Relief (collectively the "Homeland Policies"). Further answering, Homeland states that the Homeland Policies are to be read as a whole and speak for themselves; denies any allegations inconsistent with the terms of the Homeland Policies; and denies any version of the facts pled in the Counterclaim inconsistent with the Homeland Policies.

14.     Admit only that HTMS is listed as an Additional Insured by Endorsement to the Homeland Primary Policy.  The remaining allegations are denied.

15.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Counterclaim and thus denies the same.

16.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Counterclaim and thus denies the same.

17.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Counterclaim and thus denies the same.

18.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Counterclaim and thus denies the same.

19.     Admit only the allegations with respect to Homeland.  Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.

20.     Admit only the allegations with respect to Homeland.  Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.

21.     Admit only the allegations with respect to Homeland.  Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.

22.     Admit only the allegations with respect to Homeland.  Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.

23.     Admit only the allegations with respect to Homeland.  Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.

24.     Admit only the allegations with respect to Homeland.  Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.

25.     Admit only the allegations with respect to Homeland.  Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.

26.     Admit only the allegations with respect to Homeland.  Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.

27.     Admit only the allegations with respect to Homeland.  Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.

28.     Admit.

29.     Admit.

30.     Admit only that the Harris and DuRose civil complaints were filed in court on August 6, 2012 and September 20, 2013 respectively and that neither HTMS nor Patten were named as defendants in those lawsuits.

31.     Admit only that in denying coverage to HTMS and Patten, Homeland relied upon exclusions D(1) and (D)(2).  The remaining allegations are denied.

32.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Counterclaim and thus denies the same.

33.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Counterclaim and thus denies the same.

34.     Admit.

35.     Deny.

36.     Admit only that in denying coverage to HTMS and Patten for the Underlying Claims, Homeland relied upon the Additional Insured Endorsement.  The remaining allegations are denied.

37.   Admit only that Homeland issued the Homeland Policies.   Further answering, Homeland states that the Homeland Policies are to be read as a whole and speak for themselves; denies any allegations inconsistent with the terms of the Homeland Policies; and denies any version of the facts pled in the Counterclaim inconsistent with the determination that the Underlying Claims are not covered by the Homeland Policies.

38.   Homeland admits only the existence of the complaints in the underlying actions.   Further answering, Homeland states that those complaints are written documents, which are the best evidence of their terms and speak for themselves, and any allegations inconsistent therewith are denied.

39.   Deny.

40.   Homeland admits only the existence of the Stambaugh complaint number 27758.   Further answering, Homeland states that the allegations of Paragraph 40 paraphrase a written document, which is the best evidence of its terms and speaks for itself, and any allegations inconsistent therewith are denied.

41.   Deny.

42.   Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Counterclaim and thus denies the same.

43.   Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Counterclaim and thus denies the same.

44.   Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Counterclaim and thus denies the same.

45.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Counterclaim and thus denies the same.

46.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Counterclaim and thus denies the same.

47.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Counterclaim and thus denies the same.

48.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Counterclaim and thus denies the same.

49.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Counterclaim and thus denies the same.

50.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Counterclaim and thus denies the same.

51.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Counterclaim and thus denies the same.

52.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Counterclaim and thus denies the same.

53.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Counterclaim and thus denies the same.

54.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Counterclaim and thus denies the same.

55.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Counterclaim and thus denies the same.

56.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Counterclaim and thus denies the same.

57.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Counterclaim and thus denies the same.

58.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Counterclaim and thus denies the same.

59.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Counterclaim and thus denies the same.

60.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Counterclaim and thus denies the same.

61.     Admit only that Homeland has denied coverage for certain Underlying Claims in part because certain Underlying Claims, the DuRose Claim and the Harris Claim are "Related Claims" within the meaning of the Homeland Policies, which Related Claims are deemed a single claim made before the August 1, 2013 inception date of the Homeland Policies.  The remaining allegations are denied.

62.     Admit only that allegations regarding the credentialing of Dr. Hansen were made in claims first made prior to the inception date of the Homeland Policies. The remaining allegations are denied.

63.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Counterclaim and thus denies the same.

64.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of the Counterclaim and thus denies the same.

65.     Admit only that a controversy exists between HTMS, Patten and Homeland regarding coverage for the Underlying Claims.

**Claim I**
**Breach of Contract**

66.     Homeland restates the allegations contained in Paragraphs 1 through 65 herein.

67.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.  With regard to the allegations against Homeland, admit only that Homeland issued the Homeland Policies. The remaining allegations are denied.  Further answering, Homeland states that the Homeland Policies are to be read as a whole and speak for themselves; denies any allegations inconsistent with the terms of the Homeland Policies; and denies any version of the facts pled in the Counterclaim inconsistent with the determination that the Underlying Claims are not covered by the Homeland Policies.

68.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.  With regard to the allegations against Homeland, admit only that HTMS is listed as an Additional Insured by Endorsement to the Homeland Primary Policy, and that any coverage as an Additional Insured is limited by the terms of that Endorsement.  The remaining allegations are denied.

69.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.  With regard to the allegations against Homeland, deny.

70.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.  With regard to the allegations against Homeland, deny.

71.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.  With regard to the allegations against Homeland, deny.

72.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.  With regard to the allegations against Homeland, deny.

73.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.  With regard to the allegations against Homeland, deny.

