Tracy J. Copenhaver
COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
Telephone (307) 754-2276
Fax (307) 754-4744
Email tracy@ckattorneys.net

Attorney for Powell Valley Health Care, Inc.,
Powell Hospital District, and Dr. Jeffrey Hansen

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

_____

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTH CARE, INC., HEALTHTECH MANAGEMENT SERVICES, INC., JEFFREY HANSEN, M.D., and WILLIAM D. PATTEN, | ) ) ) ) ) ) |
| Defendants. | ) ) |
| and | ) ) |
| HEALTHTECH MANAGEMENT SERVICES, INC. and BILL PATTEN, | ) ) ) |
| Counterclaimants | ) ) |
| vs. | ) ) |
| UMIA INSURANCE, INC. and LEXINGTON INSURANCE COMPANY, | ) ) ) |
| Counterclaim-Defendants | ) ) |

Case No. 15-CV-31-J

|  |  |
|---|---|
| and | ) |
|  | ) |
| POWELL HOSPITAL DISTRICT, | ) |
| POWELL VALLEY HEALTH CARE, | ) |
| INC., and JEFFREY HANSEN, M.D., | ) |
|  | ) |
|     Cross-Claimants, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| UMIA INSURANCE, INC., and | ) |
| LEXINGTON INSURANCE COMPANY, | ) |
|  | ) |
|  | ) |
|     Crossclaim-Defendants. | ) |

_____

**DEFENDANT POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTH CARE, INC., and JEFFREY HANSEN, M.D.'S CROSS CLAIM AGAINST COUNTERCLAIM DEFENDANTS UMIA INSURANCE, INC. AND LEXINGTON INSURANCE COMPANY**

The Defendants Powell Hospital District (PHD), Powell Valley Health Care, Inc. (PVHC) and Jeffrey Hansen, M.D. (Hansen), by and through their counsel, Tracy J. Copenhaver of Copenhaver, Kath, Kitchen & Kolpitcke, LLC, hereby submit their cross claim against UMIA Insurance, Incorporated (UMIA) and Lexington Insurance Company (Lexington), and state as follows:

**CROSS CLAIM AGAINST UMIA AND LEXINGTON**

<u>Background:</u>

    1.  UMIA is an insurance company incorporated in Oregon, with its principal place of business in Utah.

2. Lexington is an insurance company incorporated in Delaware, with its principal place of business in Massachusetts.

3. PHD is a hospital district organized and existing under the laws of the State of Wyoming, with its principal place of business in Park County, Wyoming. PVHC is a Wyoming corporation with its principal place of business in Powell, Wyoming. Jeffrey Hansen, M.D., at all times relevant hereto was a resident of Park County, Wyoming, and currently resides in Montana.

Underlying Litigation:

4. This Cross claim filed by PHD, PVHC and Hansen against UMIA arises out of the denial of coverage to PVHC and Hansen in connection with alleged medical malpractice by Hansen while Hansen was employed by PVHC, as more specifically set forth in the Complaint filed by Anthony DiPilla in Civil Action No. 27947, Fifth Judicial District, Park County, Wyoming (DiPilla litigation).

5. The Cross claim filed by PHD, PVHC and Hansen against Lexington is limited to a request for declaratory judgment that arises from the insurance claims filed by six of the plaintiffs in the underlying claims, being Johnson, Oliver, Snell, Sommerville, Stambaugh and Wilson (six claimants) who have sued the PHD, PVHC and Hansen defendants.

Insurance Policies, Tender and Denials:

6. In August 2012, Lexington issued policies numbered 6793042 and 6793044 (the Lexington policies) to PVHC effective from August 1, 2012 to August 1, 2013. The Lexington policies include coverage for professional liability.

7. PHD, PVHC and Hansen are insured under the Lexington policies.

8. In August 2013, Homeland issued policies numbered MPP-5514-13 and MPX-3502-13 (the Homeland policies) to PHD and PVHC effective from August 1, 2013 to August 1, 2014. The Homeland policies include coverage for professional liability.

9. PHD, PVHC and Hansen are insureds under the Homeland policies.

10. In August 2014, UMIA issued policy no. WY920017 (the UMIA policy) to PHD and PVHC effective from August 1, 2014 to August 1, 2015. The UMIA policy includes professional liability coverage and excess coverage.

11. PHD, PVHC and Hansen are insureds under the UMIA policy.

12. There was no gap in coverage between the expiration of the Lexington policies and the inception of the Homeland policies.

13. There was no gap in coverage between the expiration of the Homeland policies and the inception of the UMIA policy.

14. On December 29, 2014 the DiPilla claim against PVHC and Hansen was tendered to UMIA and by letters dated February 10, 2015 and February 23, 2015, UMIA denied coverage under the UMIA policy.

