R. Jeff Carlisle, Esq. (California State Bar 76009)
Catherine A. Naltsas, Esq. (California State Bar 262259)
Farah Naz A. Namvar, Esq. (California State Bar 291765)
LYNBERG & WATKINS, APC
888 South Figueroa Street, 16th Floor
Los Angeles, California 90012
T:  213-624-8700
F:  213-892-2763
jcarlisle@lynberg.com
cnaltsas@lynberg.com
fnamvar@lynberg.com

Deborah M. Kellam | Special Counsel
HALL & EVANS, LLC
2015 Central Avenue, Suite C
Cheyenne, Wyoming 82001
T:  307-514-2567
F:  307-514-2568
kellamd@hallevans.com

Attorneys for Crossclaim-Defendant,
LEXINGTON INSURANCE COMPANY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTHCARE, INC., HEALTHTECH MANAGEMENT SERVICES, INC., JEFFREY HANSEN, M.D., and WILLIAM D. PATTEN, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| AND | ) ) ) |

Civil Action No. 15CV31-J

**CROSSCLAIM DEFENDANT LEXINGTON INSURANCE COMPANY'S ANSWER AND DEFENSES TO POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTHCARE, INC., AND JEFFREY HANSEN, M.D.'S CROSS CLAIM AGAINST UMIA INSURANCE, INC. AND LEXINGTON INSURANCE COMPANY**

| | |
|---|---|
| HEALTHTECH MANAGEMENT SERVICES, INC. and WILLIAM D. PATTEN, | ) ) ) ) |
| Counterclaimants | ) ) |
| v. | ) ) |
| UMIA INSURANCE, INC., and LEXINGTON INSURANCE COMPANY, | ) ) ) |
| Counterclaim-Defendants. | ) ) |
| AND | ) ) |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTHCARE, INC., and JEFFREY HANSEN, M.D., | ) ) ) ) |
| Cross-Claimants, | ) ) |
| v. | ) ) |
| UMIA INSURANCE, INC., and LEXINGTON INSURANCE COMPANY, | ) ) ) |
| Crossclaim-Defendants. | ) |

COME NOW, Crossclaim Defendant Lexington Insurance Company ("Lexington" and/or "Crossclaim Defendant"), by and through its counsel and for its Answer to the Cross Claim filed by Powell Hospital District ("PHD"), Powell Valley Healthcare, Inc. ("PVHC"), and Jeffrey Hansen, M.D. ("Hansen") ("Cross Claim"), Answer as follows:

## CROSS CLAIM AGAINST UMIA AND LEXINGTON

**Background:**

1.  Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

2.  Admit.

3.  Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

**Underlying Litigation**:

4.  Crossclaim Defendant admits the underlying litigation addresses certain insurance coverage issues, but denies any remaining allegations in paragraph 4.

5.  Crossclaim Defendant admits the underlying litigation addresses certain insurance coverage issues, but denies any remaining allegations in paragraph 5.

**Insurance Policies, Tender, and Denials**:

6.  Crossclaim Defendant admits that Lexington Insurance Company ("Lexington") issued policy nos. 6793042 (8/1/12 to 8/1/13) and 6793044 (8/1/12 to 8/1/13) ("Subject Lexington Policies") to PVHC.  Lexington Policy No. 6793042, effective August 1, 2012 to August 1, 2013, is a Healthcare Professional Liability – Claims Made and Healthcare General Liability – Occurrence policy, the terms of which speak for themselves.  Lexington Policy No. 6793044, effective August 1, 2012 to August 1, 2013, is an Excess Healthcare Professional Liability – Claims Made and Healthcare Umbrella Liability – Occurrence policy, the terms of which speak for themselves.

7. Crossclaim Defendant admits that Lexington issued the Subject Lexington Policies to PVHC, and with respect to who is an insured and the insured status, the terms speak for themselves.  Lexington Policy No. 6793042, effective August 1, 2012 to August 1, 2013 is a Healthcare Professional Liability – Claims Made and Healthcare General Liability – Occurrence policy, the terms of which speak for themselves.  Lexington Policy No. 6793044, effective August 1, 2012 to August 1, 2013, is an Excess Healthcare Professional Liability – Claims Made and Healthcare Umbrella Liability – Occurrence policy, the terms of which speak for themselves.

8. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

9. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

10. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

11. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

12. Crossclaim Defendant admits that Lexington issued policy no. 6793042 for the policy term of (8/1/12 to 8/1/13); and policy no. 6793044 for the policy term of (8/1/12 to 8/1/13).  Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of the remainder of the allegation and it is therefore denied.

13. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

14. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

**UMIA's Claim Denial**:

15. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

16. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

17. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

18. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

## LEXINGTON'S INVOLVEMENT

19. Crossclaim Defendant admits that it agreed to defend PVHC and Hansen in the *Harris* and *DuRose* claims subject to a full reservation of rights. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of the remainder of the allegation and it is therefore denied.

20. Admit.

21. Crossclaim Defendant admits that it agreed to defend PVHC and Hansen in the *Harris* and *DuRose* claims subject to a full reservation of rights.

22. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

23. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

24. Admit.

25. Crossclaim defendant admits that Lexington has denied coverage to PHD, PVHC and Hansen, asserting that, among other things, the insurance claims were not made during the policy period, the claim reporting period, or any extended reporting period.

26. Crossclaim Defendant admits that PHD, PVHC, and Hansen seek a Declaratory Judgment regarding their rights under the Homeland, UMIA, and Lexington policies, however is without sufficient knowledge or information from which to ascertain the truth of the remainder of the allegation and therefore, the remainder of the allegation is denied.

## CLAIM I: BREACH OF CONTRACT – UMIA

27. This paragraph contains no new allegations and therefore cannot be admitted or denied.

28. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

29. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

30. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

31. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

32. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

33. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

34. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

35. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.[1]

41. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

### CLAIM II: ATTORNEY FEES AND PRE-JUDGMENT INTEREST

42. This paragraph contains no new allegations and therefore cannot be admitted or denied.

43. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

44. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

45. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

46. Crossclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

---

[1] The Cross Claim skips from Paragraph 35 to 41. Crossclaim Defendant's Answer follows this numbering scheme accordingly.

## CLAIM III: DECLARATORY JUDGMENT – UMIA AND LEXINGTON

47. This paragraph contains no new allegations and therefore cannot be admitted or denied.

48. Crossclaim Defendant admits there exists a controversy between PHD, PVHC, and Hansen on the one hand, and Homeland, UMIA, and Lexington on the other hand concerning the insurers' duty to defend, indemnify, and fulfill other obligations. Crossclaim Defendant denies Cross-Claimants are entitled to any relief from Lexington.

49. Crossclaim Defendant admits there exists a controversy between PHD, PVHC, and Hansen on the one hand, and Homeland, UMIA, and Lexington on the other hand concerning the insurers' duty to defend, indemnify, and fulfill other obligations. Crossclaim Defendant denies Cross-Claimants are entitled to any relief from Lexington.

50. Crossclaim Defendant denies the allegations contained in paragraph 50 subparts, a, b, c, and d, and requests the Court declare the duties and obligations of Homeland, UMIA, and Lexington and further declare that Lexington has fulfilled its duties under the Subject Lexington Policies.

51. Crossclaim Defendant denies that PHD, PVHC and/or Hansen are entitled to any relief they pray for in their Prayer for Relief. Further, Crossclaim Defendant requests the Court grant Lexington any relief permitted pursuant to the applicable code sections and/or law.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Cross-claimants' request for relief is barred by the doctrine of waiver.

### SECOND AFFIRMATIVE DEFENSE

2. Cross-claimants' request for relief is barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

3. Cross-claimants' request for relief is barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

4. Cross-claimants' request for relief fails to state a claim upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

5. To the extent that Cross-claimants are not insureds under any Lexington policy of insurance, there is no coverage for Cross-claimants under any Lexington policy of insurance.

### SIXTH AFFIRMATIVE DEFENSE

6. The law presumes that a written instrument, as written, correctly expresses the intent of the parties to the contract. Lexington issued policy no. 6793042 (8/1/12 to 8/1/13) and policy no. 6793044 (8/1/12 to 8/1/13) ("Subject Lexington Policies") that are the subject of this litigation. As written instruments, the law presumes the terms of the Subject Lexington Policies, as written, correctly express the intent of the parties to the contract.

