Jon F. Sands
Sweetbaum Sands Anderson PC
1125 17th St., Suite 2100
Denver, CO 80202
303-296-3377
jsands@sweetbaumsands.com

Julie Nye Tiedeken
Wyoming Bar #5-1949
McKellar, Tiedeken & Scoggin, LLC
P.O. Box 748
Cheyenne, WY 82003-0748
307.637.5575
307.637-5515
jtiedeken@mtslegal.net

ATTORNEYS FOR
COUNTERCLAIM-DEFENDANT
UMIA INSURANCE, INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF OF NEW YORK ) ) ) Plaintiff, ) ) v. ) ) POWELL HOSPITAL DISTRICT, POWELL ) VALLEY HEALTHCARE, INC., ) HEALTHTECH MANAGEMENT SERVICES, ) INC., JEFFREY HANSEN, M.D. and ) WILLIAM D. PATTEN, ) ) Defendants. ) ) AND ) ) HEALTHTECH MANAGEMENT SERVICES, ) INC. and WILLIAM D. PATTEN, ) ) Counterclaimants ) ) v. ) ) UMIA INSURANCE, INC. and LEXINGTON ) INSURANCE COMPANY ) | Civil Action No. 15-CV31-J |

|  |  |
|---|---|
| Counterclaim-Defendants | ) ) ) |
| AND | ) ) |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTH CARE, INC., and JEFFREY HANSEN, M.D., | ) ) ) ) |
| Cross-Claimants, | ) ) |
| v. | ) ) |
| UMIA INSURANCE, INC., and LEXINGTON INSURANCE COMPANY | ) ) ) |
| Crossclaim-Defendants. | ) |

**ANSWER OF UMIA INSURANCE, INC. TO POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTH CARE, INC., AND JEFFREY HANSEN, M.D.'S CROSS-CLAIM AGAINST UMIA INSURANCE, INC.**

## ANSWER

UMIA Insurance, Inc. respectfully submits this Answer to the Cross-claim of Powell Valley Hospital District, Powell Valley Health Care, Inc., and Jeffrey Hansen, M.D.

1. Admitted.

2. UMIA is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, therefore the allegations are denied.

3. UMIA is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, therefore the allegations are denied.

4. Paragraph 4 does not contain allegations of fact to which a response is required. To the extent this paragraph is construed to require a response, the allegations are denied.

5.     Paragraph 5 does not contain allegations of fact to which a response is required.

6.     UMIA is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, therefore the allegations are denied.

7.     UMIA is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8.     Admitted upon information and belief.

9.     Admitted upon information and belief.

10.    UMIA admits the existence of the alleged policy (the "UMIA POLICY") and affirmatively states that the policy speaks for itself. All other allegations are denied.

11.    Admitted.

12.    UMIA is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

13.    UMIA admits that the term of the Homeland Policy is stated to be August 1, 2013 to August 1, 2014, and that the term of the UMIA Policy is stated to be August 1, 2014 to August 1, 2015. UMIA is without sufficient knowledge or information sufficient to admit or deny the allegations as they are stated in paragraph 14, therefore the allegations are denied.

14.    Admitted.

15.    UMIA admits that the referenced letters exist and affirmatively states that the letters speak for themselves. UMIA denies all remaining allegations contained in paragraph 15. UMIA further affirmatively states that pursuant to the UMIA Policy, a potential claim includes a "[r]equest by a patient or the patient's legal representative for copies of medical records under circumstances reasonably indicative of a potential claim." UMIA Policy, P. 16. Counsel to Mr.

DePilla made a request for DePilla's medical records on or about October 1, 2013 under circumstances indicative of a potential claim.

16. Denied.

17. Denied.

18. UMIA admits the existence of the letter and affirmatively states that the letter speaks for itself. All remaining allegations are denied.

19-26. These paragraphs contain no allegations against UMIA, therefore no response is required. To the extent any allegation in any of those paragraphs is construed to require a response from UMIA, such allegations are denied.

27. UMIA incorporates its previous admissions, denials and responses as set forth above verbatim.

28. UMIA admits the existence of the UMIA Policy, which speaks for itself.

29-46. UMIA denies each and every allegation contained in paragraphs 29 through and including 46.

47. UMIA incorporates its previous admissions, denials and responses as set forth above verbatim.

48. Admitted.

49. Paragraph 49 contains no allegations against UMIA, therefore no response is required. To the extent any allegation in any of those paragraphs is construed to require a response from UMIA, such allegations are denied.

50. UMIA denies that PHD, PVHC and/or Hansen are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaim is barred because, at a minimum, coverage was fairly debatable.

### Second Affirmative Defense

The Counterclaim is barred because of the breach of the Insurance Contract by PHD, PVHC and Hansen. Specifically, Bill Patten, as CEO of PVHC, in the application for insurance signed by Patten on June 19, 2014, failed to disclose information that was material to the acceptance by UMIA of the risk. Had UMIA known of the material information, it would not have issued the UMIA Policy.

### Third Affirmative Defense

The Counterclaim is barred because the policy provides as follows:

V. **GENERAL CONDITIONS**

\*\*\*

**Coverage A**

The insurance provided hereby only applies to **medical professional services** rendered or which should have been rendered on or after the **retroactive date** stated on the Declarations Page and then only if a **claim** is first made and reported during the **policy period** or a **reporting period** purchased in accordance with Section V.

