R. Jeff Carlisle, Esq. (California State Bar 76009)
Catherine A. Naltsas, Esq. (California State Bar 262259)
Farah Naz A. Namvar, Esq. (California State Bar 291765)
LYNBERG & WATKINS, APC
888 South Figueroa Street, 16th Floor
Los Angeles, California 90012
T:  213-624-8700
F:  213-892-2763
jcarlisle@lynberg.com
cnaltsas@lynberg.com
fnamvar@lynberg.com

Deborah M. Kellam | Special Counsel
HALL & EVANS, LLC
2015 Central Avenue, Suite C
Cheyenne, Wyoming 82001
T:  307-514-2567
F:  307-514-2568
kellamd@hallevans.com

Attorneys for Counterclaim-Defendant,
LEXINGTON INSURANCE COMPANY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, ) ) ) | |
| Plaintiff ) ) | |
| v. ) ) | |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTHCARE, INC., HEALTHTECH MANAGEMENT SERVICES, INC., JEFFREY HANSEN, M.D., and WILLIAM D. PATTEN, ) ) ) ) ) ) | Civil Action No. 15CV31-J |
| Defendants. ) ) | |
| AND ) ) | |
| HEALTHTECH MANAGEMENT SERVICES, INC. and WILLIAM D. PATTEN, ) ) ) ) | |

|                                              |     |
|----------------------------------------------|-----|
| Counterclaimants                             | )   |
|                                              | )   |
| v.                                           | )   |
|                                              | )   |
| UMIA INSURANCE, INC., and                    | )   |
| LEXINGTON INSURANCE COMPANY,                 | )   |
|                                              | )   |
| Counterclaim-Defendants.                     | )   |

**COUNTERCLAIM DEFENDANT LEXINGTON INSURANCE COMPANY'S ANSWER AND DEFENSES TO DEFENDANTS HEALTHTECH MANAGEMENT SERVICES, INC'S AND WILLIAM D. PATTEN'S FIRST AMENDED COUNTERCLAIMS AGAINST HOMELAND, UMIA INSURANCE, INC., AND LEXINGTON INSURANCE COMPANY**

COME NOW, Counterclaim Defendant Lexington Insurance Company ("Lexington" and/or "Counterclaim Defendant"), by and through its counsel and for its Answer to the First Amended Counterclaim filed by HealthTech Management Services, Inc. ("HealthTech") and William D. Patten ("Patten") ("Counterclaim"), answer as follows:

**COUNTERCLAIMS AGAINST HOMELAND, UMIA, AND LEXINGTON**

**BACKGROUND**

1. Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

2. Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

3. Admit.

4. Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

5.      Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

6.      Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

7.      Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

## UNDERLYING LITIGATION

8.      Counterclaim Defendant admits the underlying litigation addresses certain insurance coverage issues, but denies any allegations in paragraph 8.

9.      Counterclaim Defendant admits that HTMS has been named as a defendant in lawsuits and that said claims arise from the alleged malpractice of Dr. Hansen, but is without sufficient knowledge or information from which to ascertain the truth of the allegation with respect to the number of lawsuits and the names of the plaintiff(s).

10.     Counterclaim Defendant admits that Patten has been named as a defendant in lawsuits and that said claims arise from the alleged malpractice of Dr. Hansen, but is without sufficient knowledge or information from which to ascertain the truth of the allegation with respect to the number of lawsuits and the names of the plaintiff(s).

## INSURANCE POLICIES, TENDERS, AND DENIALS

11.     Counterclaim Defendant admits that Lexington Insurance Company ("Lexington") issued policy nos. 6793042 (8/1/12 to 8/1/13) and 6793044 (8/1/12 to 8/1/13) ("Subject Lexington Policies") to PVHC.  Lexington Policy No. 6793042, effective August 1, 2012 to August 1, 2013 is a Healthcare Professional Liability – Claims Made and Healthcare

General Liability – Occurrence policy, the terms of which speak for themselves. Lexington Policy No. 6793044, effective August 1, 2012 to August 1, 2013, is an Excess Healthcare Professional Liability – Claims Made and Healthcare Umbrella Liability – Occurrence policy, the terms of which speak for themselves.

