Tracy J. Copenhaver
COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
Telephone (307) 754-2276
Fax (307) 754-4744
Email tracy@ckattorneys.net

Attorney for Powell Valley Health Care, Inc.,
Powell Hospital District, and Dr. Jeffrey Hansen

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

_____

| | | |
|---|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 15-CV-31-J |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTH CARE, INC., HEALTHTECH MANAGEMENT SERVICES, INC., JEFFREY HANSEN, M.D., and WILLIAM D. PATTEN, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| and | ) ) | |
| HEALTHTECH MANAGEMENT SERVICES, INC. and BILL PATTEN, | ) ) ) | |
| Counterclaimants | ) ) | |
| vs. | ) ) | |
| UMIA INSURANCE, INC. and LEXINGTON INSURANCE COMPANY, | ) ) ) | |
| Counterclaim-Defendants | ) | |

1



and )
)
)
POWELL HOSPITAL DISTRICT, )
POWELL VALLEY HEALTH CARE, )
INC., and JEFFREY HANSEN, M.D., )
)
      Cross-Claimants, )
)
   vs. )
)
UMIA INSURANCE, INC., and )
LEXINGTON INSURANCE COMPANY, )
)
)
     Crossclaim-Defendants. )

**REPLY OF DEFENDANTS POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTH CARE, INC., and JEFFREY H. HANSEN, M.D.'S TO COUNTERCLAIM OF UMIA INSURANCE, INC.**

For their answer to the Counterclaim of UMIA, these Defendants would object to the reference to Powell Valley Hospital District and Powell Valley Health Care, Inc. As "the Hospital".  Powell Hospital District is a separate and distinct legal and governmental entity which has never employed Dr. Hansen nor at any time relevant hereto operated the hospital or been responsible for providing health care.  Powell Hospital District has never entered into an agreement with Health Tech Management Services, Inc. and to the extent any of UMIA's allegations set forth in its Counterclaim assert otherwise, they are hereby expressly denied, whether or not separately so stated in response to each allegation of UMIA.

**I.  Nature of Action**

1.  Deny, inasmuch as Dr. Hansen was never employed by Powell Hospital District.

2

## II.  Jurisdiction and Venue

2.  Admit.

3.  Admit.

4.  Admit.

5.  Admit.

## III.  Factual Allegations

6.  Admit.

7.   These Defendants lack knowledge or information sufficient to admit or deny whether Exhibit 2 represents a true and correct copy of the UMIA policy and therefore deny the same.   These Defendants admit the remaining allegations of paragraph 7 of the Counterclaim.

8.  Admit.

9.  Admit.

10.  Admit.

11.  Admit.

12.   Deny that Defendant Hansen was ever an employee physician of Powell Hospital District, and further assert that at the time the DiPilla claim was actually made, Hansen was not a physician employee of either Powell Hospital District or Powell Valley Health Care, Inc., and assert that claim period is material.

13.  Deny as to Powell Hospital District.

14.  These Defendants admit that during the period of approximately February 27, 2012 to April 9, 2015, Patten was an employee of HTMS and was simultaneously the Chief

Executive Officer ("CEO") of PVHC.  These Defendants deny the remaining allegations of paragraph 14 of the Counterclaim.

15.   These Defendants admit that, pursuant to the Agreement for Management Services, Patten was appointed as the CEO of PVHC.  These Defendants deny the remaining allegations of paragraph 15 of the Counterclaim.

16.   Deny as to Powell Hospital District, and further assert that the Agreement for Management Services contains numerous provisions, all of which speak for themselves and, except to the extent specifically set forth in the Management Agreement, Defendants deny this allegation.

17.   Admit the allegations pertaining to Stambaugh, Johnson, Oliver, Snell, Sommerville, McMillen, and Brinkerhoff.  Defendants do not have sufficient knowledge or information from which to ascertain the truth of the allegations regarding unnamed patients filing notices of governmental claim and/or applications for claim before the Wyoming Medical Review Panel and any other written notices, and therefore such allegations are denied.

18.  Admit.

19.  Admit.

20.  Deny that Mangum was an employee of Powell Hospital District.

21.   Defendants object to this allegation as allegedly setting forth contents of a deposition which paraphrases comments and fails to report the complete contents of deposition.  Defendants deny this allegation except to the extent expressly and specifically set forth in the deposition referenced.

