Joanna R. Vilos (Wyo. State Bar # 6-4006)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
Cheyenne, WY 82001
Telephone: (307) 778-4200
jvilos@hollandhart.com

Jose A. Ramirez (admitted *pro hac vice*)
HOLLAND & HART LLP
8390 E. Crescent Parkway, Suite 400
Greenwood Village, CO 80111
Telephone: (303) 290-1600
jramirez@hollandhart.com

ATTORNEYS FOR DEFENDANTS
HEALTHTECH MANAGEMENT SERVICES, INC.
AND WILLIAM D. PATTEN

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. 15CV31-J |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTHCARE, INC., HEALTHTECH MANAGEMENT SERVICES, INC., JEFFREY HANSEN, M.D., and WILLIAM D. PATTEN, | ) ) ) ) ) ) | **DEFENDANTS HEALTHTECH MANAGEMENT SERVICES, INC.'S AND WILLIAM D. PATTEN'S ANSWER TO UMIA INSURANCE, INC.'S COUNTERCLAIM** |
| Defendants. | ) ) | |
| AND | ) ) | |
| HEALTHTECH MANAGEMENT SERVICES, INC. and WILLIAM D. PATTEN, | ) ) ) | |
| Counterclaimants | ) ) | |
| v. | ) ) | |
| UMIA INSURANCE, INC., | ) ) | |
| Counterclaim-Defendant. | ) | |

Defendants HealthTech Management Services, Inc. (HTMS) and William D. Patten (Patten), by and through their attorneys Holland & Hart LLP, hereby submit their answer to UMIA Insurance Inc.'s Counterclaim as follows:

## NATURE OF ACTION

1.      HTMS and Patten admit that this action is an insurance coverage dispute.  HTMS and Patten admit this controversy arises out of litigation filed by or on behalf of patients of Powell Valley Healthcare, Inc. (PVHC) alleging medical malpractice against Dr. Jeffrey Hansen (Hansen) and asserting claims against the insured parties, Hansen, PVHC, Powell Hospital District, HTMS and Patten.  HTMS and Patten further admit that they assert claims against UMIA for bad-faith denials of defense and indemnity owed for claims brought by Stambaugh, Oliver, Sommerville, Snell, Johnson and DiPilla.  All allegations of Paragraph 1 of the Counterclaim not specifically admitted above are expressly denied.

## JURISDICTION AND VENUE

2.      HTMS and Patten admit the allegations of Paragraph 2 of the Counterclaim.

3.      HTMS and Patten admit the allegations of Paragraph 3 of the Counterclaim.

4.      HTMS and Patten admit the allegations of Paragraph 4 of the Counterclaim.

5.      HTMS and Patten admit the allegations of Paragraph 5 of the Counterclaim.

## FACTUAL ALLEGATIONS

6.      HTMS and Patten admit the allegations of Paragraph 6 of the Counterclaim but deny that Paragraph 6 provides a complete list of the insurance policies in effect prior to August 1, 2014.

7.      HTMS and Patten lack knowledge or information sufficient to admit or deny whether Exhibit 2 represents a true and correct copy of the UMIA policy and therefore deny the same.  HTMS and Patten admit the remaining allegations of Paragraph 7 of the Counterclaim.

8.      HTMS and Patten admit that HTMS is an insured by endorsement.  By way of further answer, HTMS and Patten state that HTMS is also an insured by definition.

9.      HTMS and Patten admit the allegations of Paragraph 9 of the Counterclaim.  By way of further answer, HTMS and Patten state that Patten is also an insured by endorsement.

10.     The allegations in Paragraph 10 of the Counterclaim are asserted against neither HTMS nor Patten, and therefore no response is required from them.  To the extent a response is required, HTMS and Patten assert that the UMIA policy provisions speak for themselves.

11.     The allegations in Paragraph 11 of the Counterclaim are asserted against neither HTMS nor Patten, and therefore no response is required from them.  To the extent a response is required, HTMS and Patten assert that the UMIA policy provisions speak for themselves.

12.     HTMS and Patten admit that Hansen was a physician employee of PVHC during the period of time material to the underlying medical malpractice actions but deny the remaining allegations of Paragraph 12 of the Counterclaim.

