**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

---

HOMELAND INSURANCE COMPANY
OF NEW YORK,

       Plaintiff,

v.                           **CASE NO.: 15-CV-31-J**

POWELL HOSPITAL DISTRICT et al.,

       Defendants.

---

**JOINT REPORT OF MEETING AND PROPOSED JOINT DISCOVERY AND
CASE MANAGEMENT PLAN UNDER RULE 26(F) OF THE FEDERAL RULES
OF CIVIL PROCEDURE**

---

1. **State where and when the conference among the parties required by Rule
   26(f) of the Federal Rules of Civil Procedure was held, and identify the
   counsel for each party or any unrepresented *pro se* individual who attended.
   The name of the participant, address, bar number (where applicable),
   telephone and fax numbers, and email addresses must be provided.**

   The Rule 26(f) conference was held on December 31, 2015 by telephone.  The
   following counsel for each party attended:

   **<u>On behalf of Homeland Insurance Company of New York</u>**

   Charles E. Spevacek (MN No. 126044)
   <u>cspevacek@meagher.com</u>
   Tiffany M. Brown (MN No. 302272)
   <u>tbrown@meagher.com</u>
   MEAGHER & GEER, PLLP
   33 South Sixth Street, #4400
   Minneapolis, MN 54502
   T: (612) 338-0661
   F: (612) 338-8384

Judith Studer (WY No. 5-2174)
jstuder@schwartzbon.com
SCHWARTZ BON WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY 82601
T: (307) 235-6681
F: (307) 234-5099

**On behalf of Lexington Insurance Company**

R. Jeff Carlisle, Esq. (CA No. 76009)
jcarlisle@lynberg.com
LYNBERG & WATKINS, APC
888 South Figueroa Street, 16th Floor
Los Angeles, California 90012
T:  (213) 624-8700
F:  (213) 892-2763

Deborah M. Kellam (WY No. 5-2541)
kellamd@hallevans.com
HALL & EVANS, LLC
2015 Central Avenue, Suite C
Cheyenne, WY 82001
T: (307) 514-2567
F: (307) 514-2568

**On behalf of UMIA Insurance, Inc.**

Jon F. Sands (CO No. 10680)
jsands@sweetbaumsands.com
SWEETBAUM SANDS ANDERSON PC
1125 17th Street, #2100
Denver, CO  80202
T: (303) 296-3377
F: (303) 296-7343

Julie Nye Tiedeken (WY No. 5-1949)
jtiedeken@mtslegal.net
MCKELLER, TIEDEKEN & SCOGGIN, LLC
P.O. Box 748
Cheyenne, WY 82003
T: (307) 637-5575
F: (307) 637-5515

**On behalf of HealthTech Management Services, Inc. and William D. Patten**

Jose Ramirez (CO No. 34866)
jramirez@hollandhart.com
Catherine Crane
ccrane@hollandhart.com
HOLLAND & HART LLP
6380 S. Fiddlers Green Circle, Suite 500
Greenwood Village, Colorado 80111
T: (303) 290-1600
F: (303) 290-1606

Joanna Vilos (WY No. 6-4006)
jvilos@hollandhart.com
HOLLAND & HART LLP
2515 Warren Ave., Suite 450
Cheyenne, Wyoming  82001
T: (307) 778-4200
F: (307) 778-8175

**On behalf of Powell Hospital District, Powell Valley HealthCare, Inc., and Jeffrey Hansen, M.D.**

Tracy J. Copenhaver (WY No. 5-2063)
tracy@clattorneys.net
COPEHNAVER KATH KITCHEN & KOLPITCKE, LLC
PO Box 839
Powell WY 82435
T: (307) 754-2276
F: (307) 754-4744

2.    **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

This action seeks to resolve insurance coverage issues arising out of certain Underlying Claims asserted against the Defendants named herein, including (but not limited to) the following cases:

> *Susan Stambaugh et al. v. HealthTech Management Services, Inc. et al.*, Case No. 27758, Park County, Wyoming District Court.

