IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2016 JAN 15 PM 3 20

STEPHAN HARRIS, CLERK
CHEYENNE

| | |
|---|---|
| Homeland Insurance Company of New York, | |
| Plaintiff, | |
| vs. | Case No. 15-CV-31-ABJ |
| Powell Hospital District No. 1 et al., | |
| Defendants. | |

**ORDER ON INITIAL PRETRIAL CONFERENCE, ORDER BIFURCATING DISCOVERY, and ORDER SCHEDULING PHASE I**

**Anticipated Length of Trial: 15 days**
**Jury:__X__   Non-Jury:____**

1. __X__ **CONSENT TO TRIAL BY MAGISTRATE JUDGE.** The parties are all aware of the provisions of 28 U.S.C. § 636(c) and U.S.D.C.L.R. 73.1(b), and acknowledge that this case will proceed before the District Judge assigned hereto, and not before the Magistrate Judge located in Cheyenne, Wyoming. However, the parties are not precluded from consenting to trial before a Magistrate Judge anytime sixty (60) days prior to the trial date.

2. __X__ This is a complex case. Being as such, the Court will bifurcate discovery into two phases: (1) discovery on insurance coverage; (2) discovery concerning bad faith exclusively. The first phase of discovery is open to all issues dealing with insurance coverage, even if those issues are tangentially related to the question of bad faith. The second phase of discovery—if warranted—will deal with all issues exclusively concerning the question of bad faith. The court finds that designation of "complexity" is appropriate due to the number of parties, the number of issues, the sensitive discovery problems, and the diversity of claims asserted in the pleadings.

3. __X__ **The parties have** held a 26(f) conference under Rule 26(f) of the Federal Rules of Civil Procedure. The parties have a continuing duty to supplement or correct all discovery disclosures or responses in accordance with Fed. R. Civ. P. 26(a) and (e) and U.S.D.C.L.R. 26.1(c). The Court finds that the *Joint Report and Case Management Plan* (Doc. No. 55) represents the intent of the parties as of January 14, 2016, with some minor caveats. The Court recognizes the effort of the parties to resolve many of the issues

pertaining to discovery in the *Case Management Plan.*

4.__1/25/2016_____ **PROTECTIVE ORDER:** The parties are currently constructing a protective order to deal with the various disclosure intricacies in this case. The parties stipulated that they would submit a protective order on or before this date. The Court appreciates the parties' aforethought on these issues. The conflicts that may arise during discovery related to privacy law, privilege law and confidentiality will require consideration throughout the litigation process. The addition of claimant parties through assignment by the Defendants appears to the undersigned to represent a problematic situation that will require on-going consideration by the parties.

5.__2/1/2016_____ **The parties are in the process of complying** with the self-executing routine discovery exchange as required by U.S.D.C.L.R.26.1(b). The parties have a continuing duty to supplement or correct all discovery disclosures or responses in accordance with Fed. R. Civ. P. 26(a) and U.S.D.C.L.R. 26.1. Homeland Insurance provided its initial disclosures on January 14, 2016. The other parties will provide their initial disclosures on or before the date listed.

6.__3/1/2016_____ **EXCHANGE OF NAMES OF INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION AND LISTS OF EXHIBITS** has been partially accomplished. The parties shall exchange the names and lists of exhibits on or before this date.

7.__X_____ **NEW PARTIES:** Any motions to add new parties may be filed at any time given the nature of this complex case. The parties anticipate potentially adding other parties. In the event the complaint is amended solely to add a newly tendered claim that may have been filed after the present pleading, the complaint may be amended without formal motion. Any response to a newly tendered underlying claim may be adequately reflected in the answers, counterclaims, crossclaims, and third-party complaints which may stand in response to the amended complaint.

8.__5/1/2016_____ **AMENDMENTS TO PLEADINGS:** The Hospital and Physician parties gave verbal notice that they intend to amend their pleadings to assert a separate bad faith claim against UMIA. This amendment should be ready and filed on or before February 1, 2016. Any other motions to amend pleadings alleging new claims to the pleadings shall be filed by May 1, 2016. The parties stipulate that amendments to pleading should be allowed at any time to add claimants when their underlying claims have been settled and the Defendants have assigned their interests.

