Tracy J. Copenhaver
COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
Telephone (307) 754-2276
Fax (307) 754-4744
Email tracy@ckattorneys.net

Attorney for Powell Valley Health Care, Inc.,
Powell Hospital District, and Dr. Jeffrey Hansen

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING
_____

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 15-CV-31-J<br>) |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTH CARE, INC., HEALTHTECH MANAGEMENT SERVICES, INC., JEFFREY HANSEN, M.D., and WILLIAM D. PATTEN, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| and | )<br>) |
| HEALTHTECH MANAGEMENT SERVICES, INC. and BILL PATTEN, | )<br>)<br>) |
| Counterclaimants | )<br>) |
| vs. | ) **DEFENDANT POWELL VALLEY**<br>) **HEALTH CARE, INC. AND POWELL** |
| UMIA INSURANCE, INC. and LEXINGTON INSURANCE COMPANY, | ) **HOSPITAL DISTRICT'S FIRST**<br>) **AMENDED CROSSCLAIM AGAINST**<br>) **COUNTERCLAIM DEFENDANT** |
| Counterclaim-Defendants | ) **UMIA INSURANCE, INC.** |

```
                                        )
        and                             )
                                        )
POWELL HOSPITAL DISTRICT,               )
POWELL VALLEY HEALTH CARE,              )
INC., and JEFFREY HANSEN, M.D.,         )
                                        )
        Cross-Claimants,                )
                                        )
vs.                                     )
                                        )
UMIA INSURANCE, INC., and               )
LEXINGTON INSURANCE COMPANY,            )
                                        )
                                        )
        Crosslaim-Defendants.           )
```

The Defendants Powell Hospital District (PHD) and Powell Valley Health Care, Inc. (PVHC), by and through their counsel, Tracy J. Copenhaver of Copenhaver, Kath, Kitchen & Kolpitcke, LLC, hereby submit their First Amended Crossclaim against UMIA Insurance, Incorporated (UMIA) and state as follows:

## CROSSCLAIM AGAINST UMIA

Background:

1. UMIA is an insurance company incorporated in Oregon, with its principal place of business in Utah.

2. PHD is a hospital district organized and existing under the laws of the State of Wyoming, with its principal place of business in Park County, Wyoming. PVHC is a Wyoming corporation with its principal place of business in Powell, Wyoming.

Underlying Litigation:

3. This Crossclaim filed by PHD and PVHC arises out of the allegations of UMIA that it is entitled to deny coverage and/or a defense to PVHC and PHD in connection with

the alleged medical malpractice by Jeffrey Hansen, M.D. while Hansen was employed by PVHC, as more specifically set forth in the complaints, governmental claims and/or Medical Review Panel proceedings filed by the below-named litigants or claimants in the proceedings filed in the District Court, Fifth Judicial District, Park County, Wyoming and/or as set forth in the petitions for medical review filed before the Medical Review Panel of the State of Wyoming and/or as noticed in governmental claims filed with these Defendants or other claims for which UMIA is asking to rescind coverage, inclusive of Mark Bonamarte, Harry Allen Knopp, Jan and Bart Brinkerhoff, Anthony DiPilla, Martha McMillen, Peggy Werbelow, Sheryl Henderson, Jody and Jerry Sessions, Keela and Brock Meier, Shannon Eller, Nathaniel Bates, Darcy Ronne, Nancy and Earl Crawford, Nancy and Larry Heiser, Kalan Nicholson, and all other persons for whom these Defendants have provided a formal notice of possible claim to UMIA should those patients elect to file claims, all of whom collectively are referred to herein as the "underlying claimants".

<u>Insurance Policies, Tender and Denials</u>:

4. In August 2014, UMIA issued policy no. WY920017 (the UMIA policy) to PHD and PVHC effective from August 1, 2014 to August 1, 2015.  The UMIA policy includes professional liability coverage and excess coverage.

5. PHD, PVHC and Hansen are insureds under the UMIA policy.

6. There has been no gap in coverage between the expiration of the Lexington policies in effect prior to August 1, 2013 and the Homeland policy in effect from August 1, 2013 through July 31, 2014 and the UMIA policy commencing August 1, 2014 and continuing through the present date.

