Jon M. Moyers
WY State Bar #6-3661
MOYERS LAW P.C.
490 North 31st Street, Suite 101
Billings, Montana 59101
(406) 655-4900
(406) 655-4905 fax
jon@jmoyerslaw.com

Robert A. Krause
WY State Bar #5-2824
15 S. Jackson Street
P.O. Box 548
Jackson, WY 83001
(844) 447-5497
krause@spencelawyers.com

William R. Fix
WY State Bar #5-1908
Fix Law Office
P.O. Box 297
Jackson, WY 83001
(307) 733.5848
(307) 333.0717 fax
fixlawoffice@gmail.com

Attorneys for Scott J. Goldstein,
Personal Injury Trustee for the
Powell Valley Health Care, Inc.
Personal Injury Trust

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>POWELL HOSPITAL DISTRICT, )<br>POWELL VALLEY HEALTH CARE, INC., )<br>HEALTHTECH MANAGEMENT )<br>SERVICES, INC., JEFFREY HANSEN, )<br>M.D., and WILLIAM D. PATTEN, )<br>)<br>Defendants. ) | Case No. 15-CV-31-J |

WA 10823318.1

|                                              |    |
|----------------------------------------------|----|
| and                                          | )  |
|                                              | )  |
| HEALTHTECH MANAGEMENT                        | )  |
| SERVICES, INC., and WILLIAM D.               | )  |
| PATTEN,                                      | )  |
|                                              | )  |
| Counter-Claimants,                           | )  |
|                                              | )  |
| vs.                                          | )  |
|                                              | )  |
| UMIA INSURANCE, INC., and                    | )  |
| LEXINGTON INSURANCE COMPANY,                 | )  |
|                                              | )  |
| Counterclaim-Defendants                      | )  |
|                                              | )  |
| and                                          | )  |
|                                              | )  |
| POWELL HOSPITAL DISTRICT,                    | )  |
| POWELL VALLEY HEALTH CARE,                   | )  |
| INC., AND JEFFREY HANSEN, M.D.,              | )  |
|                                              | )  |
| Cross-Claimants,                             | )  |
|                                              | )  |
| vs.                                          | )  |
|                                              | )  |
| UMIA INSURANCE, INC., and                    | )  |
| LEXINGTON INSURANCE COMPANY,                 | )  |
|                                              | )  |
| Crossclaim-Defendants.                       | )  |

## STIPULATION FOR DISMISSAL WITH PREJUDICE

Powell Valley Health Care, Inc. ("PVHC"), Powell Hospital District, (the "District"),
Jeffrey Hansen, M.D. ("Hansen"), HealthTech Management Services, Inc. ("HTMS"), William
D. Patten ("Patten"), Scott J. Goldstein, in his capacity as the Personal Injury Trustee (the
"PIT"), and  UMIA Insurance, Inc. ("UMIA," and together with PVHC, the District, Hansen,
HTMS, Patten, and PIT, the "Movants") through their respective counsel, enter into this
Stipulation For Dismissal With Prejudice (the "Stipulation") and state as follows:

1.      On February 27, 2015, Homeland Insurance Company of New York
("Homeland") filed a complaint for declaratory relief (the "Complaint") against PVHC, the

WA 10823318.1

District, HTMS, Patten, and Hansen related to insurance coverage for various claims resulting from medical procedures performed by Hansen while he was employed by PVHC.

2.      On June 1, 2015, PVHC, the District, and Hansen filed an answer to the Complaint, and also asserted a counterclaim against Homeland. [Doc. 15].

3.      On June 1, 2015, HTMS and Patten filed an answer to the Complaint and also asserted a counterclaim against Homeland and UMIA (as the counterclaim relates to UMIA, the "HTMS Counterclaim"). [Doc. 16].

4.      On June 19, 2015, HTMS and Patten filed a motion to add Lexington Insurance Company ("Lexington") as a counterclaim defendant. [Doc. 22].

5.      On June 22, 2015, Homeland filed answers to HTMS and Patten's counterclaim and PVHC, the District, and Hansen's counterclaim. [Doc. 23] and [Doc. 24].

6.      On July 27, 2015, the Court granted HTMS and Patten's motion to add Lexington as a counterclaim defendant. [Doc. 30].

7.      On August 10, 2015, Homeland filed an answer to HTMS and Patten's first amended counterclaim. [Doc. 32].

8.      On October 18, 2015, PVHC, the District, and Hansen filed a crossclaim against UMIA and Lexington (as the crossclaim relates to UMIA, the "PVHC Crossclaim"). [Doc. 45].

9.      On November 9, 2015, UMIA filed an answer to the PVHC Crossclaim. [Doc 47].

10.     On November 13, 2015, UMIA filed an answer to the HTMS Counterclaim and asserted a counterclaim against HTMS and Patten (the "UMIA Counterclaim") and a crossclaim against PVHC, the District, and Hansen (the "UMIA Crossclaim"). [Doc. 49].

