Charles E. Spevacek, admitted *pro hac vice*
Tiffany A. Brown, admitted *pro hac vice*
MEAGHER & GEER, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
Telephone (612) 338-0661
Fax (612) 877-3015
cspevacek@meagher.com
tbrown@meagher.com

Judith Studer, WSB #5-2174
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY 82601
Telephone (307) 235-6681
Fax (307) 234-5099
jstuder@schwartzbon.com

*Attorneys for Plaintiff Homeland*
*Insurance Company of New York*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | ) Case No. 15-CV-31-J )  )  |
| Plaintiff, | ) **HOMELAND INSURANCE** ) **COMPANY OF NEW YORK'S** |
| vs. | ) **OPPOSITION TO MOVANT'S** ) **AMENDED MOTION FOR** |
| POWELL HOSPITAL DISTRICT, et al., | ) **SUBSTITUTION OF** ) **DEFENDANT POWELL VALLEY** ) **HEALTHCARE, INC.** |
| Defendants. | ) ) |

COMES NOW Plaintiff Homeland Insurance Company of New York ("Homeland"), by and through its undersigned attorneys of record, as and for its "qualified" Opposition to Movant's Amended Motion for Substitution of Defendant Powell Valley Health Care, Inc. ("Powell") [ECF No. 88], states as follows:

Homeland does not *per se* object to Movant, Scott J. Goldstein, the Personal Injury Trustee of the Personal Injury Trust for Powell Valley Health Care, Inc.'s, motion, so long as all pre-trial and discovery matters in this action proceed as if Defendant Powell was still a named party. As this matter involves only the alleged duty to indemnify under the insurance policies at issue, this action will be the subject of significant discovery practice, involving both written discovery and depositions directed to Powell. Such discovery to Powell has been pending since March 1, 2016,[1] with the stay on responding

---

[1] Homeland served its Interrogatories and Requests for Production of Documents on Powell on March 1, 2016. Homeland thereafter granted Powell an extension to April 29, 2016 to respond to that discovery. But, neither written responses nor documents were received from Powell before it filed for bankruptcy and the automatic stay went into effect on May 16, 2016. UMIA Insurance, Inc. ("UMIA") served Interrogatories and Requests for Production of Documents on Powell on April 11, 2016, which discovery was also unanswered as of Powell's May 16, 2016 bankruptcy filing. While UMIA has been dismissed from this action (ECF No. 81), its discovery requests must nonetheless be answered for the benefit of the remaining parties pursuant to the agreement of the Parties, as set forth in Parties' Joint Report and Case Management Plan (ECF No. 55). Specifically, the Parties' Joint Report and Case Management Plan provides:

> In an effort to encourage coordination and to avoid duplication and redundancy of discovery, all interrogatories, document requests and request to admit served by any party inure to the benefit of and are enforceable by any other party. The settlement, release or dismissal by any means of a party propounding such discovery will not limit the use of responses to discovery, nor will it eliminate the obligation of the responding party to supplement its responses to discovery as required by Rule 26(e).

(ECF No. 55, p. 11). The Parties' Joint Report and Case Management Plan further limits the number of interrogatories that may be served by a party on another party to 35 and provides that "[t]he parties agree to act in good faith and use best efforts to avoid duplicative interrogatories." *Id*. This Court's Order on Initial Pretrial Conference, Bifurcating Discovery, and Scheduling Phase I (ECF No. 57) recognized the Parties' Joint Report and Case Management Plan as the "agreement of the parties, except as modified in [that] order." Accordingly, it is Homeland's expectation that the Movant, if substituted, will provide

2

to which now having been lifted following confirmation of Powell's bankruptcy plan and the same becoming effective. So long as Movant is required to respond to said discovery on Powell's behalf as if Powell were still a Party, and will bear the consequences of any failure to respond to proper discovery requests, including the creation of any adverse inference allowed by such failure, then Plaintiff Homeland has no objection. But if Movant contends that the substitution limits his ability to respond to only that information, material and/or personnel within his control, then the Motion must be denied.

