Robert A. Krause; krause@spencelawyers.com (WSB # 5-2824)
Mel C. Orchard, III; orchard@spencelawyers.com (WSB # 5-2894)
Elizabeth E. Richards; richards@spencelawyers.com (WSB # 6-4249)
Sarah A. Kellogg; kellogg@spencelawyers.com (WSB # 7-5355)
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290
(307) 733-5248 Fax

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | |
| Plaintiff, | |
| vs. | |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTH CARE, INC., HEALTHTECH MANAGEMENT SERVICES, INC., JEFFREY HANSEN, M.D., and WILLIAM D. PATTEN, | |
| Defendants, | |
| and | |
| HEALTHTECH MANAGEMENT SERVICES, INC., and WILLIAM D. PATTEN, | Case No. 15-cv-00031-ABJ |
| Counter-Claimants, | |
| vs. | |
| UMIA INSURANCE, INC., and LEXINGTON INSURANCE COMPANY, | |
| Cross-Claimants | |
| vs. | |
| UMIA INSURANCE, INC. and LEXINGTON INSURANCE COMPANY, | |
| Crossclaim-Defendants. | |

**REPLY IN SUPPORT OF AMENDED MOTION FOR SUBSTITUTION OF
DEFENDANT POWELL VALLEY HEALTH CARE, INC.**

The Personal Injury Trustee ("Trustee") filed the Motion for Substitution of
Defendant Powell Valley Health Care, Inc. (ECF # 88) to comply with Powell Valley
Health Care, Inc.'s ("PVHC's") Bankruptcy Plan — not to posture on speculative
discovery disputes.  The Motion should be granted irrespective of Homeland Insurance
Company of New York and Lexington Insurance Company's qualified objections.

Rule 25 (c) of the Federal Rules of Civil Procedure provides:

> If an interest is transferred, the action may be continued by or against the
> original party unless the court, on motion, orders the transferee to be
> substituted in the action or joined with the original party.

Fed. R. Civ. P. 25.  "Rule 25 is procedural.  It does not provide for the survival of right or
liabilities but merely describes the method which the original action may proceed if the
right of action survives."  Wright & Miller, 7C FED. PRAC. & PROC. CIV. § 1952 (3d ed.).
"Substitution of a successor in interest or its joinder as an additional party under Rule
25(c) is generally within the sound discretion of the trial court."  *Prop-Jets, Inc. v.
Chandler,* 575 F.2d 1332, 1324 (10th Cir. 1978).  "The decision to order substitution or
joinder is to be made by considering how the conduct of the lawsuit will be most
facilitated; it in no way affects the substantive rights of the transferor or transferee."
*F.D.I.C. v. Tisch,* 89 F.R.D. 446, 448 (E.D.N.Y. 1981).

The insurance companies do not object to (or even address) the merits of the
substitution under Rule 25.  Rather, they agree that substitution is proper if the Trustee
steps into the shoes of PVHC.  That is exactly what the Motion requests, so it appears
that all parties agree that substitution is proper in this case.  To the extent that the
insurance companies' qualified objections raise PVHC's alleged failure to timely respond

to discovery served by Homeland and UMIA prior to the bankruptcy, or raise anticipated future objections to discovery requests, the Court should not reach these speculative discovery disputes in ruling on this Motion because they are entirely collateral to the substitution.[1]  *See Vandervelde v. Put & Call Brokers & Dealers Ass'n,* 271 F.Supp. 697, 698 (S.D. N.Y. 1967) (refusing to address collateral issues on a motion to substitute).

## CONCLUSION

The Trustee brings the Motion to step into the shoes of PVHC and the only issue for this Court is whether the Trustee's substitution is proper under Rule 25(c).  The Trustee respectfully requests that the Motion be granted.

Dated this 23rd Day of March, 2018.

