Charles E. Spevacek, admitted *pro hac vice*
Tiffany A. Brown, admitted *pro hac vice*
MEAGHER & GEER, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
Telephone (612) 338-0661
Fax (612) 877-3015
cspevacek@meagher.com
tbrown@meagher.com

Judith Studer, WSB #5-2174
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY 82601
Telephone (307) 235-6681
Fax (307) 234-5099
jstuder@schwartzbon.com

*Attorneys for Plaintiff Homeland*
*Insurance Company of New York*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | ) Case No. 15-CV-31-J ) ) |
| Plaintiff, | ) **HOMELAND INSURANCE** ) **COMPANY OF NEW YORK'S** |
| vs. | ) **OPPOSITION TO MOTION FOR** ) **SUBSTITUTION OF** |
| POWELL HOSPITAL DISTRICT, et al., | ) **DEFENDANT** ) **JEFFREY HANSEN, M.D.** ) |
| Defendants. | ) ) |

COMES NOW Plaintiff Homeland Insurance Company of New York ("Homeland"), by and through its undersigned attorneys of record, as and for its "qualified" Opposition to the Motion of Scott J. Goldstein, the Personal Injury Trustee of the Personal Injury Trust for Powell Valley Health Care, Inc., for his Substitution for and on behalf of Defendant Jeffrey Hansen, M.D. ("Dr. Hansen") (ECF No. 104), states as follows:

Homeland does not *per se* object to Movant's, motion, so long as all pre-trial and discovery matters in this action proceed as if Defendant Dr. Hansen was still a named party. This matter involves claims for coverage by Dr. Hansen under the insurance policy issued to Powell that will be the subject of discovery practice, involving both written discovery and depositions. So long as Movant is required to respond to any discovery (including properly noticed depositions) directed to Dr. Hansen on Dr. Hansen's behalf as if Dr. Hansen was still a party, and will bear the consequences of any failure to respond to proper discovery requests, including the creation of any adverse inference allowed by such failure, then Plaintiff Homeland has no objection. But if Movant contends that the substitution limits his ability to respond to only that information, material and/or personnel within his control, then the Motion must be denied.

The same Settlement Agreement which purports to assign to tort claimants "all [Dr. Hansen's] rights and claims under the subject insurance policies, including but not limited to coverage claims and extra-contractual claims," (*see* Motion, p. 3) requires that Dr. Hansen cooperate in this action:

> Hansen agrees to assist and cooperate reasonably with the Tort Claimants in and through the prosecution of any claim, lawsuit or other proceeding against the Remaining Insurance Companies arising out of, or relating to the Assigned Claims, as well as to the Personal Injury Trust/Trustee if the Assigned Claims are assigned to the Personal Injury Trust for prosecution by the Personal Injury Trustee under the Plan Documents, including truthful testimony in all proceedings. Hansen shall take no action to impede, prevent, impair or otherwise prejudice the Tort Claimants' prosecution of the Assigned Claims.

(Settlement Agreement, Assignment and Covenant Not to Executed [ECF No. 104-1], § 1(c).)

Moreover, the same Bankruptcy Plan that created the Personal Injury Trust to which the tort claimants assigned their individual claims (and through which Movant seeks his substitution) specifically states its effect shall be completely neutral as to the rights and obligations of the parties to the insurance contracts at issue. Specifically, the Plan states in relevant part:

> Nothing in the Plan, the Disclosure Statement, the Plan Documents or the Confirmation Order or any other document adopted to implement or carry out the plan shall: . . . (3) be deemed to alter or impair the legal, equitable or contractual rights, duties or obligations under the Insurance Policies, or otherwise affect in any way, the claims or defenses that may be asserted by . . . any insurers or their affiliates arising out of or in connection with any of the Insurance Policies. The rights, duties and obligations of all persons and entities arising in connection with the Insurance Policies shall be determined in accordance with the Insurance Policies and applicable non-bankruptcy law.

(Modified Amended Chapter 11 Plan of Reorganization for Powell [BK-ECF No. 807], ¶14.19, filed herein at ECF No. 79-2).

Homeland, therefore, does not object to the requested substitution so long as said substitution does not impair its ability to prosecute this claim in the same manner as if no

3

substitution had been made. Should any other result be claimed by Movant, then the Motion must be denied.

Dated: May 25, 2018             /s/Tiffany M. Brown
                                Charles E. Spevacek (MN No. 126044)
                                *Admitted Pro Hac Vice*
                                cspevacek@meagher.com
                                Tiffany M. Brown (MN No. 302272)
                                *Admitted Pro Hac Vice*
                                tbrown@meagher.com
                                MEAGHER & GEER, PLLP
                                33 South Sixth Street, #4400
                                Minneapolis, MN 54502
                                T: (612) 338-0661
                                F: (612) 338-8384


                                Judith Studer (WY No. 5-2174)
                                jstuder@schwartzbon.com
                                SCHWARTZ BON WALKER & STUDER, LLC
                                141 South Center Street, Suite 500
                                Casper, WY 82601
                                T: (307) 235-6681
                                F: (307) 234-5099

                                *Attorneys for Plaintiff Homeland Insurance Company of New York*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of May, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to all CM/ECF participants.

I further certify that, having not found in the court file a physical address for service by mail on Defendant Jeffrey Hansen, M.D., who is *Pro Se,* I will attempt to serve the foregoing by electronic mail to: jnhansenmd@gmail.com.

/s/Tiffany M. Brown