74.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.  With regard to the allegations against Homeland, deny.

75.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.  With regard to the allegations against Homeland, deny.

## Claim II
## Bad Faith – Breach of Insurance Contract

76.     Homeland restates the allegations contained in Paragraphs 1 through 75 herein.

77.     Paragraph 77 of the Counterclaim states a legal conclusion for which no response is required.  To the extent a response is required, the allegations are denied.

78.     Paragraph 78 of the Counterclaim states a legal conclusion for which no response is required.  To the extent a response is required, the allegations are denied.

79.     Paragraph 79 of the Counterclaim states a legal conclusion for which no response is required.  To the extent a response is required, the allegations are denied.

80.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.  With regard to the allegations against Homeland, deny.  Further answering, Homeland states it made its coverage decision in good faith and has acted reasonably.

81.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.  With regard to the allegations against Homeland, deny.  Further answering, Homeland states it made its coverage decision in good faith and has acted reasonably.

82.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.  With regard to the allegations against Homeland, deny that Homeland has any obligation to settle the underlying malpractice claims regardless of the amounts of the demands as the

underlying malpractice claims are not covered by the Homeland Policies and that by this action Homeland has sought a judicial declaration of its rights and obligations under the Homeland Policies with regard to the Underlying Claims.

83.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.  With regard to the allegations against Homeland, deny that Homeland has any obligation to settle the underlying malpractice claims regardless of the amounts of the demands as the underlying malpractice claims are not covered by the Homeland Policies and that by this action Homeland has sought a judicial declaration of its rights and obligations under the Homeland Policies with regard to the Underlying Claims.  Further answering, Homeland states that it made its coverage decision in good faith and has acted reasonably.

84.     Deny.  Further answering, Homeland states it made its coverage decision in good faith and has acted reasonably.

**Claim III**
**Attorney Fees and Pre-Judgment Interest**

85.     Homeland restates the allegations contained in Paragraphs 1 through 84 herein.

86.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.  With regard to the allegations against Homeland, deny.

87.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.  With regard to the

allegations against Homeland, admit that Homeland has denied coverage to HTMS and Patten for the Underlying Claims.

88.     Homeland lacks knowledge or information sufficient to form a belief about the truth of the allegations against UMIA and thus denies the same.  With regard to the allegations against Homeland, deny.  Further answering, Homeland states it made its coverage decision in good faith and has acted reasonably.

89.     Deny.  Further answering, Homeland states it made its coverage decision in good faith and has acted reasonably.

### Claim IV
### Declaratory Judgment

90.     Homeland restates the allegations contained in Paragraphs 1 through 89 herein.

91.     Admit that a controversy exists between HTMS, Patten and Homeland regarding coverage for the Underlying Claims.  The remaining allegations are denied.

92.     Paragraph 92 of the Counterclaim states a legal conclusion and/or a description of the relief requested for which no response is required.  To the extent a response is required, the allegations are denied.

### AFFIRMATIVE DEFENSES

1.     Counterclaim Plaintiffs have failed to state a claim upon which relief may be granted.

2.     Counterclaim Plaintiffs' claims may be barred, in whole or in part, based on the principles of the "known loss" doctrine or similar principles.

3.     Plaintiffs' claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands and/or laches.

4.     Counterclaim Plaintiffs' claims are barred, limited or precluded or in any event, any possible relief is limited by the provisions and terms of the Homeland Policies.

5.     Counterclaim Plaintiffs are not entitled, under the Homeland policies, or in law, or in equity, to recover from Homeland its costs, expenses and attorney's fees in this action.

6.     Counterclaim Plaintiffs' bad faith claims are barred because Homeland made its coverage decision in good faith and has acted reasonably.

7.     Homeland has reserved and continues to reserve all rights and defenses that may be available under its policies or applicable law.

8.     Homeland may have additional defenses that cannot be currently articulated, and, therefore, Homeland reserves the right to amend its Answer to this Counterclaim to assert additional affirmative defenses.

WHEREFORE, Homeland respectfully prays for judgment in its favor and against Counterclaim Plaintiffs as follows:

1.     Dismissing with prejudice all of Counterclaim Plaintiffs' claims against Homeland;

2.     Awarding Homeland its costs, disbursements, and reasonable attorney's fees incurred in this matter; and

3     For such other just and equitable relief as the Court deems appropriate.

14

Dated:  August 10, 2015            s/Tiffany M. Brown
                                   Charles E. Spevacek (MN #126044)
                                   *Admitted Pro Hac Vice*
                                   cspevacek@meagher.com
                                   Tiffany M. Brown (MN #302272)
                                   *Admitted Pro Hac Vice*
                                   tbrown@meagher.com
                                   MEAGHER & GEER, PLLP
                                   33 South Sixth Street, #4400
                                   Minneapolis MN 54502
                                   (612) 338-0661 (Office)
                                   (612) 338-8384 (Fax)


                                   Judith Studer (5-2174)
                                   SCHWARTZ BON WALKER & STUDER, LLC
                                   141 South Center Street, Suite 500
                                   Casper WY 82601
                                   (307) 235-6681 (Office)
                                   (307) 234-5099 (Fax)

                                   **Counsel for Plaintiff/Counterclaim Defendant
                                   Homeland Insurance Company of New York**

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2015, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to all CM/ECF participants.


s/Tiffany M. Brown


10463275.1