UMIA Claim Denial:

15. By letters dated February 10, 2015 and February 23, 2015, UMIA notified PVHC that it was denying coverage with regard to the DiPilla claim. UMIA asserted as a basis for the denial of coverage, that a request for records by a law firm constituted notice of a claim prior to the inception of the UMIA policy year and asserted that PVHC was aware of the existence of a potential claim as of the date the policy was issued (August 11, 2014). UMIA asserts that DiPilla's claim against PVHC was therefore not first made and reported during the policy period or reporting period and is not subject to coverage under Coverage

A or C under the policy.  UMIA has no basis for its assertion other than that a medical records request was made.  The actual notice of claim was not delivered to PHD, PVHC or Hansen until December 29, 2014.

16.  A request for records by an attorney does not constitute notice of a claim nor was it foreseeable merely by the fact that a request for records had been made that a claim would actually be filed.  Nothing about the request for records triggered an obligation to notify UMIA of the DiPilla claim prior to August 1, 2014.

17.  Defendants PHD, PVHC and Hansen first became aware of a potential claim by DiPilla when they filed their notice of governmental claim on or about December 29, 2014 and UMIA was notified shortly thereafter, on or about December 29, 2014.

18.  By letter dated February 13, 2015, Defendants PHD, PVHC and Hansen responded to UMIA (through counsel), notifying them that merely because a request for medical records had been made, this did not constitute notice of a claim and disputing the denial of coverage.

## LEXINGTON'S INVOLVEMENT

19.  Plaintiffs Aaron L. Harris and Glenda P. Harris, and Austin DuRose filed complaints on August 6, 2012 and September 20, 2013, respectively, against PVHC and Hansen.  These claims were defended and indemnification was provided by Lexington.  As its basis for denial, Homeland alleged that claims asserted by Harris and DuRose against PVHC prior to the inception of the Homeland policies constitute related claims and therefore the claims of the six claimants  (six claimants) tendered to it by PHD, PVHC and Hansen were not first made during Homeland's policy period.

20.  PVHC provided timely notice of the Harris and DuRose claims to Lexington.

21.  Lexington accepted the Harris and DuRose claims and provided a defense to PVHC and Hansen.

22.  Homeland has denied coverage for the claims of the six claimants, alleging that those insurance claims are related to the Harris and DuRose claims.

23.  Homeland alleges that claims for negligence in credentialing, hiring, supervising, monitoring, reviewing, training and extending privileges to Hansen were first made during the Lexington policy.

24.  PHD, PVHC and Hansen have tendered the claims of the six claimants to Lexington.

25.  Lexington has denied coverage to PHD, PVHC and Hansen, asserting that the insurance claims were not made within its claim reporting period.

26.  PHD, PVHC and Hansen disagree with Homeland's assertions, however, a controversy exists as to whether Homeland or Lexington, or both, should provide coverage for the claims of the six claimants; therefore, PHD, PVHC and Hansen seek a declaratory judgment from the Court regarding their rights under the Homeland and Lexington policies.

## CLAIM I.  BREACH OF CONTRACT - UMIA

27. PVHC and Hansen incorporate their answers and allegations from the foregoing paragraphs of this pleading.

28.  As described above, UMIA entered into a binding written agreement to provide professional liability insurance and excess liability insurance to PVHC and Hansen as insureds under the UMIA policies.

29. UMIA has a duty to defend PVHC and Hansen and provide indemnity against damages pursuant to the terms of the primary and/or excess policies (UMIA policies).

30. PVHC fully performed its obligation under the policies by paying premiums in full and on a timely basis, and PVHC and Hansen have satisfied any conditions precedent to coverage under the policies, including submission of timely notices.

31. UMIA has materially breached the insurance policy by refusing to perform its contractual obligation.

32. Specifically, UMIA has breached its contractual obligation by:

    a.    refusing to defend PVHC and Hansen;

    b.    refusing to reimburse PVHC and Hansen for fees and expenses incurred; and

    c.    refusing to pay for defense counsel;

    d.    by denying coverage, and refusing to pay any indemnity that may be determined to be owed.

33. UMIA's refusal to perform is not excused or justified in any manner.

34. UMIA has also breached its duty to act in good faith and fair dealing with PVHC and Hansen.

35. As a result of UMIA's breaches of its respective insurance policies, PVHC and Hansen have been damaged and are entitled to recover damages from UMIA in an amount to be determined at trial.

41. UMIA's unreasonable acts and bad faith misconduct have caused damages to PHD, PVHC and Hansen in an amount to be determined at trial.

### CLAIM II: ATTORNEY FEES AND PRE-JUDGMENT INTEREST

42. PVHC and Hansen incorporate their previous allegations as set forth in the foregoing paragraphs of this pleading.

43. As described above, UMIA was obligated to defend PVHC and Hansen as insureds under the UMIA insurance policies for the DiPilla claim.