### SEVENTH AFFIRMATIVE DEFENSE

7. The Subject Lexington Policies require that a "claim" be "first made" during the policy period or an extended reporting period. (Lexington Primary Policy, Professional Liability

Coverage Part, Section I.; Lexington Excess Policy, Professional Liability Coverage Part, Section I.)  The Professional Liability Coverage Part of Lexington Primary Policy provides in relevant part as follows:

> **We** will pay those sums that **you** become legally obligated to pay others as damages resulting from a **medical incident** arising out of **professional services** provided by any **Insured**.  The amount **we** will pay for damages is limited as described in Section IV., Limits of Insurance.  The **medical incident** must take place on or after the retroactive date and before the end of the **policy period**.  A **claim** for a **medical incident** must be first made against an **Insured** during the **policy period** or the extended reporting period, if applicable . . . .

 (Lexington Primary Policy, Professional Liability Coverage Part, Section I.).  A "claim" is a "written demand against an insured for monetary damages, including a **suit**."  (*Id.*, General Policy Provisions and Conditions, Section I.E.)  A "suit" is defined in part as a "civil action in which damages are alleged because of an **occurrence**, **claim**, **medical incident**, **bodily injury**, **property damage**, **personal injury** or **advertising injury** to which this insurance applies."  (*Id.*, Section I.X.)

To the extent a claim was not "first made" during the policy period and/or during an extended reporting period of the Subject Lexington Policies, there is no coverage for said claim.

## EIGHTH AFFIRMATIVE DEFENSE

8. To the extent the insured (s) failed to purchase an Optional Extended Reporting Period Endorsement, Cross-claimants claims were not first made during the Subject Lexington Policy's period and/or during an extended reporting period of the Subject Lexington Policies, there is no coverage for said claim.

## NINTH AFFIRMATIVE DEFENSE

9. To the extent the insured(s) failed to provide notice of any claim during the Subject Lexington Policies' policy period or extended reporting period, there is no coverage for said claim.

## TENTH AFFIRMATIVE DEFENSE

10. The Subject Lexington Policies' policy language provides:

All **claims** arising from one **medical incident** or a series of related **medical incidents** to any one **patient** shall be treated and shall be deemed to have occurred at the time of the first **medical incident** regardless of the number of claimants, or the number or **Insureds** against whom such **claims** are made. (Lexington Primary Policy, Professional Liability Coverage Part, Section IV.D.).

Accordingly, in order for any claim to be "related" pursuant to the Subject Lexington Policies' policy language, said claims must involve one patient.

## ELEVENTH AFFIRMATIVE DEFENSE

11. The Subject Lexington Policies' policy language is unambiguous. **TWELFTH AFFIRMATIVE DEFENSE**

12. Estoppel may not be employed to expand coverage not otherwise provided in an insurance contract.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. No determination of Lexington's liability if any, can be made until the liability of other insurers is determined and allocated, and Lexington's liability, if any, is subject to proper allocation to other insured, self-insured and uninsured periods.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. To the extent that the insured(s) made any voluntary payments or reached any settlement agreements, or incurred any other expenses, without the prior consent of Lexington, coverage may be barred under the alleged policies.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. To the extent that the insured(s) released, settled, entered into an accord and satisfaction or otherwise compromised their claims herein, said claims may be barred by operation of law.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. To the extent that the insured(s) seeks coverage for claims during time periods outside of the Subject Lexington Policies, such claims may be barred.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. To the extent any insurance underlying any of the Subject Lexington Policies was issued by an insurance carrier that is now or in the future becomes insolvent, the Subject Lexington Policies do not drop down to provide coverage at a lower level than stated in the Subject Lexington Policies limits of liability.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. To the extent any insurance underlying any of the Subject Lexington Policies were issued by an insurance carrier that has now or in the future settles with the insured(s) such policies do not drop down to provide coverage at a lower level than stated in the Subject Lexington Policies' limits of liability.

## NINETEENTH AFFIRMATIVE DEFENSE

19. To the extent the insured has failed to perform any of the conditions set forth in the Subject Lexington Policies, coverage is unavailable to the insured(s).

## TWENTIETH AFFIRMATIVE DEFENSE

20. To the extent any claim falls under the Subject Lexington Policies' Exclusions, coverage is unavailable to the insured(s).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. There is no coverage for any claim brought by a "patient" under the Subject Lexington Policies' General Liability Coverage Part, Since Exclusion O does not apply to any "occurrence," "claim" or "suit" arising out of: "Any **bodily injury** sustained by a **patient** of any **Insured** and any **claims** or **suits** by spouse, child, parent, grandparent, brother or sister of such patient arising out of such **bodily injury**." (General Liability Coverage Part, Section III.O.) A "patient" is defined as "a person seeking or receiving, either on an inpatient, outpatient or emergency basis, any form of medical, surgical, dental or nursing care or any service or treatment." (General Policy Provisions and Conditions, Section I.Q.)