\*\*\*

**For Coverage A and C only:**

A **claim** shall be considered to be "first made during the **policy period**" or "first made during a **reporting period**" only under the following conditions:

(a) If, during the **policy period** or a **reporting period**, an **insured** shall first have knowledge or become aware of any event arising out of the rendering or failure to render **medical professional services** covered hereby which may subsequently give rise to a **claim** and shall, during the **policy period** or the **reporting period** give written notice thereof to UMIA in accordance with Section V. of this policy, then such notice shall be considered a **claim** hereunder.

(b) If any **claim** is first made during the **policy period** or a **reporting period** that would be covered under this Policy, any additional **claims** which are made in connection therewith and are brought subsequent to the **policy period** or the **reporting period** shall be considered a part of the **claim** which was first made during the **policy period** or the **reporting period**.

A **claim** shall not be considered to be "first made during the **policy period**" or "first made during a **reporting period**" if any **insured** is aware, or reasonably should be aware, of the existence of a potential **claim** as of the date this **policy** is issued, regardless of whether or not such **claim** has yet been made or reported to any applicable liability insurer. For purposes of this Section, potential **claim** includes, without limitation, instances where any **insured** has received either an oral or written communication from a patient or the patient's legal representative, and/or a request by a patient or the patient's legal representative for copies of medical records under circumstances reasonably indicative of a potential **claim**.

Bill Patten, as CEO and contract CEO of PVH, had actual notice of the existence of potential claims prior to the issuance of the UMIA Policy, which knowledge is imputed to PVHC and PVH. The claims were not first made during the UMIA Policy period.

### Fifth Affirmative Defense

The Counterclaim is barred because under Coverage B, the claims arise from the provision of **medical professional services,** excluded pursuant to **COVERAGE B-HEALTHCARE SYSTEM GENERAL LIABILITY,** Exclusion (e).

WHEREFORE UMIA seeks the following relief:

A. That the claims be dismissed with prejudice;

B. For costs;

C. For such other relief as to the Court seems proper.

Respectfully submitted,

*s/ Jon F. Sands*
Jon F. Sands
Sweetbaum Sands Anderson PC

        1125 Seventeenth Street, Suite 2100
        Denver, Colorado 80202
        Phone:  (303) 296-3377
        jsands@sweetbaumsands.com

        */s/ Julie Nye Tiedeken*
        JULIE NYE TIEDEKEN WSB #5-1949
        MCKELLAR, TIEDEKEN & SCOGGIN, LLC
        702 Randall Avenue
        Cheyenne, Wyoming 82001
        (307) 637-5575
        (307) 637-5515 FAX
        jtiedeken@mtslegal.net

        ATTORNEYS FOR DEFENDANT UMIA
        INSURANCE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| *Attorneys for Plaintiff Homeland Insurance Company of New York:* <br> Judith Studer, Esq. (5-2174) <br> Schwartz, Bon, Walker & Studer, LLC <br> 141 South Center Street, Suite 500 <br> Casper, WY 82601 <br> Phone: (307) 234-5099 <br> Email: jstuder@schwartzbon.com <br> Charles E. Spevacek, Esq. (admitted pro hac vice) <br> Tiffany M. Brown, Esq. (admitted pro hac vice) <br> Meagher & Geer, PLLP <br> 33 South Sixth Street, Suite 4400 <br> Minneapolis, MN 55402 <br> Phone: (612) 338-0661 <br> Email: cspevacek@meagher.com <br> tbrown@meagher.com | *Attorneys for Defendant Powell Hospital District and Powell Valley Healthcare:* <br> Tracy J. Copenhaver, Esq. <br> Copenhaver, Kath, Kitchen Kolpitcke, LLC <br> 224 N. Clark Street <br> P. O. Box 839 <br> Powell, WY 82435 <br> Phone: (307) 754-2276 <br> Email: tracy@ckattorneys.net |
| --- | --- |

| *Attorneys for Defendants* <br> *HealthTech Management Services, Inc.* <br> *and William D. Patten:* <br> Joanna R. Vilos, Esq. (6-4006) <br> Holland & Hart LLP <br> P. O. Box 1347 <br> Cheyenne, WY 82003-1347 <br> Phone: (307) 778-4200 <br> Email: jvilos@hollandhart.com <br> Jose A. Ramirez, Esq. (admitted *pro hac vice*) <br> Holland & Hart LLP <br> 8390 E. Crescent Parkway, Suite 400 <br> Greenwood Village, CO 80111 <br> Phone: (303) 290-1600 <br> Email: jramirez@hollandhart.com | *Attorneys for Counterclaim-Defendant* <br> *UMIA Insurance, Inc.:* <br> Julie Nye Tiedeken, Esq. (5-1949) <br> McKellar, Tiedeken & Scoggin, LLC <br> P.O. Box 748 <br> Cheyenne, WY 82003-0748 <br> jtiedeken@mtslegal.net <br> John F. Sands, Esq. (admitted *pro hac vice*) <br> Sweetbaum Sands Anderson, P.C. <br> 1125 17th Street, Suite 2100 <br> Denver, CO 80202 <br> jsands@sweetbaumsands.com |
|---|---|

*s/ Jon F. Sands*
Jon F. Sands, No. 10680
Attorneys for Defendant UMIA Insurance, Inc.
Sweetbaum Sands Anderson PC
1125 Seventeenth Street, Suite 2100
Denver, Colorado 80202
Phone:  (303) 296-3377
Fax:  (303) 296-7343
jsands@sweetbaumsands.com

 */s/ Julie Nye Tiedeken*
JULIE NYE TIEDEKEN WSB #5-1949
McKellar, Tiedeken & Scoggin, LLC
702 Randall Avenue
Cheyenne, Wyoming 82001
(307) 637-5575
(307) 637-5515 FAX
jtiedeken@mtslegal.net