12.     Counterclaim Defendant admits that Lexington issued the Subject Lexington Policies to PVHC, the terms of which with respect to who is an insured and insured status speak for themselves. Lexington Policy No. 6793042, effective August 1, 2012 to August 1, 2013 is a Healthcare Professional Liability – Claims Made and Healthcare General Liability – Occurrence policy, the terms of which speak for themselves. Lexington Policy No. 6793044, effective August 1, 2012 to August 1, 2013, is an Excess Healthcare Professional Liability – Claims Made and Healthcare Umbrella Liability – Occurrence policy, the terms of which speak for themselves.

13.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

14.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

15.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

16.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

17.     Counterclaim Defendant admits that Lexington Insurance Company issued policy no. 6793042 for the policy term of (8/1/12 to 8/1/13); and policy no. 6793044 for the policy term

of (8/1/12 to 8/1/13).  Counterclaim Defendant is without sufficient knowledge or information

from which to ascertain the truth of the remainder of the allegation and it is therefore denied.

18.     Counterclaim Defendant is without sufficient knowledge or information from

which to ascertain the truth of this allegation and it is therefore denied.

19.     Counterclaim Defendant is without sufficient knowledge or information from

which to ascertain the truth of this allegation and it is therefore denied.

20.     Counterclaim Defendant is without sufficient knowledge or information from

which to ascertain the truth of this allegation and it is therefore denied.

21.     Counterclaim Defendant is without sufficient knowledge or information from

which to ascertain the truth of this allegation and it is therefore denied.

22.     Counterclaim Defendant is without sufficient knowledge or information from

which to ascertain the truth of this allegation and it is therefore denied.

23.     Counterclaim Defendant is without sufficient knowledge or information from

which to ascertain the truth of this allegation and it is therefore denied.

24.     Counterclaim Defendant is without sufficient knowledge or information from

which to ascertain the truth of this allegation and it is therefore denied.

25.     Counterclaim Defendant is without sufficient knowledge or information from

which to ascertain the truth of this allegation and it is therefore denied.

26.     Counterclaim Defendant is without sufficient knowledge or information from

which to ascertain the truth of this allegation and it is therefore denied.

27.     Counterclaim Defendant is without sufficient knowledge or information from

which to ascertain the truth of this allegation and it is therefore denied.

**HOMELAND'S DENIAL**

28.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

29.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

30.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

31.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

32.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

33.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

34.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

35.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

36.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

37.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

38.     Counterclaim Defendant admits that the allegations of the underlying actions speak for themselves.

39.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

40.     Counterclaim Defendant admits that the allegations of the underlying actions speak for themselves.

41.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

## UMIA'S CLAIMS HANDLING

42.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

43.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

44.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

45.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

46.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

47.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

48.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

49.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

50.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

51.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

52.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

53.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

54.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

55.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

56.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

57.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

58.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

## LEXINGTON'S INVOLVEMENT

59.     Admit.

60.     Counterclaim Defendant admits that it agreed to defend PVHC in the *Harris* and *DuRose* claims subject to a full reservation of rights.

61.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

62.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

63.     Admit.

64.     Counterclaim Defendant admits that Lexington has denied coverage to HTMS and Patten, asserting that, among other things, the Insurance Claims were not made during the policy period, the claim reporting period, or any extended reporting period

65.     Counterclaim Defendant admits that HTMS and Patten seek a Declaratory Judgment regarding their rights under the Homeland, UMIA, and Lexington policies, however is without sufficient knowledge or information from which to ascertain the truth of the remainder of the allegation and therefore, the remainder of the allegation is denied. Counterclaim Defendant further denies that HTMS and Patten are entitled to any relief from Lexington.