22.   Defendants are without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

23.  Deny.

24.  These Defendants are without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

25.  Deny.

26.  Deny.

27.  Deny that Hansen was suspended from or worked at Powell Hospital District.

28.  Deny that Patten was CEO of Powell Hospital District;  and object, and state that the letter speaks for itself, and that the letter was not in reference to the allegations previously being pled by UMIA.

29.  Deny that Patten was CEO of Powell Hospital District; admit that there is a letter dated February 13, 2014 signed by Patten as CEO of PVHC, and Mark Wurzel, M.D., as President of the Board of Trustees of PVHC; assert that the letter speaks for itself; and Defendants deny all allegations not admitted.

30.   These Defendants assert that the email speaks for itself and deny the allegations of paragraph 30 of the Counterclaim to the extent they provide an inconsistent or incomplete recitation of the email.

31.   These Defendants assert that the letter speaks for itself and deny the allegations of paragraph 31 of the Counterclaim to the extent they provide an inconsistent or incomplete recitation of the letter.

32.  These Defendants assert that the Stambaugh complaint speaks for itself and they deny the allegations of paragraph 32 of the Counterclaim to the extent they provide

5

an inconsistent or incomplete recitation of the language contained in the Complaint. These Defendants deny the remaining allegations of paragraph 32 of the Counterclaim.

33. That action is not an action involving these Defendants and Defendants are without sufficient knowledge or information from which to ascertain the truth of this allegation and it is therefore denied.

34. These Defendants assert that the Sommerville administrative complaint speaks for itself and deny the allegations of paragraph 34 of the Counterclaim to the extent they provide an inconsistent or incomplete recitation of the language contained in the Complaint. These Defendants deny that the assertions are truthful and deny the remaining allegations of paragraph 34 of the Counterclaim, and deny all allegations with regard to Powell Hospital District.

35. These Defendants assert that the Johnson administrative complaint speaks for itself and deny the allegations of paragraph 35 of the Counterclaim to the extent they provide an inconsistent or incomplete recitation of the language contained in the Complaint. These Defendants deny that the assertions are truthful and deny the remaining allegations of paragraph 35 of the Counterclaim, and deny all allegations with regard to Powell Hospital District.

36. Admit that paragraph 36 includes a portion of the UMIA policy; assert that such policy speaks for itself; and deny any and all other allegations contained within paragraph 36.

37. These Defendants admit the allegations of paragraph 37 of the Counterclaim. These Defendants further state that UMIA has also denied claims for a lawsuit filed by Nancy and Larry Heiser.

38.  Deny that UMIA is currently defending or contributing to the defense to claims of all of the persons alleged in paragraph 38, and assert that some of these are notices of claim which have not materialized and which these Defendants are without sufficient knowledge, information or belief to determine that UMIA is actually defending or contributing to the defense of those claims.

39.  Deny.

40.  Deny.

## V.  Claims for Relief

### 1st Claim for Relief: Declaratory Judgment

41.  Defendants incorporate the foregoing answers to each of the allegations of UMIA the same as is more fully set forth herein.

42.  Acknowledge that UMIA seeks a declaratory judgment and deny that it is entitled to the judgment requested.

43.  Deny.

44.  Deny.

### 2nd Claim for Relief: Rescission

45.  Defendants hereby incorporate their answers to each of the foregoing allegations of this Counterclaim the same as if more fully set forth herein.

46.  Admit.

47.  Admit.

48.  Deny.

49.  Deny.

50.  Deny, and assert that Defendants provided full disclosure as to any potential risks it was aware of that UMIA could have potentially been liable for known at the time of the application by these Defendants, and assert that UMIA had all information available to these Defendants relevant to any claims that have subsequently arisen after the commencement of the UMIA policy year.  These Defendants deny any and all other allegations to the contrary.

51.  Deny.

52.  Deny.

53.  Defendants object to this allegation and assert that the language of the policy speaks for itself; and except as expressly stated in the policy, any allegation contained herein is denied.

54.  Deny.

55.  Deny.

56.   This sets forth a declaration of what UMIA claims it is entitled to, and Defendants deny that UMIA is entitled to rescission of the UMIA policy.

## AFFIRMATIVE DEFENSES

1.  These Defendants assert that the DiPilla claim was not first made prior to the commencement of the UMIA policy year because there had been no demand for money damages nor any act which would reasonably have placed PVHC on notice that DiPilla was going to assert a claim for money damages against these Defendants.

2.  These insureds first became aware of the assertion by DiPilla that she was claiming there had been a failure to render medical professional services during the policy year and promptly reported it to UMIA.