13.     HTMS and Patten admit that HTMS and PVHC entered into an Agreement for Management Services effective as of November 1, 2010 but deny the remaining allegations of Paragraph 13 of the Counterclaim.

14.     HTMS and Patten admit that during the period of approximately February 27, 2012 to April 9, 2015, Patten was an employee of HTMS and was simultaneously the Chief Executive Officer (CEO) of PVHC.  HTMS and Patten deny the remaining allegations of Paragraph 14 of the Counterclaim.

15.     HTMS and Patten admit that, pursuant to the Agreement for Management Services, Patten was appointed as the CEO of PVHC.  HTMS and Patten deny the remaining allegations of Paragraph 15 of the Counterclaim.

16.     HTMS and Patten deny the allegations of Paragraph 16 of the Counterclaim and assert that the Agreement for Management Services speaks for itself.

17.     HTMS and Patten admit the filing of lawsuits by Stambaugh, Oliver, Johnson, Snell, Sommerville, McMillen and Brinkerhoff as alleged in Paragraph 17 of the Counterclaim but deny that this is a complete list of the underlying lawsuits and medical review panel proceedings relevant to this action.  HTMS and Patten deny the remaining allegations of Paragraph 17 of the Counterclaim.

18.     Upon information and belief, HTMS and Patten admit the allegations of Paragraph 18 of the Counterclaim.

19.     Upon information and belief, HTMS and Patten admit the DuRose action alleged medical malpractice by Hansen.  Additionally, upon information and belief, HTMS and Patten admit the DuRose and Harris claims were reported by PVHC to AIG.

20.     Upon information and belief, HTMS and Patten admit the deposition of Bradley Mangum, a former PVHC employee, was taken on June 5, 2014.  HTMS and Patten deny the remaining allegations of Paragraph 20 of the Counterclaim.

21.     HTMS and Patten assert that the deposition testimony referenced in Paragraph 21 of the Counterclaim speaks for itself.  HTMS and Patten deny the allegations to the extent they are inconsistent with the testimony itself and assert that they were not parties to the action in which Mangum was deposed and were not represented by counsel in those proceedings.

4

22.     HTMS and Patten lack knowledge or information sufficient to admit or deny the allegations of Paragraph 22 of the Counterclaim and therefore deny the same.

23.     HTMS and Patten deny the allegations of Paragraph 23 of the Counterclaim.

24.     HTMS and Patten assert that the deposition testimony referenced in Paragraph 24 of the Counterclaim speaks for itself.  HTMS and Patten deny the allegations to the extent they are inconsistent with the testimony itself and assert that they were not parties to the action in which Mangum was deposed and were not represented by counsel in those proceedings.

25.     HTMS and Patten lack knowledge or information sufficient to admit or deny the allegations of Paragraph 25 of the Counterclaim and therefore deny the same.

26.     HTMS and Patten deny the allegations of Paragraph 26 of the Counterclaim to the extent those allegations are directed toward them.  To the extent the allegations are directed toward others, HTMS and Patten lack knowledge or information sufficient to admit or deny the allegations and therefore deny the same.

27.     Patten admits Hansen's medical staff privileges with PVHC were suspended on or about November 27, 2013, and HTMS admits the same upon information and belief.  HTMS and Patten deny the remaining allegations of Paragraph 27 of the Counterclaim.

28.     HTMS and Patten assert that the letter speaks for itself and they deny the allegations of Paragraph 28 of the Counterclaim to the extent they provide an inconsistent or incomplete recitation of the letter.  HTMS and Patten deny the remaining allegations of Paragraph 28 of the Counterclaim.

29.     HTMS and Patten assert that the letter speaks for itself and they deny the allegations of Paragraph 29 of the Counterclaim to the extent they provide an inconsistent or

incomplete recitation of the letter.  HTMS and Patten deny the remaining allegations of

Paragraph 29 of the Counterclaim.

30.     HTMS and Patten assert that the email speaks for itself and they deny the

allegations of Paragraph 30 of the Counterclaim to the extent they provide an inconsistent or

incomplete recitation of the email.  HTMS and Patten deny the remaining allegations of

Paragraph 30 of the Counterclaim.