*Susan Stambaugh et al. v. Jeffrey Hansen, M.D. et al.*, Case No. 27818, Park County, Wyoming District Court

*Michelle Oliver v. HealthTech Management Services, Inc. et al.*, Case No. 28035, Park County, Wyoming District Court

*Lynn Snell et al. v. HealthTech Management Services, Inc. et al.*, Case No. 27805, Park County, Wyoming District Court

*Veronica Sommerville et al. v. HealthTech Management Services, Inc. et al.*, Case No. 27813, Park County, Wyoming District Court

*Shane Wilson v. Powell Valley HealthCare, Inc. et al.*, Case No. 28050, Park County, Wyoming District Court

*Joetta Johnson v. HealthTech Management Services, Inc. et al.*, Case No. 27821, Park County, Wyoming District Court

*Jan Brinkerhoff et al. v. HealthTech Management Services, Inc. et al.*, Case No. 27946, Park County, Wyoming District Court

*Anthony DiPilla et al. v. HealthTech Management Services, Inc. et al.*, Case No. 27947, Park County, Wyoming District Court

*Martha McMillen et al. v. HealthTech Management Services, Inc. et al.*, Case No. 27948, Park County, Wyoming District Court

*Shannon Eller v. HealthTech Management Services, Inc. et al.*, Case No. 28015, Park County, Wyoming District Court

*Keela Meier et al. v. HealthTech Management Services, Inc. et al.*, Case No. 28084, Park County, Wyoming District Court

*Keela Meier et al. v. Powell Valley Healthcare, Inc., et al.*, Case No. 28160, Park County, Wyoming District Court

*Jody Sessions et al. v. HealthTech Management Services, Inc. et al.*, Case No. 28090, Park County, Wyoming District Court

*Jody Sessions et al. v. Powell Valley Healthcare, Inc., et al.*, Case No. 28161, Park County, Wyoming District Court

*Nathaniel Bates et al. v. HealthTech Management Services, Inc. et al.*, Case No. 28112, Park County, Wyoming District Court

*Darcy Ronne v. HealthTech Management Services, Inc. et al.*, Case No. 28123, Park County, Wyoming District Court

*Kalan Nicholson v. HealthTech Management Services, Inc. et al.*, Case No. 28178, Park County, Wyoming District Court

*Nancy Crawford et al. v. HealthTech Management Services, Inc. et al.*, Case No. 28199, Park County, Wyoming District Court

*Nancy Heiser et al. v. HealthTech Management Services, Inc. et al.*, Case No. 28198, Park County, Wyoming District Court

*Werbelow v. Powell Valley Healthcare, Inc., et al.,* Case No. 28031, Park County, Wyoming District Court

*Henderson v. HealthTech Management Services, Inc. et al.,* Case No. 28134, Park County, Wyoming District Court

3.    **Briefly describe what this case is about.**

This is an insurance coverage action.  On February 27, 2015, Homeland Insurance Company of New York ("Homeland") filed this action seeking declaratory relief regarding the rights, duties and obligations of Homeland under certain liability insurance policies issued to Powell Hospital District ("Powell") in connection with certain Underlying Claims asserted by or on behalf of former patients of the Powell and Powell Valley Health Care, Inc. ("PVHC"), which Underlying Claims allege Dr. Hansen was negligent in the performance of medical procedures and further asserting direct claims against the Powell, PVHC, HealthTech Management Services, Inc. ("HealthTech") and William D. Patten ("Patten") for negligence in credentialing, hiring, supervising, monitoring, reviewing, training, and extending privileges to Dr. Hansen.  In this action, Homeland seeks a declaration that there is no coverage for the Underlying Claims.

Defendants have filed counterclaims against Homeland seeking a declaration that coverage exists for certain Underlying Claims under Homeland's Policies, and including claims of breach of contract, breach of the duty of good faith and fair dealing and a breach of Wyoming Statute Section 26-15-124(c).

HealthTech and Patten also joined Counterclaim Defendants UMIA Insurance, Inc. ("UMIA") and Lexington Insurance Company ("Lexington"), seeking a

declaration that coverage exists for certain Underlying Claims under insurance policies issued by UMIA and Lexington.