**DISCOVERY PHASE ONE: INSURANCE COVERAGE. The discovery and dispositive motion deadlines below only apply to questions of insurance coverage; not the pending bad**

**faith claims.**

9.\_\_11/1/2016\_\_\_\_\_ **FACT DISCOVERY** must be completed by this date. The parties have agreed to a period in which they will conduct discovery related to the insurance coverage issues as reflected in the *Joint Report and Case Management Plan* and the transcript of the January 14, 2016 hearing.

10.\_\_1/6/2017\_\_\_\_\_ **EXPERT WITNESSES FOR PLAINTIFF, COUNTER-PLAINTIFF, CROSS-PLAINTIFF** shall be identified by a report listing the qualifications of each expert, each opinion the expert will present, and the basis for each opinion. All designations of expert witnesses must fully comply with the provisions of Local Rule 26.1(e) and shall be completed by this date. Expert witness designations need not be filed.

11.\_\_3/7/2017_____ **EXPERT WITNESSES FOR DEFENDANT, COUNTER-DEFENDANT, CROSS-DEFENDANT** shall be identified by a report listing the qualifications of each expert, each opinion the expert will present, and the basis for each opinion. All designations of expert witnesses must fully comply with the provisions of Local Rule 26.1(e).

12.\_\_5/6/2017\_\_\_\_\_ **EXPERT DISCOVERY including IMEs and expert witness depositions,** must be completed by this date. Written discovery requests are not timely if they are filed so close to this deadline that the recipient would not be required under Federal Rules of Civil Procedure to respond until after the deadline.

13.\_\_5/19/2017\_\_\_\_ **DISPOSITIVE MOTIONS** to be filed by this date. Requests for oral argument or hearing must be filed at the same time dispositive motions are filed. No hearing will be held on any dispositive motion in the absence of a timely request for hearing and as further ordered by the Court by separate order. **Generally, however, all dispositive motions will be decided on the briefs without oral argument.** The Court additionally notes that dispositive motions may be filed at any earlier point in time. If necessary, opposing parties may seek additional time to respond with a proper motion under Rule 56(d) of the Federal Rules of Civil Procedure.

14.\_\_6/2/2017\_\_\_\_\_ **RESPONSES TO DISPOSITIVE MOTIONS** to be filed by this date or, if filed earlier than the date set out in paragraph 12, above, within 14 days after service of the motion. Requests for oral argument or hearing must be filed at the same time responses to dispositive motions are filed. No hearing will be held on any dispositive motion in the absence of a timely request for hearing and as further ordered by the Court by separate order.

15.\_\_6/9/2017\_\_\_\_\_ **REPLIES** may be filed only if no oral argument or hearing has been set upon request in the motion or response and must be filed within 7 days after

3

      service of any response brief. If a reply brief is filed, there will be no setting for oral argument or hearing.

16. __X__    **PHASE I ENDS** after all discovery and dispositive motions are complete as to insurance coverage. If any portion of the case survives dispositive motions, the Court will set another scheduling conference to set discovery and dispositive motion deadlines on the claims of insurance bad faith. The Court will also set all pretrial dates and the trial date at that time.

17. __X__    **MEDIATION/ADR:** The Court encourages the parties to reevaluate their settlement prospects and determine whether mediation or ADR may be appropriate in this case after further discovery has been accomplished.

The Court notes that the parties will discuss party realignment and electronic discovery and will report their resolution of these issues or seek assistance from the court.

**The *Joint Report and Case Management Plan* (Doc. No. 55) represents the agreement of the parties, except as modified in this order.**

DEADLINES WILL NOT BE CHANGED, ABSENT COMPELLING OR EXTRAORDINARY CIRCUMSTANCES. THE PARTIES SHOULD INFORM THEMSELVES OF ALL OTHER DEADLINES THAT ARE APPLIED BY THE COURT, REFLECTED IN THE COURT PROCEDURES FOR HONORABLE ALAN B. JOHNSON, AND THE APPENDICES IN THE COURT PROCEDURES, INCLUDING THE JOINT FINAL PRETRIAL MEMORANDUM AND FINAL PRETRIAL ORDER.

      Dated this 15th day of January, 2016.

                                        ALAN B. JOHNSON
                                        UNITED STATES DISTRICT JUDGE