7. Each of the claims of the above-named underlying claimants has been tendered to UMIA for defense and coverage under the UMIA policy.

UMIA Claim Denial:

8. UMIA has, by letters dated February 10, 2015 and February 23, 2015, notified these Defendants that it was denying coverage and would refuse to defend the DiPilla claim and, by letter dated November 20, 2015, has denied any liability for defense or indemnity of the Heiser claim.  UMIA asserted as a basis for the denial of coverage and defense that a request for records by a law firm constituted notice of a claim prior to the inception of the UMIA policy year and asserted that PVHC was aware of the existence of a potential claim as of the date the policy was issued (August 11, 2014).  UMIA asserts that DiPilla and Heiser claims against PVHC were therefore not first made and reported during the policy period or reporting period and are not subject to coverage under Coverage A or C under the policy.  UMIA has no basis for its assertion other than that a medical records request was made.  The actual notice of claim was not delivered to PHD, PVHC or Hansen until after inception of the policy.

9. UMIA has also notified these Defendants by letter that each of the other underlying claimants' claims would be defended subject to a reservation of rights and which they now claim, as set forth in their Crossclaim against these Defendants and as set forth in their reservation of rights letters, that they have no obligation to indemnify these Defendants for the claims and damages should they be awarded to those claimants in the remainder of the underlying claims.  These Defendants were not aware of the existence of a potential claim of any of the underlying claimants as of the date of inception of the UMIA policy.

10,. There is no reasonable basis for UMIA to deny a defense or coverage as to the claims asserted by the underlying claimants.

11.  UMIA has been notified by these Defendants that they dispute and disagree that merely because a request for medical records had been made, that did not constitute nor give notice of a claim, and dispute that it is a valid basis for denying a defense or coverage.

### CLAIM I.  BREACH OF CONTRACT - UMIA

12.  PVHC, PHD and Hansen incorporate their answers and allegations from the foregoing paragraphs of this pleading.

13.  As described above, UMIA entered into a binding written agreement to provide professional liability insurance and excess liability insurance to PVHC, PHD and Hansen as insureds under the UMIA policies.

14.  UMIA has a duty to defend PVHC, PHD and Hansen and provide indemnity against damages pursuant to the terms of the primary and/or excess policies (UMIA policies).

15.  PVHC, PHD and Hansen fully performed their obligations under the policies by paying premiums in full and on a timely basis, and PVHC, PHD and Hansen have satisfied any conditions precedent to coverage under the policies, including submission of timely notices.

16.  UMIA has materially breached the insurance policy by refusing to perform its contractual obligation.

17.  Specifically, UMIA has breached its contractual obligation by:

  a. refusing to defend PVHC, PHD and Hansen;

  b. refusing to reimburse PVHC, PHD and Hansen for fees and expenses incurred; and

  c. refusing to pay for defense counsel;

  d. by denying coverage, and refusing to pay any indemnity that may be determined to be owed.

18. UMIA's refusal to perform is not excused or justified in any manner.

19. UMIA has also breached its duty to act in good faith and fair dealing with PVHC, PHD and Hansen.

20. As a result of UMIA's breaches of its respective insurance policies, PVHC, PHD and Hansen have been damaged and are entitled to recover damages from UMIA in an amount to be determined at trial.

21. UMIA's unreasonable acts and misconduct have caused damages to PHD, PVHC and Hansen in an amount to be determined at trial.

## CLAIM II: ATTORNEY FEES AND PRE-JUDGMENT INTEREST

22. PVHC, PHD and Hansen incorporate their previous allegations as set forth in the foregoing paragraphs of this pleading.

23. As described above, UMIA is obligated to defend PVHC, PHD and Hansen as insureds under the UMIA insurance policies for all underlying claims.

24. UMIA has denied coverage to PVHC, PHD and Hansen as explained above.

25. UMIA's denial of coverage is unreasonable.

26. Pursuant to W.S. §2-15-124(c), PHD, PVHC and Hansen are entitled to an award of reasonable attorney fees and interest at ten percent (10%) per year.