11.     On December 4, 2015, PVHC, the District, and Hansen filed an answer to the UMIA Crossclaim. [Doc. 51].

12.     On December 7, 2015, HTMS and Patten filed an answer to the UMIA Counterclaim. [Doc. 52].

13.     On May 11, 2016, PVHC and the District filed a first amended crossclaim against UMIA (the "Amended PVHC Crossclaim," and together with the HTMS Counterclaim, PVHC Crossclaim, UMIA Counterclaim, and UMIA Crossclaim, the "Coverage Litigation Claims"). [Doc. 72].

14.     On May 16, 2016, PVHC filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Wyoming, Case No. 16-20326 (the "Bankruptcy Case").

15.     On December 11, 2017, UMIA, PVHC, and the Official Committee of Unsecured Creditors of Powell Valley Healthcare, Inc. (the "Committee"), filed a *Joint Motion of UMIA Insurance, Inc., Debtor, and Official Committee of Unsecured Creditors Requesting Approval of: (I) Global Settlement Agreement Pursuant to Fed. R. Bankr. P. 9019; and (II) UMIA's Buyback of UMIA Insurance Policies Free and Clear of Liens, Claims, Encumbrances and Interests Pursuant to Sections 363(b) and (f) of the Bankruptcy Code* (the "Settlement") in the Bankruptcy Case. [Bankruptcy Doc. 775-1]. A true and correct copy of the Settlement is attached hereto as **Exhibit 1**.

16.     On January 10, 2018, the Bankruptcy Court approved the Settlement (the "Settlement Order"). [Bankruptcy Doc. 792]. A true and correct copy of the Settlement Order is attached hereto as **Exhibit 2**, and its attachment hereto shall satisfy the PIT's obligation pursuant to Section 7.b of the Settlement to provide notice of the Settlement Order in this case.

17.     On January 24, 2018, the Bankruptcy Court entered its order confirming the Amended Chapter 11 Plan of Reorganization for Powell Valley Heath Care, Inc. (the "Confirmation Order").  [Bankruptcy Docket 826].

WA 10823318.1

4851-7649-9293.2

18.     Pursuant to the terms of the Confirmation Order and the Amended Chapter 11 Plan approved thereunder, the Personal Injury Trust was established and the PIT was appointed as the trustee thereof such that the PIT is the successor in interest to PVHC in connection with this case.  [*Id*. and Bankruptcy Docket No. 816-3.]

19.     Furthermore, pursuant to the terms of the Confirmation order and the Amended Chapter 11 Plan approved thereunder, the automatic stay as to the recommencement of this case has been dissolved.  [Bankruptcy Docket No. 826.]

20.     Parties to the Settlement include UMIA, PVHC, the District, Hansen, HTMS, Patten, the Committee, various Tort Claimants[1] and William Jarvis, M.D.

21.     The purpose of the Settlement is to globally and finally resolve all claims by any claimants that have been made or could be made against any Insured under the UMIA Policies, and all claims relating to the UMIA Policies and/or UMIA's handling of any claims that have been made or could be made under the UMIA Policies, including claims that have been assigned, are purported to be assigned, or could be assigned by any claimant to any other person or entity. *See* Settlement at 3.

22.     The Settlement is not intended: (i) to settle or impair any claims other than the claims described in the Settlement, including Patient Claims, Tort Claims, or any other Claims for which any Person other than UMIA (including but not limited to Homeland and/or Lexington) may have liability, and including but not limited to liabilities pursuant to which Homeland and/or Lexington may be found to have provided insurance coverage relating to any Patient Claims; or (ii) to affect in any manner the Insurance Coverage Litigation, except as to any claims relating to UMIA; or (iii) to affect, impair, or alter the Tort Claimants' and Insureds' rights, claims, allegations and defenses against Homeland and Lexington in the Insurance

---

[1] Terms not defined herein shall have the meaning ascribed to them in the Settlement.

4851-7649-9293.2                                                     WA 10823318.1

Coverage Litigation, arising under or related to any insurance policies issued by Homeland or Lexington, or otherwise arising at law or in equity; or (iv) to affect, impair, settle or alter any claim for which UMIA may have liability under the UMIA Tail Policy. *See* Settlement at 3.

23.     Nothing in this Stipulation is intended to affect or modify the rights of any parties as set forth in the Plan, Trust, or Trust Distribution Procedures.

24.     As part of the Settlement, within ten (10) business days of the Settlement Order becoming final, the following shall occur in this case: (1) PIT file notice of Settlement Order; (2) UMIA file a dismissal of all Claims with prejudice; (3) PVHC and the PIT jointly file a dismissal of all Claims against UMIA with prejudice; (4) the District file a dismissal of all Claims against UMIA with prejudice; (5) HTMS and Patten file a dismissal of all Claims against UMIA with prejudice; and (6) Hansen file a dismissal of all Claims against UMIA with prejudice. *See* Settlement at 9-10.

25.     The parties to this Stipulation request that the Court enter the proposed order, attached hereto as **Exhibit 3**, in furtherance of the parties' rights and obligations under the Settlement.

26.     The Stipulation shall constitute a withdrawal of all outstanding tenders of Claims to UMIA for defense and indemnity under the UMIA Policies that Movants have asserted or may assert. *See* Settlement at 9.

27.     Nothing in this Stipulation shall relieve, alter or impair the parties to the Settlement of their respective rights, duties and obligations arising thereunder.

28.     To the extent there is any conflict between the language in this Stipulation or any order approving this Stipulation and the terms of the Settlement Order, the terms of the Settlement Order shall prevail.

WA 10823318.1

4851-7649-9293.2

29.     Pursuant to Federal Rules of Civil Procedure 41(a)(1)(A)(ii) and 41(c)(2), the Movants stipulate to dismissal of the Coverage Litigation Claims with prejudice as set forth above. For the avoidance of any doubt, the Movants only dismiss claims against UMIA and claims UMIA has asserted in this case.

IT IS FURTHER STIPULATED AND AGREED that without further notice the above-identified claims are dismissed with prejudice and without costs, fees, or disbursements of any of the Movants.

Dated: February 22, 2018

Respectfully submitted,

**MOYERS LAW P.C.**

/s/  Jon M. Moyers
Jon M. Moyers      WY #6-3661
490 N. 31st Street, Suite 101
Billings, MT 59101
Telephone: (406) 655-4900
jon@jmoyerslaw.com

**SPENCE LAW FIRM, LLC**

/s/  Robert A. Krause
Robert A. Krause WY #5-2824
15 S. Jackson Street
P.O. Box 548
Jackson, WY 83001
Telephone: (844) 447-5497
krause@spencelawyers.com

--and--

**FIX LAW OFFICE**

/s/  William R. Fix
William R. Fix      WY #5-1908
350 E. Broadway
Jackson, WY 83001
Telephone: (307) 733-5848
fixlawoffice@gmail.com

WA 10823318.1

4851-7649-9293.2

COUNSEL FOR SCOTT J. GOLDSTEIN IN
HIS CAPACITY AS PERSONAL INJURY
TRUSTEE

**SWEETBAUM SANDS ANDERSON PC**

*/s/*  Jon F. Sands
Jon F. Sands              (Co. Bar #10680)
*Admitted Pro Hac Vice*
Marilyn S. Chappell       (Co. Bar #14083)
*Admitted Pro Hac Vice*
1125 Seventeenth Street, Suite 2100
Denver, Colorado 80202
Telephone:  (303) 296-3377
jsands@sweetbaumsands.com
mchappell@sweetbaumsands.com

--and—

Julie Tiedeken
McKellar, Tiedeken & Scoggin, LLC
702 Randall Avenue
Cheyenne, WY 82001
Telephone: (307) 637-5575
Facsimile: (307) 637-5515
jtiedeken@mtslegal.net

COUNSEL FOR UMIA INSURANCE, INC.

**COPENHAVER KATH KITCHEN &
KOLPTICKE**

/s/  Tracy J. Copenhaver
Tracy J. Copenhaver        WY #5-2063
224 North Clark Street
P O Box 839
Powell, WY 82435-0839
Telephone: (307) 754-2276
Fax: (307) 754-4744
Email: tracy@ckattorneys.net

COUNSEL FOR POWELL HOSPITAL
DISTRICT AND POWELL VALLEY
HEALTH CARE, INC.

4851-7649-9293.2

WA 10823318.1

_____

Jeffrey Hansen, M.D.


**HOLLAND & HART LLP**

/s/  Jose A. Ramirez
Jose A. Ramirez
(*admitted pro hac vice*)
8390 e. Crescent Parkway, Suite 400
Greenwood Village, CO  80111
Telephone:  (303) 290-1600
jramirez@hollandhart.com

COUNSEL FOR HEALTHTECH
MANAGEMENT SERVICES, INC. AND
WILLIAM D. PATTEN

WA 10823318.1

**COPENHAVER KATH**
**KITCHEN & KOLPTICKE**

/s/

Tracy J Copenhaver          WY
#5-2063
224 North Clark Street
P O Box 839
Powell, WY 82435-0839
Telephone: (307) 754-2276
Fax: (307) 754-4744
Email: tracy@ckattorneys.net

COUNSEL FOR POWELL
HOSPITAL DISTRICT AND
POWELL VALLEY HEALTH
CARE, INC.


Jeffrey Hansen, M.D.


**HOLLAND & HART LLP**

/s/

Jose A. Ramirez
(*admitted pro hac vice*)
8390 e. Crescent Parkway, Suite
400
Greenwood Village, CO  80111
Telephone:  (303) 290-1600
jramirez@hollandhart.com

COUNSEL FOR