The same Bankruptcy Plan which authorizes the Movant "to pursue any rights and claims as an insured under the insurance policies at issue, and any other rights or claims set forth in, or arising under this Declaratory Judgment Action, including coverage claims ad extra-contractual claims, including bad faith claims" (ECF No. 88, at p. 2) specifically states its effect shall be completely neutral as to the rights and obligations of the parties to the insurance contracts at issue. Specifically, the Plan states in relevant part:

> Nothing in the Plan, the Disclosure Statement, the Plan Documents or the Confirmation Order or any other document adopted to implement or carry out the plan shall: . . . (3) be deemed to alter or impair the legal, equitable or contractual rights, duties or obligations under the Insurance Policies, or otherwise affect in any way, the claims or defenses that may be asserted by . . . any insurers or their affiliates arising out of or in connection with any of the Insurance Policies. The rights, duties and obligations of all persons and entities arising in connection with the Insurance Policies shall be determined in accordance with the Insurance Policies and applicable non-bankruptcy law.

---

answers to all outstanding discovery. To the extent Movant intends to take a position inconsistent therewith, the Motion must be denied.

(Modified Amended Chapter 11 Plan of Reorganization for Powell [BK-ECF No. 807], ¶14.9, filed herein at ECF No. 79-2).

The Personal Injury Trust created by operation of the Bankruptcy Court's approval of the Bankruptcy Plan, in fact, contemplates that the Trustee will need Powell's cooperation in connection with the defense of this Declaratory Judgment Action, and the Trust documents specifically note that such cooperation is required:

> **Access; Cooperation**. Pursuant to the Plan, Confirmation Order and Personal Injury Trust, the Debtor shall provide the Personal Injury Trustee with access to or copies of such of the Debtor's books and records as the Personal Injury Trustee shall reasonably require for the purpose of performing its duties and exercising its powers under this Personal Injury Trust, the Plan or the Confirmation Order (including documents or information maintained in electronic format or original documents), whether held by Debtor, or its respective agents, advisors, attorneys, accountants or other professionals. All third parties in possession of the Debtor's books and records shall provide the Personal Injury Trustee with similar cooperation, and the Personal Injury Trustee shall have the right to seek appropriate relief from the Bankruptcy Court or any other court with jurisdiction over the matter to the extent that a third party unreasonably refuses to cooperate with the Personal Injury Trustee's requests. As heretofore stated, and for the avoidance of doubt, Debtor's officers, directors and employees shall cooperate with the Personal Injury Trustee and its counsel regarding the Personal Injury Trust Assets, which shall include, but not be limited to providing information and documents Patten and/or HealthTech gave the Debtor regarding Hansen reporting the potential claims, obtaining insurance, and changing insurance carriers. The foregoing shall include, but not be limited to access to individuals needed to prosecute or defend any claims, including making available for interviews, depositions and/or trial Debtor's employees, advisors, attorneys, accountants and professionals employed, retained or consulted by Debtor who have knowledge of matters relevant to the pursuit of the claims which constitute Personal Injury Trust Assets.

(Personal Injury Trust, ¶10.10(a), Exhibit 2 to Modified Amended Chapter 11 Plan of Reorganization for Powell, [BK-ECF No. 807-2]).

Homeland, therefore, does not object to the requested substitution so long as said substitution does not impair its ability to prosecute this claim in the same manner as if no substitution had been made. Should any other result be claimed by Movant, then the Motion must be denied.

Dated: March 16, 2018  /s/Tiffany M. Brown
Charles E. Spevacek (MN No. 126044)
*Admitted Pro Hac Vice*
cspevacek@meagher.com
Tiffany M. Brown (MN No. 302272)
*Admitted Pro Hac Vice*
tbrown@meagher.com
MEAGHER & GEER, PLLP
33 South Sixth Street, #4400
Minneapolis, MN 54502
T: (612) 338-0661
F: (612) 338-8384


Judith Studer (WY No. 5-2174)
jstuder@schwartzbon.com
SCHWARTZ BON WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY 82601
T: (307) 235-6681
F: (307) 234-5099

*Attorneys for Plaintiff Homeland Insurance Company of New York*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of March, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to all CM/ECF participants.

I further certify that, having not found in the court file a physical address for service by mail on Defendant Jeffrey Hansen, M.D., who is *Pro Se,* I will attempt to serve the foregoing by electronic mail to: jnhansenmd@gmail.com.

/s/Tiffany M. Brown