                                 _/s/ Robert A. Krause_____
                                   Robert A. Krause (WSB # 5-2824)
                                   THE SPENCE LAW FIRM, LLC
                                   15 S. Jackson Street, P.O. Box 548
                                   Jackson, Wyoming 83001

---

[1]     Moreover, the Trustee disputes the insurance companies' characterization of the discovery issues.  It is the Trustee's understanding that Homeland did not produce any of the documents referenced in its self-executing discovery and did not timely respond to PVHC's discovery requests prior to the bankruptcy.  During this same time period, PVHC diligently provided Rule 26 disclosures and answered interrogatories.  To the extent that PVHC may have missed the deadline for responding to some requests for production, PVHC was completely overwhelmed by litigation expenses and was preparing to file bankruptcy.  More fundamentally, there has been no prejudice to Homeland and Lexington by this delay because the bankruptcy stay effectively vacated all of the pending deadlines in this Action.  The Trustee anticipates that the Court will re-set deadlines at the April 16, 2018 scheduling conference, and that the new deadlines can be formulated to avoid any possible prejudice caused by the alleged late responses to some requests for production.

     The bottom line is that these issues have never been raised in a meet and confer conference or in a motion to compel and are not properly before the Court on this Motion.  To the extent these issues are appropriately raised at a future date, the Trustee reserves the right to respond on the merits.

(307) 733-7290
(307) 733-5248 Fax

Attorney for Scott J. Goldstein
Personal Injury Trustee for the Personal
Injury Trust of Powell Valley Health Care,
Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Reply in Support of Motion for Substitution was filed using the CM/ECF system and served on the following individuals via:

Charles E. Spevacek                                                             CM/ECF
Tiffany M. Brown
Meagher & Geer PLLP
33 South Sixth Street Suite 4400
Minneapolis, MN  55402
cspevacek@meagher.com
tbrown@meagher.com
Attorneys for Homeland Insurance Company of New York


Judith A Studer                                                                 CM/ECF
Schwartz Bon Walker & Studer
141 South Center Street Suite 505
Casper, WY  82601
jstuder@schwartzbon.com
Attorney for Homeland Insurance Company of New York


Tracy J Copenhaver                                                              CM/ECF
Copenhaver Kath Kitchen & Kolpticke
224 North Clark Street
P O Box 839
Powell, WY 82435-0839
tracy@ckattorneys.net
Counsel For Powell Hospital District No 1; Powell Valley Healthcare
Inc.


Joanna R. Vilos                                                                 CM/ECF
Holland & Hart
2515 Warren Avenue Suite 450
PO Box 1347
Cheyenne, WY  82003
jvilos@hollandhart.com
Attorney for HealthTech Management Services Inc. and William D
Patten


Jose A. Ramirez                                                                 CM/ECF
Holland & Hart LLP
6380 South Fiddler's Green Circle Suite 500
Greenwood Village, CO  80111
jramirez@hollandhart.com
Attorney for HealthTech Management Services Inc.

Catherine A. Naltsas                                         CM/ECF
R Jeff Carlisle
Lynberg & Watkins
1150 Olive Street Suite 1800
Los Angeles, CA  90015
cnaltsas@lynberg.com
jcarlisle@lynberg.com
Attorney for Lexington Insurance Company

Deborah G. Muirhead Kellam                                   CM/ECF
Hall & Evans
866 N 4th Street Suite 3
Laramie, WY  82072
kellamd@hallevans.com
Attorney for Lexington Insurance Company

Julie Tiedeken                                               CM/ECF
McKellar, Tiedeken & Scoggin, LLC
702 Randall Avenue
Cheyenne, WY 82001
jtiedeken@mtslegal.net
Counsel For UMIA Insurance, Inc.

Marilyn Chappell                                             CM/ECF
Jon F. Sands
Sweetbaum Sands Anderson PC
1125 17th Street Suite 2100
Denver, CO  80202
mchappell@sweetbaumsands.com
jsands@sweetbaumsands.com
Counsel for UMIA Insurance, Inc.

Date this 23rd Day of March, 2018.

_/s/ Robert A. Krause_____
Robert A. Krause (WSB # 5-2824)
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290
(307) 733-5248 Fax

Attorney for Scott J. Goldstein

Personal Injury Trustee for the Personal
Injury Trust of Powell Valley Health Care,
Inc.