44. UMIA has denied coverage to PVHC and Hansen as explained above.

45. UMIA's denial of coverage is unreasonable.

46. Pursuant to W.S. §2-15-124(c), PHD, PVHC and Hansen are entitled to an award of reasonable attorney fees and interest at ten percent (10%) per year.

### CLAIM III: DECLARATORY JUDGMENT - UMIA AND LEXINGTON

47. PHD, PVHC and Hansen incorporate their prior allegations as set forth in the foregoing paragraphs of this pleading.

48. There is an existing controversy between PVHC and Hansen on the one hand, and UMIA on the other hand concerning the duty of UMIA to defend, provide indemnity and fulfill other obligations under the insurance policies regarding the DiPilla claim.

49. There is an existing controversy between PHD, PVHC and Hansen on the one hand and Lexington on the other concerning Lexington's duty to defend, indemnify and fulfill other obligations under the Lexington policies as it relates to the claims of the six claimants.

50. Pursuant to Fed.R.Civ.P. 57 and the Declaratory Judgment Act, 28 U.S.C. §2201, PHD, PVHC and Hansen request that the Court declare the duties and obligations

of UMIA and Lexington under their insurance policies. Specifically, PHD, PVHC and Hansen ask the Court to declare:

> a. PHD, PVHC and Hansen are entitled to a defense from UMIA as to the DiPilla litigation and from Lexington as to the claims of the six claimants, should the counterclaim of PHD, PVHC and Hansen against Homeland be denied;
>
> b. that PHD, PVHC and Hansen are entitled to be indemnified by UMIA as to the DiPilla claim and by Lexington should the counterclaim of PHD, PVHC and Hansen against Homeland be denied as to the claims of the six claimants for any damages awarded in the underlying litigation;
>
> c. that none of the provisions in the insurance policies exclude insurance coverage for PHD, PVHC or Hansen relating to the claim against UMIA arising out of the DiPilla litigation and should the counterclaim against Homeland be denied, that the claim against Lexington arising out of the claims of the six claimants is covered by the Lexington policy;
>
> d. that UMIA and Lexington must reimburse PHD, PVHC and Hansen for the legal expenses, costs and fees they incur in defending or settling the insurance claims.

## PRAYER FOR RELIEF

WHEREFORE, PHD, PVHC and Hansen seek judgment against UMIA and/or Lexington for:

- declaratory relief as specified above;

- actual compensatory and consequential damages in an amount to be proven at trial;

- all statutory damages available per statute in an amount to be determined at trial;

- pre-judgment and post-judgment interest as allowed by law;

- costs for pursuing the lawsuit, including attorney fees as allowed by law; and

- any and all other relief the Court deems proper.

## DEMAND FOR JURY TRIAL

PHD, PVHC and Hansen demand a trial by jury on all claims so triable.

DATED this 18th day of October, 2015.

/s/ *Tracy J. Copenhaver*
TRACY J. COPENHAVER, State Bar #5-2063
COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
P.O. Box 839, Powell, WY 82435
307-754-2276
tracy@ckattorneys.net
Attorney for Powell Hospital District, Powell Valley Health Care, Inc., & Jeffrey Hansen, M.D.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing Cross claim against Counterclaim Defendants UMIA Insurance, Inc. and Lexington Insurance Company, was served via CM/ECF mail notification to the following, this 18th day of October, 2015:

Judith Studer
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY 82601
jstuder@schwartzbon.com

Joanna R. Vilos
Holland & Hart, LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003
jvilos@hollandhart.com

Jose A. Ramirez
Holland & Hart
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003
jramirez@hollandhart.com

Julie Nye Tiedeken
McKellar, Tiedeken & Scoggin, LLC
702 Randall Avenue
Cheyenne, WY 82001
jtiedeken@mtslegal.net

Jon F. Sands
Sweetbaum, Sands, Anderson PC
1125 17th Street, #2100
Denver, CO 80202
jsands@sweetbaumsands.com

Deborah M. Kellam
Hall & Evans, LLC
2015 Central Avenue, Suite C
Cheyenne, WY 82001
kellamd@hallevans.com

Charles E. Spevacek
Tiffany M. Brown
Meagher & Geer, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
cspevacek@meagher.com
tbrown@meagher.com

Catherine A. Naltas and R. Jeff Carlisle
Lynberg & Watkins
888 S. Figueroa Street, 16th Floor
Los Angeles, CA 90017
cnaltsas@lynberg.com
jcarlisle@lynberg.com

        /s/  Tracy J. Copenhaver
        COPENHAVER,   KATH,   KITCHEN   &
        KOLPITCKE, LLC