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. To the extent the Cross-claimants have failed to join a necessary party, Cross-claimants may not be entitled to relief from Lexington.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. To the extent there existed a bona fide dispute with respect to coverage under the Subject Lexington Policies, and Lexington's denial of coverage was reasonable and based upon the Subject Lexington Policies' policy language, Cross-claimants are not entitled to relief.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. To the extent Cross-claimants failed to mitigate any damages allegedly sustained, Cross-claimants are not entitled to relief. Damages actually sustained by the Cross-claimants, if any, should be reduced proportionally for the failure to mitigate such losses.

## DEMAND FOR JURY TRIAL

Cross-claim Defendant Lexington hereby demands a trial by jury on all issues so triable.

Dated: November 9, 2015

*/s/ R. Jeff Carlisle, Esq.*
R. Jeff Carlisle, Esq.
Catherine A. Naltsas, Esq.
Farah Naz A. Namvar, Esq.
LYNBERG & WATKINS, APC
888 South Figueroa Street, 16th Floor
Los Angeles, CA 90017
T: 213-624-8700
jcarlisle@lynberg.com
cnaltsas@lynberg.com
fnamvar@lynberg.com

*/s/ Deborah M. Kellam*
Deborah M. Kellam | Special Counsel
HALL & EVANS, LLC
2015 Central Avenue, Suite C
Cheyenne, Wyoming 82001
T: 307-514-2567
F: 307-514-2568
kellamd@hallevans.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 9th day of November, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| ***Attorneys for Plaintiff Homeland Insurance Company of New York:*** <br> Judith Studer, Esq. (5-2174) <br> Schwartz, Bon, Walker & Studer, LLC <br> 141 South Center Street, Suite 500 <br> Casper, WY  82601 <br> Phone:  (307) 234-5099 <br> Email:   jstuder@schwartzbon.com <br><br> Charles E. Spevacek, Esq. (admitted pro hac vice) <br> Tiffany M. Brown, Esq. (admitted pro hac vice) <br> Meagher & Geer, PLLP <br> 33 South Sixth Street, Suite 4400 <br> Minneapolis, MN  55402 <br> Phone:  (612) 338-0661 <br> Email:  cspevacek@meagher.com <br>         tbrown@meagher.com | ***Attorneys for Defendant Powell Hospital District and Powell Valley Healthcare:*** <br> Tracy J. Copenhaver, Esq. <br> Copenhaver, Kath, Kitchen  Kolpitcke, LLC <br> 224 N. Clark Street <br> P. O. Box 839 <br> Powell, WY  82435 <br> Phone: (307) 754-2276 <br> Email:   tracy@ckattorneys.net |
| ***Attorneys for Defendants HealthTech Management Services, Inc. and William D. Patten:*** <br> Joanna R. Vilos, Esq. (6-4006) <br> Holland & Hart LLP <br> P. O. Box 1347 <br> Cheyenne, WY  82003-1347 <br> Phone:  (307) 778-4200 <br> Email:  jvilos@hollandhart.com <br><br> Jose A. Ramirez, Esq. (admitted *pro hac vice*) <br> Holland & Hart LLP <br> 8390 E. Crescent Parkway, Suite 400 <br> Greenwood Village, CO  80111 <br> Phone:  (303) 290-1600 <br> Email:   jramirez@hollandhart.com | ***Attorneys for Counterclaim-Defendant UMIA Insurance, Inc.:*** <br> Julie Nye Tiedeken, Esq. (5-1949) <br> McKellar, Tiedeken & Scoggin, LLC <br> P.O. Box 748 <br> Cheyenne, WY  82003-0748 <br> jtiedeken@mtslegal.net <br><br> John F. Sands, Esq. (admitted *pro hac vice*) <br> Sweetbaum Sands Anderson, P.C. <br> 1125 17th Street, Suite 2100 <br> Denver, CO  80202 <br> jsands@sweetbaumsands.com |

                *s/ Connie McConnell, Legal Assistant to*
                Deborah M. Kellam, Esq. (5-2541)
                Hall & Evans, LLC
                Attorneys for Crossclaim-Defendant,
                LEXINGTON INSURANCE COMPANY