## CLAIM I

### BREACH OF CONTRACT-HOMELAND AND UMIA

66.     This paragraph contains no new allegations and therefore cannot be admitted or denied.

67.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

68.     Counterclaim Defendant admits that HTMS is an insured under the Lexington Policies.  Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of the remainder of the allegation and it is therefore denied.

69.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

70.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

71.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

72.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

73.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

74.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

75.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

## CLAIM II

## BAD DAITH BREACH OF INSURANCE CONTRACT-HOMELAND AND UMIA

76.     This paragraph contains no new allegations and therefore cannot be admitted or denied.

77.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

78.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

79.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

80.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

81.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

82.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

83.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

84.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

## CLAIM III

## ATTORNEYS' FEES AND PREJUDGMENT INTEREST-HOMELAND AND UMIA

85.     This paragraph contains no new allegations and therefore cannot be admitted or denied.

86.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

87.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

88.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

89.     Counterclaim Defendant is without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

## CLAIM IV

## DECLARATORY JUDGMENT-HOMELAND, UMIA, AND LEXINGTON

90.     This paragraph contains no new allegations and therefore cannot be admitted or denied.

91.     Lexington admits there exists a controversy between HTMS and Patten, on one hand and Homeland, UMIA, and Lexington on the other, concerning the insurers' duty to defend HTMS and Patten.  Lexington denies Counterclaimants are entitled to any relief from Lexington.

92.     Counterclaim Defendant denies the allegations contained in paragraph 92, subparts a, b, c, and d, and requests the Court declare the duties and obligations of Homeland,

UMIA, and Lexington and further declare that Lexington has fulfilled its duties under the Subject Lexington Policies.

93.    Counterclaim Defendant denies that counterclaimants are entitled to any relief they pray for in their Prayer for Relief. Further, Crossclaim Defendant requests the Court grant Lexington any relief permitted pursuant to the applicable code sections and/or law.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    Counterclaimants' request for relief is barred by the doctrine of waiver.

### SECOND AFFIRMATIVE DEFENSE

2.    Counterclaimants' request for relief is barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

3.    Counterclaimants' request for relief is barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

4.    Counterclaimants' request for relief fails to state a claim upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

5.    To the extent that Counterclaimants are not insureds under any Lexington policy of insurance, there is no coverage for Counterclaimants under any Lexington policy of insurance.

### SIXTH AFFIRMATIVE DEFENSE

6.    The law presumes that a written instrument, as written, correctly expresses the intent of the parties to the contract. Lexington issued policy no. 6793042 (8/1/12 to 8/1/13) and policy no. 6793044 (8/1/12 to 8/1/13) ("Subject Lexington Policies") that are the subject of this

litigation.  As written instruments, the law presumes the terms of the Subject Lexington Policies,

as written, correctly express the intent of the parties to the contract.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      The Subject Lexington Policies require that a "claim" be "first made" during the

policy period or an extended reporting period.  (Lexington Primary Policy, Professional Liability

Coverage Part, Section I.; Lexington Excess Policy, Professional Liability Coverage Part,

Section I.)  The Professional Liability Coverage Part of Lexington Primary Policy provides in

relevant part as follows:

> **We** will pay those sums that **you** become legally obligated to pay others as damages resulting from a **medical incident** arising out of **professional services** provided by any **Insured**.  The amount **we** will pay for damages is limited as described in Section IV., Limits of Insurance.  The **medical incident** must take place on or after the retroactive date and before the end of the **policy period**.  A **claim** for a **medical incident** must be first made against an **Insured** during the **policy period** or the extended reporting period, if applicable . . . .

 (Lexington Primary Policy, Professional Liability Coverage Part, Section I.).  A "claim" is a "written demand against an insured for monetary damages, including a **suit**."  (*Id.*, General Policy Provisions and Conditions, Section I.E.)  A "suit" is defined in part as a "civil action in which damages are alleged because of an **occurrence**, **claim**, **medical incident**, **bodily injury**, **property damage**, **personal injury** or **advertising injury** to which this insurance applies."  (*Id.*, Section I.X.)

To the extent a claim was not "first made" during the policy period and/or during an extended

reporting period of the Subject Lexington Policies, there is no coverage for said claim.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      To the extent the insured(s) failed to purchase an Optional Extended Reporting

Period Endorsement, Counterclaimants' claims were not first made during the Subject Lexington

Policy's period and/or during an extended reporting period of the Subject Lexington Policies,

there is no coverage for said claim.

14

### NINTH AFFIRMATIVE DEFENSE

9.      To the extent the insured(s) failed to provide notice of any claim during the Subject Lexington Policies' policy period or extended reporting period, there is no coverage for said claim.

### TENTH AFFIRMATIVE DEFENSE

10.      The Subject Lexington Policies' policy language provides:

All **claims** arising from one **medical incident** or a series of related **medical incidents** to any one **patient** shall be treated and shall be deemed to have occurred at the time of the first **medical incident** regardless of the number of claimants, or the number or **Insureds** against whom such **claims** are made. (Lexington Primary Policy, Professional Liability Coverage Part, Section IV.D.).

Accordingly, in order for any claim to be "related" pursuant to the Subject Lexington Policies' policy language, said claims must involve one patient.

### ELEVENTH AFFIRMATIVE DEFENSE

11.      The Subject Lexington Policies' policy language is unambiguous.

### TWELFTH AFFIRMATIVE DEFENSE

12.      Estoppel may not be employed to expand coverage not otherwise provided in an insurance contract.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.      No determination of Lexington's liability, if any, can be made until the liability of other insurers is determined and allocated, and Lexington's liability, if any, is subject to proper allocation to other insured, self-insured, and uninsured periods.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     To the extent that the insured(s) made any voluntary payments or reached any settlement agreements, or incurred any other expenses, without the prior consent of Lexington, coverage may be barred under the alleged policies.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     To the extent that the insured(s) released, settled, entered into an accord and satisfaction or otherwise compromised their claims herein, said claims may be barred by operation of law.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     To the extent that the insured(s) seek(s) coverage for claims during time periods outside of the Subject Lexington Policies, such claims may be barred.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     To the extent any insurance underlying any of the Subject Lexington Policies was issued by an insurance carrier that is now or in the future becomes insolvent, the Subject Lexington Policies do not drop down to provide coverage at a lower level than stated in the Subject Lexington Policies' limits of liability.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     To the extent any insurance underlying any of the Subject Lexington Policies were issued by an insurance carrier that has now or in the future settles with the insured(s), such policies do not drop down to provide coverage at a lower level than stated in the Subject Lexington Policies' limits of liability.

## NINETEENTH AFFIRMATIVE DEFENSE

19.   To the extent the insured has failed to perform any of the Conditions set forth in the Subject Lexington Policies, coverage is unavailable to the insured(s).

## TWENTIETH AFFIRMATIVE DEFENSE

20.   To the extent any claim falls under the Subject Lexington Policies' Exclusions, coverage is unavailable to the insured(s).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.   There is no coverage for any claim brought by a "patient" under the Subject Lexington Policies' General Liability Coverage Part, Since Exclusion O does not apply to any "occurrence," "claim" or "suit" arising out of: "Any **bodily injury** sustained by a **patient** of any **Insured** and any **claims** or **suits** by spouse, child, parent, grandparent, brother or sister of such patient arising out of such **bodily injury**."  (General Liability Coverage Part, Section III.O.)  A "patient" is defined as "a person seeking or receiving, either on an inpatient, outpatient or emergency basis, any form of medical, surgical, dental or nursing care or any service or treatment."  (General Policy Provisions and Conditions, Section I.Q.)

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.   To the extent the Counterclaimants have failed to join a necessary party, Counterclaimants may not be entitled to relief from Lexington.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.   To the extent there existed a bona fide dispute with respect to coverage under the Subject Lexington Policies, and Lexington's denial of coverage was reasonable and based upon the Subject Lexington Policies' policy language, Counterclaimants are not entitled to relief.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     To the extent Counterclaimants failed to mitigate any damages allegedly sustained, Counterclaimants are not entitled to relief. Damages actually sustained by the Counterclaimants, if any, should be reduced proportionally for the failure to mitigate such losses.

## DEMAND FOR JURY TRIAL

Counterclaim Defendant Lexington hereby demands a trial by jury on all issues so triable.

Dated:  November 13, 2015                     */s/ R. Jeff Carlisle, Esq.*
                                              R. Jeff Carlisle, Esq.
                                              Catherine A. Naltsas, Esq.
                                              Farah Naz A. Namvar, Esq.
                                              LYNBERG  & WATKINS, APC
                                              888 South Figueroa Street, 16th Floor
                                              Los Angeles, CA  90017
                                              T:  213-624-8700
                                              F:  213-892-2763
                                              jcarlisle@lynberg.com
                                              cnaltsas@lynberg.com
                                              fnamvar@lynberg.com


                                              */s/ Deborah M. Kellam*
                                              Deborah M. Kellam | Special Counsel
                                              HALL & EVANS, LLC
                                              2015 Central Avenue, Suite C
                                              Cheyenne, Wyoming 82001
                                              T:  307-514-2567
                                              F:  307-514-2568
                                              kellamd@hallevans.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of November, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| *Attorneys for Plaintiff Homeland Insurance Company of New York:*<br>Judith Studer, Esq. (5-2174)<br>Schwartz, Bon, Walker & Studer, LLC<br>141 South Center Street, Suite 500<br>Casper, WY  82601<br>Phone:  (307) 234-5099<br>Email:   jstuder@schwartzbon.com<br><br>Charles E. Spevacek, Esq. (admitted pro hac vice)<br>Tiffany M. Brown, Esq. (admitted pro hac vice)<br>Meagher & Geer, PLLP<br>33 South Sixth Street, Suite 4400<br>Minneapolis, MN  55402<br>Phone:  (612) 338-0661<br>Email:  cspevacek@meagher.com<br>            tbrown@meagher.com | *Attorneys for Defendant Powell Hospital District and Powell Valley Healthcare:*<br>Tracy J. Copenhaver, Esq.<br>Copenhaver, Kath, Kitchen  Kolpitcke, LLC<br>224 N. Clark Street<br>P. O. Box 839<br>Powell, WY  82435<br>Phone:  (307) 754-2276<br>Email:   tracy@ckattorneys.net |
|---|---|
| *Attorneys for Defendants HealthTech Management Services, Inc. and William D. Patten:*<br>Joanna R. Vilos, Esq. (6-4006)<br>Holland & Hart LLP<br>P. O. Box 1347<br>Cheyenne, WY  82003-1347<br>Phone:  (307) 778-4200<br>Email:  jvilos@hollandhart.com<br><br>Jose A. Ramirez, Esq. (admitted *pro hac vice*)<br>Holland & Hart LLP<br>8390 E. Crescent Parkway, Suite 400<br>Greenwood Village, CO  80111<br>Phone:  (303) 290-1600<br>Email:   jramirez@hollandhart.com | *Attorneys for Counterclaim-Defendant UMIA Insurance, Inc.:*<br>Julie Nye Tiedeken, Esq. (5-1949)<br>McKellar, Tiedeken & Scoggin, LLC<br>P.O. Box 748<br>Cheyenne, WY  82003-0748<br>jtiedeken@mtslegal.net<br><br>John F. Sands, Esq. (admitted *pro hac vice*)<br>Sweetbaum Sands Anderson, P.C.<br>1125 17th Street, Suite 2100<br>Denver, CO  80202<br>jsands@sweetbaumsands.com |

*s/ Connie McConnell, Legal Assistant to*
Deborah M. Kellam, Esq. (5-2541)
Hall & Evans, LLC
Attorneys for Crossclaim-Defendant,
LEXINGTON INSURANCE COMPANY