8

3.  The existence of the claims of Johnson, Oliver, Snell and Sommerville were not known to be asserted against these Defendants until asserted in an email dated July 31, 2014 and, as such could not have been reported on an application filled out or prepared prior to that.  These Defendants were not aware of nor did they have knowledge, nor would a reasonable person have had knowledge, that the claims filed after August 1 by other claimants were going to be filed or were liked to be filed at the time of the preparation of the application and commencement of the UMIA policy year.

4.  <u>Waiver, Estoppel, Laches</u>.  UMIA received notice of the potential claims of DiPilla and the other claimants referenced in paragraph 38 as they became known to these Defendants.  Similarly, UMIA has been aware of the effort of One Beacon/Homeland Insurance Company to deny the claims of Johnson, Oliver, Snell, Sommerville, Stambaugh and Wilson, and the basis therefore, which includes the same allegations asserted by UMIA as a basis for a rescission.  Despite having this knowledge, UMIA has continued to defend claims reported to UMIA and, as a result, they have waived the right to rescind or should be estopped based upon these Defendants' reliance upon their agreement to defend and cover such claims and/or are guilty of laches, which has caused damage and prejudice to these Defendants by virtue of the delay in raising these issues.  In addition thereto, UMIA has accepted the premium paid by these Defendants for the coverage offered by UMIA to these Defendants and is obligated to fulfill the terms and conditions of the policy; and, in addition thereto, with full knowledge of all allegations that could be alleged by UMIA, accepted a second premium for the August 1, 2015 through July 31, 2016 policy year; and therefore has waived, should be estopped, and is guilty of laches, causing damages and prejudice to these Defendants and therefore the request for

declaratory judgment should be denied and the request for rescission should be denied.

5.  The language of the insurance policy does not support rescission of the contract.

6.  UMIA's Counterclaim is barred by its own bad faith and/or unreasonable conduct.

7.  UMIA's request for relief is barred by its breach of contract.

8.  UMIA's Counterclaim is barred by the plan meaning of the Policy.

9.  UMIA's Counterclaim is barred by its knowledge of the true facts.

10.  UMIA's Counterclaim is barred by an intervening cause.

11.  UMIA's Counterclaim is barred by its comparative fault or the fault of its agents.

12.  These Defendants reserve the right to assert additional defenses as the case progresses.

WHEREFORE, these Defendants request that Plaintiff's claim for declaratory judgment, as well as Plaintiff's claim for rescission, be denied, and that judgment be entered for and on behalf of these Defendants declaring that UMIA has an obligation to cover and defend the claim of DiPilla, as well as any and all other claims arising during the UMIA policy year.

DATED this 4th day of December, 2015.

/s/ *Tracy J. Copenhaver*
TRACY J. COPENHAVER, State Bar #5-2063
COPENHAVER,   KATH,   KITCHEN   &
KOLPITCKE, LLC
P.O. Box 839, Powell, WY 82435
307-754-2276
tracy@ckattorneys.net
Attorney for Powell Hospital District, Powell
Valley Health Care, Inc., & Jeffrey Hansen, M.D.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing Reply to Counterclaim via CM/ECF mail notification to the following, this 4th day of December, 2015:

Judith Studer
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY 82601
jstuder@schwartzbon.com

Joanna R. Vilos
Holland & Hart, LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003
jvilos@hollandhart.com

Jose A. Ramirez
Holland & Hart
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003
jramirez@hollandhart.com

Julie Nye Tiedeken
McKellar, Tiedeken & Scoggin, LLC
702 Randall Avenue
Cheyenne, WY 82001
jtiedeken@mtslegal.net

Jon F. Sands
Sweetbaum, Sands, Anderson PC
1125 17th Street, #2100
Denver, CO 80202
jsands@sweetbaumsands.com

Deborah M. Kellam
Hall & Evans, LLC
2015 Central Avenue, Suite C
Cheyenne, WY 82001
kellamd@hallevans.com

Charles E. Spevacek
Tiffany M. Brown
Meagher & Geer, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
cspevacek@meagher.com
tbrown@meagher.com

Catherine A. Naltas and R. Jeff Carlisle
Lynberg & Watkins
888 S. Figueroa Street, 16th Floor
Los Angeles, CA 90017
cnaltsas@lynberg.com
jcarlisle@lynberg.com

/s/  Tracy J. Copenhaver
COPENHAVER,   KATH,   KITCHEN   &
KOLPITCKE, LLC