31.     HTMS and Patten assert that the letter speaks for itself and they deny the

allegations of Paragraph 31 of the Counterclaim to the extent they provide an inconsistent or

incomplete recitation of the letter.  HTMS and Patten deny the remaining allegations of

Paragraph 31 of the Counterclaim.

32.     HTMS and Patten assert that the Stambaugh complaint speaks for itself and they

deny the allegations of Paragraph 32 of the Counterclaim to the extent they provide an

inconsistent or incomplete recitation of the language contained in the complaint.  HTMS and

Patten deny the remaining allegations of Paragraph 32 of the Counterclaim.

33.     HTMS and Patten assert that the Oliver complaint speaks for itself and they deny

the allegations of Paragraph 33 of the Counterclaim to the extent they provide an inconsistent or

incomplete recitation of the language contained in the complaint.  HTMS and Patten deny the

remaining allegations of Paragraph 33 of the Counterclaim.

34.     HTMS and Patten assert that the Sommerville medical review panel application

for claim review speaks for itself and they deny the allegations of Paragraph 34 of the

Counterclaim to the extent they provide an inconsistent or incomplete recitation of the language

contained in the document.  HTMS and Patten deny the remaining allegations of Paragraph 34 of

the Counterclaim.

35.     HTMS and Patten assert that the Johnson medical review panel application for claim review speaks for itself and they deny the allegations of Paragraph 35 of the Counterclaim to the extent they provide an inconsistent or incomplete recitation of the language contained in the document.  HTMS and Patten deny the remaining allegations of Paragraph 35 of the Counterclaim.

36.     HTMS and Patten assert that the UMIA Policy speaks for itself and they deny the allegations of Paragraph 36 of the Counterclaim to the extent they provide an inconsistent or incomplete recitation of the policy provisions.  HTMS and Patten deny the remaining allegations of Paragraph 36 of the Counterclaim.

37.     HTMS and Patten admit the allegations of Paragraph 37 of the Counterclaim. HTMS and Patten further state that UMIA has also denied claims for a lawsuit and a medical review panel application for claim review filed by Nancy and Larry Heiser.

38.     HTMS admits UMIA is defending or contributing to the defense of some of these claims under a reservation of rights.  HTMS and Patten lack knowledge or information sufficient to admit or deny whether UMIA is currently defending or contributing to the defense of all the claims listed in Paragraph 38 of the Counterclaim, and HTMS and Patten therefore deny the same.

39.     HTMS and Patten deny the allegations of Paragraph 39 of the Counterclaim.

40.     HTMS and Patten assert that the UMIA policy speaks for itself and they deny UMIA's representations of the coverage provided by the policy.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF – DECLARATORY JUDGMENT

41.     HTMS and Patten incorporate their prior responses to UMIA's allegations as if set forth fully herein.

42.     HTMS and Patten admit UMIA seeks a declaratory judgment that it has no duty to defend or indemnify the insureds.  HTMS and Patten, however, deny that UMIA is entitled to the relief requested and further deny all remaining allegations of Paragraph 42 of the Counterclaim.

43.     HTMS and Patten deny the allegations of Paragraph 43 of the Counterclaim.

44.     HTMS and Patten deny the allegations of Paragraph 44 of the Counterclaim.

## SECOND CLAIM FOR RELIEF – RESCISSION

45.     HTMS and Patten incorporate their prior responses to UMIA's allegations as if set forth fully herein.

46.     HTMS and Patten deny the allegations of Paragraph 46 of the Counterclaim.

47.     HTMS and Patten deny the allegations of Paragraph 47 of the Counterclaim.

48.     HTMS and Patten deny the allegations of Paragraph 48 of the Counterclaim to the extent those allegations are directed toward them.  To the extent the allegations are directed toward others, HTMS and Patten lack knowledge or information sufficient to admit or deny the allegations and therefore deny the same.

49.     The allegations contained in Paragraph 49 of the Counterclaim call for a legal conclusion such that no answer is required.  To the extent a response is required, HTMS and Patten deny the allegations of Paragraph 49 of the Counterclaim.

50.     HTMS and Patten lack knowledge or information sufficient to admit or deny the allegations of Paragraph 50 of the Counterclaim and therefore deny the same.

51.     HTMS and Patten deny the allegations of Paragraph 51 of the Counterclaim to the extent those allegations are directed toward them.  To the extent the allegations are directed toward others, HTMS and Patten lack knowledge or information sufficient to admit or deny the allegations and therefore deny the same.

52.     The allegations contained in Paragraph 52 of the Counterclaim call for a legal conclusion such that no answer is required.  To the extent a response is required, HTMS and Patten deny the allegations of Paragraph 52 of the Counterclaim.

53.     HTMS and Patten assert that the UMIA Policy speaks for itself and they deny the allegations of Paragraph 53 of the Counterclaim to the extent they provide an inconsistent or incomplete recitation of the policy provisions.  HTMS and Patten deny any remaining allegations of Paragraph 53 of the Counterclaim.

54.     HTMS and Patten lack knowledge or information sufficient to admit or deny the allegations of Paragraph 54 of the Counterclaim relating to the actions of UMIA, and they therefore deny the same.  To the extent, if any, that Paragraph 54 of the Counterclaim alleges that HTMS and Patten failed to provide UMIA with the "true facts as required for the application for the policy," HTMS and Patten deny such allegation.  HTMS and Patten further deny any remaining allegations of Paragraph 54 of the Counterclaim.

55.     HTMS and Patten deny the allegations of Paragraph 55 of the Counterclaim.

56.     HTMS and Patten admit UMIA seeks a declaration that it is entitled to rescission of the UMIA Policy, but HTMS and Patten deny UMIA is entitled to such relief.

## GENERAL DENIAL

HTMS and Patten deny any allegation of UMIA's Counterclaim not specifically admitted herein.

HTMS and Patten deny any unnumbered paragraph of UMIA's Counterclaim, including the Wherefore Clause and its subparts.  HTMS and Patten further deny that UMIA is entitled to the relief requested.

## DEFENSES

1.      UMIA's Counterclaim fails to state a claim upon which relief can be granted.

2.      UMIA's Counterclaim is barred by the doctrines of waiver, laches, estoppel and/or unclean hands.

3.      UMIA's Counterclaim is barred by its own bad faith and/or unreasonable conduct.

4.      UMIA's request for relief is barred by its breach of contract.

5.      UMIA's Counterclaim is barred by the plain meaning of the Policy.

6.      UMIA's Counterclaim is barred by its knowledge of the true facts.

7.      UMIA's Counterclaim is barred by an intervening cause.

8.      UMIA's Counterclaim is barred by its comparative fault or the fault of its agents.

9.      HTMS and Patten reserve the right to assert additional defenses as the case progresses.

DATED December 7, 2015.

/s/ Joanna R. Vilos
Joanna R. Vilos (Wyo. State Bar # 6-4006)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY  82003-1347
Telephone:  (307) 778-4200
jvilos@hollandhart.com

Jose A. Ramirez (admitted *pro hac vice*)
HOLLAND & HART LLP
8390 E. Crescent Parkway, Suite 400
Greenwood Village, CO 80111
Telephone:  (303) 290-1600
jramirez@hollandhart.com

ATTORNEYS FOR
DEFENDANTS/COUNTERCLAIMANTS
HEALTHTECH MANAGEMENT SERVICES,
INC. AND WILLIAM D. PATTEN

### CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2015, I served a true and correct copy of the foregoing by CM/ECF to the following:

> Judith Studer
> Schwartz, Bon, Walker & Studer, LLC
> 141 South Center Street, Suite 500
> Casper, WY 82601
> jstuder@schwartzbon.com
>
> Charles E. Spevacek
> Tiffany M. Brown
> (admitted pro hac vice)
> MEAGHER & GEER PLLP
> 33 South Sixth Street, Suite 4400
> Minneapolis, MN 55402
> cspevacek@meagher.com
> tbrown@meagher.com
>
> Tracy J. Copenhaver
> Copenhaver, Kath, Kitchen & Kolpitcke, LLC
> P.O. Box 839
> Powell, WY 82435
> tracy@ckattorneys.com
>
> Judith Studer
> Schwartz, Bon, Walker & Studer, LLC
> 141 South Center Street, Suite 500
> Casper, WY 82601
> jstuder@schwartzbon.com
>
> Deborah G. Muirhead Kellam
> 2722 Carey Avenue
> Cheyenne, WY 82001
> kellamd@hallevans.com

*s/ Joanna R. Vilos*