HeathTech and Patten's Counterclaim against UMIA includes a claim for breach of contract, breach of the duty of good faith and fair dealing and a breach of Wyoming Statute Section 26-15-124(c ).

Powell, PVHC and Dr. Hansen have filed crossclaims against both UMIA and Lexington.  As against UMIA, Powell, PVHC and Dr. Hansen assert claims for Breach of Contract, Attorneys Fees and Prejudgment Interest, and Declaratory Judgment. As against Lexington, PVHC, Powell Hospital District and Dr. Hansen assert a claim for Declaratory Judgment.

UMIA filed a counterclaim and crossclaim against all Defendants, seeking a declaration that the UMIA policy does not provide coverage for the Underlying Claims and further seeking to rescind the UMIA policy.

4. **Specify the allegations providing the basis for federal jurisdiction.**

This court has jurisdiction pursuant to 28 U.S.C. § 1332.

5. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons for disagreement.**

N/A.

6. **Discuss whether or not the case is complex.  If the parties believe that the case is complex, explain why and be prepared to address this issue, including scheduling the case management considerations in particular, during the Initial Pretrial Conference.**

All parties believe the case is complex, made so by the number of parties, the number of underlying suits for which coverage is at issue, and the number of issues raised by the pleadings, including essentially separate actions for declaratory judgment, for breach of contract and for rescission.

7. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

At the present time, it would appear to Powell, PVHC, and Dr. Jeffrey Hansen that they will likely be settling the pending lawsuits filed by Susan Stambaugh and Shane Wilson, which settlement will include an assignment of the claims of Powell, PVHC, and Dr. Jeffrey Hansen against the insurers arising out of their

determination to deny coverage and/or defense of the claims of Susan Stambaugh and Shane Wilson. Powell, PVHC and Dr. Hansen believe that these claimants will be the parties with the legal right to pursue the claims against the various insurers, and that they will need to be made parties to the litigation once the assignment is completed. In addition, Powell, PVHC, Dr. Jeffrey Hansen, HealthTech and Mr. Patten are currently in negotiations with counsel for Joetta Johnson, Michelle Oliver, Lynn Snell and Veronica Sommerville pertaining to settlement of their claims and possible assignment of claims against the insurers to those individual claimants. At this time, it is not known whether that will occur.

8.      **List anticipated interventions.**

Should Powell, PVHC, and/or Dr. Jeffrey Hansen assign their claims against the insurers in this case, it is the position of Powell, PVHC and Dr. Jeffrey Hansen that the claimants who received the assignment will become the real parties in interest and that those claimants will have to intervene in this litigation to protect their rights.

HealthTech and Patten are similarly contemplating releases and partial assignments with Susan Stambaugh and Shane Wilson.  To the extent the releases and partial assignments are executed, HealthTech and Patten would have no objection to Stambaugh and Wilson intervening in the action.

9.      **Describe class-action issues, if any.**

N/A

10.     **State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe specifically the arrangements that have been made to complete the disclosures.**

The parties have agreed to the following with regard to initial disclosures required by Rule 26(a):

Homeland will make its initial disclosure required by Rule 26(a) on or before January 14, 2016; and

All other parties will make their initial disclosures required by Rule 26(a) on or before February 1, 2016.

11.     **Describe the proposed agreed discovery plan, including:**

a.      **Responses to all the matters raised in Rule 26(f).**

**26(f)(3)(A) asks the parties to identify any changes that should be made to timing, form or requirements for Initial Disclosures.**

See No. 10 above.

**26(f)(3)(B) asks the parties to identify the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties anticipate discovery on the issues identified in the pleadings.

The parties do not agree on whether or not discovery be conducted in phases.

The parties anticipate that fact discovery can be completed by November 1, 2016 and that expert discovery (including depositions) can be completed by May 6, 2017.

## STATEMENT OF POWELL, PHVC, DR. HANSEN, HEALTHTECH AND PATTEN

With regard to the subjects raised by FRCP 26(f)(3)(B), it is the position of Powell, PVHC, Dr. Hansen, HealthTech and Mr. Patten that discovery will be needed as to the underwriting of the policies, obligation of the insurers to provide coverage and defense, breach of contract, whether or not their decision to deny coverage or defense was reasonable; whether or not the insureds are entitled to recover attorney fees; whether or not the insureds are entitled to recover on their counterclaim against Homeland for bad faith and HealthTech and Patten's bad faith claim against UMIA; and whether or not UMIA is entitled to rescind its insurance policy with the effective date of August 1, 2014 through July 31, 2015. Powell, PHVC, Dr. Hansen, HealthTech and Patten believe discovery should be conducted on the time line agreed to in the conference and that because there is an extensive overlap on the issues, do not believe that discovery can be conducted in phases.

## STATEMENT OF UMIA

UMIA believes that discovery should be conducted in phases, and during each phase, limited to the particular issues that pertain to (1) in the first phase, whether there is coverage under the UMIA policy for any or all claims that have been raised and for which the Counterclaim Defendants, as set forth in the First Claim for Relief in the Counterclaim of UMIA seeking a Declaratory Judgment; and (2) if and only if it is found that there is coverage for any claim, in the second phase,

whether UMIA acted in "bad faith" in its positions with respect to any such claim.  UMIA takes that position because if there is no coverage on any particular claim, or on all claims, there is no need for discovery on the conduct of UMIA, the internal processes and procedures of UMIA, or any other subject that is directed to any extracontractual claims raised by the Counterclaim Defendants. Discovery in insurance extractontracutal lawsuits is invasive, expensive and wasteful.Coverage is a necessary condition precedent to an extracontractual claim.

Discovery in the first phase would also necessarily include whether the policy should be rescinded as set forth in the Second Claim for Relief of the UMIA Counterclaim, because if the policy should be rescinded, there can be no extracontractual claims.

Discovery will be needed on at least the following subjects:

- Whether any claims against UMIA insureds were first made during the UMIA policy period of August 1, 2014-August 1, 2015
- Whether the Counterclaim Defendants complied with all terms and conditions of the UMIA policy
- Whether the claims made are subject to the Insuring Agreement contained in the UIMIA policy
- Whether the Counterclaim Defendants complied with the Terms and conditions of the UMIA insurance policy
- Whether the claims are barred by any exclusion in the UMIA policy
- Whether any insured under the UMIA policy made any misrepresentation, omission, concealment of fact and/or incorrect statements in the course of applying for insurance from UMIA which were material to the acceptance of the risk and/or if known materially affected the decision by UMIA to issue the policy or to issue the policy as written, issued the policy at the same premium rate, issued the policy on the same terms and conditions, pursuant to W.S. 26-15-109.

## STATEMENT OF HOMELAND

Homeland agrees with the statement of UMIA that discovery should be conducted in phases, including its rationale stated therein.  With regard to the phase 1 – whether there is coverage under the Homeland Policies – discovery will be needed on at least the following subjects:

- Whether the underlying claims were first made during the Homeland policy period of August 1, 2013-August 1, 2014

- Whether the claims are barred by any exclusion in the Homeland Policies
- What knowledge any Insured had prior to the inception date of the Homeland Policies, including whether any Insured had knowledge of an act, error, omission or Wrongful Act that it knew or reasonably could have foreseen might result in a Claim.

If however, discovery is not conducted in phases, Homeland agrees with the schedule discussed by the parties during the Rule 26(f) conference.

**26(f)(3)(C) asks the parties to identify whether there are issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Pursuant to Rule 34(b)(E)(ii), the parties shall produce documents in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable.

HealthTech's and Patten's preferred format is as follows:

Produce all responsive electronic documents in single-page Tagged Image File Format ("TIFF", Type 4, 300 DPI resolution) with an accompanying Concordance load file, and document level extracted text file of electronic documents that are not redacted, and an Optical Character Recognition ("OCR") text file of un-redacted portions of redacted documents including document breaks in a Concordance format.  Text and native files need to be in the same physical folder as the corresponding TIFF images or placeholders. Produce all extracted text, embedded edits, and all metadata as part of the collection and production of electronic documents.

Produce all responsive hard-copy documents electronically in single-page TIFF with an accompanying Concordance load file, and an OCR text file of un-redacted portions of redacted hard-copy documents including document breaks and in a Concordance format. If you produce hard-copy documents electronically, then please identify documents that present imaging or formatting problems so that the parties can meet and confer to attempt to resolve.

**26(f)(3)(D) ask the parties to identify any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

To the extent either party withholds documents or information claiming them privileged or protected as trial preparation material, the party will identify that document or information on a privilege log pursuant to Rule 26(b)(5)(A).

The Parties believe a Protective Order is appropriate and will submit a proposed Order for the Court's consideration by January 25, 2016.

**26(f)(3)(E) asks the parties to identify what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

In an effort to encourage coordination and to avoid duplication and redundancy of discovery, all interrogatories, document requests and request to admit served by any party inure to the benefit of and are enforceable by any other party. The settlement, release or dismissal by any means of a party propounding such discovery will not limit the use of responses to discovery, nor will it eliminate the obligation of the responding party to supplement its responses to discovery as required by Rule 26(e).

In answering written discovery, a party may refer to an answer previously provided in response to prior written discovery.

The parties further agree that a party may serve on any other party no more than **35** written interrogatories, including all discrete subparts. The parties agree to act in good faith and use best efforts to avoid duplicative interrogatories. Nothing herein shall limit a party's ability to seek leave of Court to serve additional written discovery or limit a party's ability to move the Court for a protective order.

**26(f)(3)(F) asks the parties to identify any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The Parties believe a Protective Order is appropriate and will submit a proposed Order for the Court's consideration by January 25, 2016.

**b.      When and to whom the plaintiff anticipates it may send interrogatories.**

Homeland anticipates that it will serve interrogatories on all defendants by March 1, 2016.

**c.      When and to whom the defendant anticipates it may send interrogatories.**

HealthTech and Patten anticipate that they will serve interrogatories on all insurers by March 1, 2016.

Powell, PVHC and Dr. Hansen anticipate that they will serve interrogatories on all insurers by March 1, 2016.

Counterclaim Defendant UMIA anticipates sending interrogatories to Counterclaimants HealthTech, William D. Patten, Powell Hospital District, Powell Valley Health Care, Inc., and Jeffrey Hansen, M.D. UMIA anticipates serving the interrogatories on or before February 15, 2016.

Lexington anticipates it will serve interrogatories on UMIA, Homeland, Dr. Hansen, PVHC and/or HealthTech by May 1, 2016.

**d.    Of whom and by when the plaintiff anticipates taking oral depositions.**

Homeland anticipates taking the following depositions:

| DEPONENT | DATE |
|---|---|
| Brad Mangum | |
| Scott Wilson | |
| Dr. Nathaniel Rieb | |
| Tim Seeley | |
| William D. Patten (Party) | |
| Mark Wurzel, MD.. | |

**e.    Of whom and by when the defendant anticipates taking oral depositions.**

Powell, PVHC, Dr. Jeffrey Hansen, HealthTech and Mr. Patten anticipate taking the depositions of representatives from the insurers involved in underwriting the policies or in making the decision to deny coverage and/or defense. At this time, it is not known whom each of these individuals are or what role they played so that a decision can be made regarding whom to depose. In addition to the unknown representatives, it appears that it will be necessary to take the deposition of:

| DEPONTENT | DATE |
|---|---|
| Keith Nagel, UMIA, | |
| Joe McFadden, UMIA, | |
| Danielle M. Freaner, Assistant Vice President, Claims, One Beacon | |

| | |
|---|---|
| Professional Insurance | |
| Valerie May, Assistant Vice President for Claims, One Beacon Professional Insurance | |
| Brian Davis, One Beacon Professional Insurance | |
| Ben Bischer, Senior Claims Analyst, AIG | |
| Donald Bliss, AIG Claims Representative | |
| All 30(b)(6) witnesses designated by the insurers on topics for coverage, underwriting and claims handling. | |

Counterclaim Defendant UMIA anticipates the following depositions:

| DEPONENT | DATE |
|---|---|
| Garth Boreczky | |
| Record Custodian of Willis North America Inc. | |
| 30(b)(6 ) Representative of Willis North America, Inc. | |
| Tim Seeley | |
| William D. Patten (Party) | |
| Chris Voigt, Esq. | |
| Dr. Valerie Lengfelder | |
| Dr. Nathaniel Rieb | |
| Dr. Mark Wurzel | |
| Bradley Mangum | |
| Dr. Jeffrey Hansen (Party) | |
| 30(b)(6) Representative of HTMS | |
| 30(b)(6) Representative of Powell Health District | |
| 30(b)(6) Representative of Powell Valley Healthcare, Inc. | |

At this time, Lexington anticipates attending 30(b)6 and fact witness depositions more likely to be noticed by others. Lexington reserves the right to identify additional witnesses which it may be required to depose in defense of this litigation. Those persons are not yet known by Lexington.

The parties anticipate that each oral deposition can be completed within 7 hours as set forth in Rule 30(d)(1).  However, it is unknown how much time

any individual deposition may require, therefore all parties reserve the right to request leave of court to depose beyond the deadline in Rule 30(d)(1).

The parties have agreed that depositions may be taken between May 2, 2016 and November 1, 2016.

All parties reserve the right to identify additional witnesses to be deposed.

**f.** **(i)** **Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to the opposing party.**

January 6, 2017

**(ii)** **Specify the date experts for defendant (or opposing party) will be designated and their reports provided to the opposing party.**

March 7, 2017

**g.** **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion dates.  See Rule 26(a)(2)(B) (expert report).**

Plaintiff (or the party with the burden of proof on an issue) will complete the depositions of any expert it intends to depose by May 6, 2017.

**h.** **List expert depositions the defendant (or opposing party) anticipates taking and their anticipated completion dates.  See Rule 26(a)(2)(B) (expert report).**

Powell, PVHC, Dr. Jeffrey Hansen, HealthTech and Mr. Patten intend to take the depositions of all experts designated by any parties in this litigation.

Defendants (or opposing party) will complete the depositions any experts they intend to depose by March 7, 2017.

**12.** **If the parties have not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

N/A.

13. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

   N/A.

14. **State the date the parties believe planned discovery can reasonably be completed.**

   Fact discovery by November 1, 2016; and expert discovery by May 6, 2017.

15. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed during your Rule 26(f) meeting.**

   The parties do not anticipate prompt settlement.

   The insurers believe the case can be resolved by dispositive motion.

   Powell, PVHC, Dr. Jeffrey Hansen, HealthTech and Mr. Patten do not agree that the entire case can be resolved by dispositive motions.

16. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

   The parties have cooperatively agreed to a case management schedule and discovery plan as the most efficient means to bring about a prompt resolution of the case.

17. **From the attorneys' discussions with the client(s), state the alternative dispute resolution techniques that may be reasonably suitable.**

   The parties agree that at some point, mediation may be appropriate.

18. **State whether a jury demand has been made and if it was made on time.**

   Powell, PVHC, Dr. Jeffrey Hansen, HealthTech and Mr. Patten timely requested a jury trial.

   Lexington timely demanded a trial by jury.

19. **Specify the number of hours it is expected that it will take to present the evidence in this case.**

   3 weeks.

20. **List pending motions that could be ruled on at the Initial Pretrial Conference.**

   N/A.

21. **List other pending motions, if any.**

   N/A.

22. **Indicate other matters peculiar or unique to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference.**

   Homeland anticipates that this case can be resolved by dispositive motion.

   Powell, PVHC, Dr. Jeffrey Hansen, HealthTech and Mr. Patten believe the insurers' duty to provide a defense can be resolved by a motion for partial summary judgment but disagree that the entire case can be resolved by dispositive motion.

   The parties agree that nothing in deadlines identified herein amend or alter the Federal Rules of Civil Procedure related to the timing and making of dispositive motions, or objection to making of the same. A party is not required to wait until the close of discovery before bringing a dispositive motion.

23. **Indicate whether the parties anticipate any amendments to the pleadings.**

   Homeland does not anticipate any amendments to its pleadings.

   Powell, PVHC, and Dr. Jeffrey Hansen likely will need to amend their cross claim against UMIA to assert a claim regarding breach of the duty to defend and provide coverage as to both the DiPilla and Heiser claims, as well as a claim for bad faith arising out of UMIA's failure to defend and cover claims and effort to rescind the 2014-15 insurance policy.

   It is anticipated that any Amended pleadings for UMIA will be filed by March 1, 2016, except to the extent UMIA must respond to amended pleadings filed by any other party, in which instance UMIA will respond as required by the Federal Rules of Civil Procedure.

24. **List the names, bar numbers, addresses, email addresses, and telephone numbers for all counsel. List the names, addresses, email addresses and telephone numbers for all parties and unrepresented *pro se* litigants.**

**Homeland Insurance Company of New York**

Charles E. Spevacek (MN No. 126044)
cspevacek@meagher.com
Tiffany M. Brown (MN No. 302272)
tbrown@meagher.com
MEAGHER & GEER, PLLP
33 South Sixth Street, #4400
Minneapolis, MN 54502
T: (612) 338-0661
F: (612) 338-8384

Judith Studer (WY No. 5-2174)
jstuder@schwartzbon.com
SCHWARTZ BON WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY 82601
T: (307) 235-6681
F: (307) 234-5099

**Lexington Insurance Company**

R. Jeff Carlisle, Esq. (CA No. 76009)
jcarlisle@lynberg.com
Catherine A. Naltsas, Esq. (CA No. 262259)
cnaltsas@lynberg.com
LYNBERG & WATKINS, APC
888 South Figueroa Street, 16th Floor
Los Angeles, California 90012
T:  (213) 624-8700
F:  (213) 892-2763

Deborah M. Kellam (WY No. 5-2541)
kellamd@hallevans.com
HALL & EVANS, LLC
2015 Central Avenue, Suite C
Cheyenne, WY 82001
T: (307) 514-2567
F: (307) 514-2568

**UMIA Insurance, Inc.**

Jon F. Sands (CO. No. 10680)
jsands@sweetbaumsands.com
Marilyn S. Chappell (CO. No. 14083)
mchappell@sweetbaumsands.com
SWEETBAUM SANDS ANDERSON PC
1125 17th Street, #2100
Denver, CO  80202
T: (303) 296-3377
F: (303) 296-7343

Julie Nye Tiedeken (WY No. 5-1949)
jtiedeken@mtslegal.net
MCKELLER, TIEDEKEN & SCOGGIN, LLC
P.O. Box 748
Cheyenne, WY 82003
T: (307) 637-5575
F: (307) 637-5515

**HealthTech Management Services, Inc. and William D. Patten**

Jose Ramirez (CO No. 34866)
jramirez@hollandhart.com
Catherine Crane
ccrane@hollandhart.com
HOLLAND & HART LLP
6380 S. Fiddlers Green Circle, Suite 500
Greenwood Village, Colorado 80111
T: (303) 290-1600
F: (303) 290-1606

Joanna Vilos (WY No. 6-4006)
jvilos@hollandhart.com
HOLLAND & HART LLP
2515 Warren Ave., Suite 450
Cheyenne, Wyoming  82001
T: (307) 778-4200
F: (307) 778-8175

**<u>Powell Hospital District, Powell Valley HealthCare, Inc., and Jeffrey Hansen, M.D.</u>**

Tracy J. Copenhaver (WY No. 5-2063)
tracy@clattorneys.net
COPEHNAVER KATH KITCHEN & KOLPITCKE, LLC
PO Box 839
Powell WY 82435
T: (307) 754-2276
F: (307) 754-4744


Dated:  January 7, 2016                    s/Tiffany M. Brown
                                           Charles E. Spevacek (MN No. 126044)
                                           *Admitted Pro Hac Vice*
                                           cspevacek@meagher.com
                                           Tiffany M. Brown (MN No. 302272)
                                           *Admitted Pro Hac Vice*
                                           tbrown@meagher.com
                                           MEAGHER & GEER, PLLP
                                           33 South Sixth Street, #4400
                                           Minneapolis, MN 54502
                                           T: (612) 338-0661
                                           F: (612) 338-8384


Dated:  January 7, 2016                    s/Judith Studer
                                           Judith Studer (WY No. 5-2174)
                                           jstuder@schwartzbon.com
                                           SCHWARTZ BON WALKER & STUDER, LLC
                                           141 South Center Street, Suite 500
                                           Casper, WY 82601
                                           T: (307) 235-6681
                                           F: (307) 234-5099

                                           *Attorneys for Homeland Insurance Company of New York*

Dated:  January 7, 2016                          s/R. Jeff Carlisle
                                        R. Jeff Carlisle, Esq. (CA No. 76009)
                                        *Admitted Pro Hac Vice*
                                        jcarlisle@lynberg.com
                                        Catherine A. Naltsas, Esq. (CA No. 262259)
                                        *Admitted Pro Hac Vice*
                                        cnaltsas@lynberg.com
                                        LYNBERG & WATKINS, APC
                                        888 South Figueroa Street, 16th Floor
                                        Los Angeles, California 90012
                                        T:  (213) 624-8700
                                        F:  (213) 892-2763




Dated:  January 7, 2016                          s/Deborah M. Kellam
                                        Deborah M. Kellam (WY No. 5-2541)
                                        kellamd@hallevans.com
                                        HALL & EVANS, LLC
                                        2015 Central Avenue, Suite C
                                        Cheyenne, WY 82001
                                        T: (307) 514-2567
                                        F: (307) 514-2568

                                        *Attorneys for Lexington Insurance Company*

Dated:  January 7, 2016        s/Jon F. Sands
                         Jon F. Sands (CO. No. 10680)
                         *Admitted Pro Hac Vice*
                         jsands@sweetbaumsands.com
                         Marilyn S. Chappell (CO. No. 14083)
                         *Admitted Pro Hac Vice*
                         mchappell@sweetbaumsands.com
                         SWEETBAUM SANDS ANDERSON PC
                         1125 17th Street, #2100
                         Denver, CO  80202
                         T: (303) 296-3377
                         F: (303) 296-7343

Dated:  January 7, 2016        s/Julie Nye Tiedeken
                         Julie Nye Tiedeken (WY No. 5-1949)
                         jtiedeken@mtslegal.net
                         MCKELLER, TIEDEKEN & SCOGGIN, LLC
                         P.O. Box 748
                         Cheyenne, WY 82003
                         T: (307) 637-5575
                         F: (307) 637-5515

                         *Attorneys for UMIA Insurance, Inc.*

Dated:  January 7, 2016        s/Jose Ramirez

Jose Ramirez (CO No. 34866)
*Admitted Pro Hac Vice*
jramirez@hollandhart.com
Catherine Crane
ccrane@hollandhart.com
HOLLAND & HART LLP
6380 S. Fiddlers Green Circle, Suite 500
Greenwood Village, Colorado 80111
T: (303) 290-1600
F: (303) 290-1606


Dated:  January 7, 2016        s/Joanna Vilos

Joanna Vilos (WY No. 6-4006)
jvilos@hollandhart.com
HOLLAND & HART LLP
2515 Warren Ave., Suite 450
Cheyenne, Wyoming  82001
T: (307) 778-4200
F: (307) 778-8175


*Attorneys for HealthTech Management Services, Inc.*
*and William D. Patten*


Dated:  January 7, 2016        s/Tracy Copenhaver

Tracy J. Copenhaver (WY No. 5-2063)
tracy@clattorneys.net
COPEHNAVER KATH KITCHEN
  & KOLPITCKE, LLC
PO Box 839
Powell WY 82435
T: (307) 754-2276
F: (307) 754-4744


*Attorneys for Powell Hospital District, Powell Valley*
*HealthCare, Inc. and Jeffrey Hansen, M.D.*

10734834.1