**CLAIM III: DECLARATORY JUDGMENT - UMIA AND LEXINGTON**

27. PHD, PVHC and Hansen incorporate their prior allegations as set forth in the foregoing paragraphs of this pleading.

28. There is an existing controversy between PVHC, PHD and Hansen on the one hand, and UMIA on the other hand concerning the duty of UMIA to defend, provide indemnity and fulfill other obligations under the insurance policies regarding each of the underlying claims.

29. There is an existing controversy between PHD, PVHC and Hansen on the one hand and Lexington on the other concerning Lexington's duty to defend, indemnify and fulfill other obligations under the Lexington policies as it relates to the claims of the six claimants.

30. Pursuant to Fed.R.Civ.P. 57 and the Declaratory Judgment Act, 28 U.S.C. §2201, PHD, PVHC and Hansen request that the Court declare the duties and obligations of UMIA and Lexington under their insurance policies.  Specifically, PHD, PVHC and Hansen ask the Court to declare:

    a.    PHD, PVHC and Hansen are entitled to a defense from UMIA as to each of the underlying claims, and from Lexington should the counterclaim of PHD, PVHC and Hansen against Homeland be denied;

    b.    that PHD, PVHC and Hansen are entitled to be indemnified by UMIA for each of the underlying claims and by Lexington should the counterclaim of PHD, PVHC and Hansen against Homeland be denied as to the claims of the six claimants for any damages awarded in the underlying litigation;

    c.    that none of the provisions in the insurance policies exclude insurance coverage for PHD, PVHC or Hansen relating to the claim against UMIA arising out of any of the underlying litigation and should the counterclaim against Homeland be denied, that the claim against Lexington arising out of the claims of the six claimants is covered by the Lexington policy;

    d.    that UMIA and Lexington must reimburse PHD, PVHC and Hansen for the legal expenses, costs and fees they incur in defending or settling the insurance claims.

### PRAYER FOR RELIEF

WHEREFORE, PHD, PVHC and Hansen seek judgment against UMIA and/or Lexington for:

- declaratory relief as specified above;
- actual compensatory and consequential damages in an amount to be proven at trial;
- all statutory damages available per statute in an amount to be determined at trial;
- pre-judgment and post-judgment interest as allowed by law;
- costs for pursuing the lawsuit, including attorney fees as allowed by law; and

- any and all other relief the Court deems proper.

- 

## DEMAND FOR JURY TRIAL

PHD, PVHC and Hansen demand a trial by jury on all claims so triable.

DATED this _____ day of May, 2016.

                                    /s/ *Tracy J. Copenhaver*
                                    TRACY J. COPENHAVER, State Bar #5-2063
                                    COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
                                    P.O. Box 839, Powell, WY 82435
                                    307-754-2276
                                    tracy@ckattorneys.net
                                    Attorney for Powell Hospital District, Powell Valley Health Care, Inc., & Jeffrey Hansen, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing First Amended Counterclaim against UMIA Insurance via CM/ECF mail notification to the following, this _____ day of May, 2016:

Judith Studer
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY 82601
jstuder@schwartzbon.com

Joanna R. Vilos
Holland & Hart, LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003
jvilos@hollandhart.com

Jose A. Ramirez
Holland & Hart
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003
jramirez@hollandhart.com

Julie Nye Tiedeken
McKellar, Tiedeken & Scoggin, LLC
702 Randall Avenue
Cheyenne, WY 82001
jtiedeken@mtslegal.net

Jon F. Sands
Sweetbaum, Sands, Anderson PC
1125 17th Street, #2100
Denver, CO 80202
jsands@sweetbaumsands.com

Deborah M. Kellam
Hall & Evans, LLC
2015 Central Avenue, Suite C
Cheyenne, WY 82001
kellamd@hallevans.com

Charles E. Spevacek
Tiffany M. Brown
Meagher & Geer, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
cspevacek@meagher.com
tbrown@meagher.com

Catherine A. Naltas and R. Jeff Carlisle
Lynberg & Watkins
888 S. Figueroa Street, 16th Floor
Los Angeles, CA 90017
cnaltsas@lynberg.com; jcarlisle@lynberg.com

Jeffrey Hansen, M.D.
jnhansenmd@gmail.com


/s/ *Tracy J. Copenhaver*
COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC