**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | ) ) | Case No. 15-CV-31-J |
| | ) | |
| Plaintiff, | ) | |
| | ) | **UPDATED JOINT REPORT AND** |
| vs. | ) | **CASE MANAGEMENT PLAN** |
| | ) | |
| POWELL HOSPITAL DISTRICT, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to this Court's Amended Scheduling Order entered June 18, 2018 [ECF #

114], the Parties submitted the following Updated Joint Report and Case Management

Plan:

1. **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel for each party or any unrepresented *pro se* individual who attended. The name of the participant, address, bar number (where applicable), telephone and fax numbers, and email addresses must be provided.**

   The Rule 26(f) conference was held on December 31, 2015 by telephone and attended by counsel for the parties as identified in the Parties' Joint Report of Meeting and Proposed Joint Discovery and Case Management Plan [ECF #55] filed on January 7, 2016.

   Following Powell Valley HealthCare's emergence from Chapter 11 Bankruptcy, counsel for the parties met and conferred in person at the Rule 16 Scheduling Conference held on April 16, 2018.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

   This action seeks to resolve insurance coverage issues arising out of certain Underlying Claims asserted against the Powell Hospital District, PVHC, Jeffrey

Hansen, M.D. ("Dr. Hansen"), HealthTech Management Services, Inc. ("HealthTech") and William D. Patten ("Patten"), including the following cases:

*Susan Stambaugh et al. v. HealthTech Management Services, Inc. et al.*, Case No. 27758, Park County, Wyoming District Court.

*Susan Stambaugh et al. v. Jeffrey Hansen, M.D. et al.*, Case No. 27818, Park County, Wyoming District Court

*Michelle Oliver v. HealthTech Management Services, Inc. et al.*, Case No. 28035, Park County, Wyoming District Court

*Lynn Snell et al. v. HealthTech Management Services, Inc. et al.*, Case No. 27805, Park County, Wyoming District Court

*Veronica Sommerville et al. v. HealthTech Management Services, Inc. et al.*, Case No. 27813, Park County, Wyoming District Court

*Shane Wilson v. Powell Valley HealthCare, Inc. et al.*, Case No. 28050, Park County, Wyoming District Court

*Joetta Johnson v. HealthTech Management Services, Inc. et al.*, Case No. 27821, Park County, Wyoming District Court

*Jan Brinkerhoff et al. v. HealthTech Management Services, Inc. et al.*, Case No. 27946, Park County, Wyoming District Court

*Anthony DiPilla et al. v. HealthTech Management Services, Inc. et al.*, Case No. 27947, Park County, Wyoming District Court

*Martha McMillen et al. v. HealthTech Management Services, Inc. et al.*, Case No. 27948, Park County, Wyoming District Court

*Shannon Eller v. HealthTech Management Services, Inc. et al.*, Case No. 28015, Park County, Wyoming District Court

*Keela Meier et al. v. HealthTech Management Services, Inc. et al.*, Case No. 28084, Park County, Wyoming District Court

*Jody Sessions et al. v. HealthTech Management Services, Inc. et al.*, Case No. 28090, Park County, Wyoming District Court

*Nathaniel Bates et al. v. HealthTech Management Services, Inc. et al.*, Case No. 28112, Park County, Wyoming District Court

*Darcy Ronne v. HealthTech Management Services, Inc. et al.*, Case No. 28123, Park County, Wyoming District Court

*Kalan Nicholson v. HealthTech Management Services, Inc. et al.*, Case No. 28178, Park County, Wyoming District Court

*Nancy Crawford et al. v. HealthTech Management Services, Inc. et al.*, Case No. 28199, Park County, Wyoming District Court

*Nancy Heiser et al. v. HealthTech Management Services, Inc. et al.*, Case No. 28198, Park County, Wyoming District Court

*Werbelow v. Powell Valley Healthcare, Inc., et al.,* Case No. 28031, Park County, Wyoming District Court

*Henderson v. HealthTech Management Services, Inc. et al.,* Case No. 28134, Park County, Wyoming District Court

*Mark Bonamarte v. Powell Valley Healthcare, Inc. et al.,* Case No. 28346, Park County, Wyoming District Court

3.     **Briefly describe what this case is about.**

This is an insurance coverage action. The following is a brief summary of the claims at issue and the procedural history of the case leading to its current posture:

On February 27, 2015, Homeland Insurance Company of New York ("Homeland") filed this action seeking declaratory relief regarding the rights, duties and obligations of Homeland under certain liability insurance policies issued to Powell Hospital District ("Powell") in connection with certain Underlying Claims asserted by or on behalf of former patients of PVHC, which Underlying Claims allege Dr. Hansen was negligent in the performance of medical procedures and further asserting direct claims against the Powell, PVHC, HealthTech and Patten for negligence in credentialing, hiring, supervising, monitoring, reviewing, training, and extending privileges to Dr. Hansen. In this action, Homeland seeks a declaration that there is no coverage for the Underlying Claims.

The original-named defendants (Powell, PVHC, Dr. Hansen, HealthTech and Patten) filed counterclaims against Homeland seeking a declaration that coverage

3

exists for certain Underlying Claims under Homeland's Policies, and including claims of breach of contract, breach of the duty of good faith and fair dealing and a breach of Wyoming Statute Section 26-15-124(c).

HealthTech and Patten also joined Counterclaim Defendants UMIA Insurance, Inc. ("UMIA") and Lexington Insurance Company ("Lexington"), seeking a declaration that coverage exists for certain Underlying Claims under insurance policies issued by UMIA and Lexington.

Powell, PVHC and Dr. Hansen have filed crossclaims against both UMIA and Lexington. As against UMIA, Powell, PVHC and Dr. Hansen asserted claims for Breach of Contract, Attorneys Fees and Prejudgment Interest, and Declaratory Judgment. As against Lexington, PVHC, Powell Hospital District and Dr. Hansen asserted a claim for Declaratory Judgment.

UMIA filed a counterclaim and crossclaim against all Defendants, seeking a declaration that the UMIA policy does not provide coverage for the Underlying Claims and further seeking to rescind the UMIA policy.

This action was stayed from May 16, 2016 until March 1, 2018, during which time PHVC's Chapter 11 Bankruptcy was pending in the United States Bankruptcy Court for the District of Wyoming, Case No. 16-20326.

On January 24, 2018, the Bankruptcy Court issued its Order Confirming PVHC's Modified Amended Chapter 11 Plan of Reorganization. The Chapter 11 Plan, with an effective date of March 1, 2018, transferred certain claims and causes of action (including claims for insurance coverage under the insurance policies at issue in this action) to the Personal Injury Trust of Powell Valley Health Care, Inc. and appointed Scott J. Goldstein as the Personal Injury Trustee to pursue those claims.

By Orders of this Court following the effective date of PVHC's Bankruptcy Plan, Scott J. Goldstein, Personal Injury Trustee for the Personal Injury Trust of Powell Valley Health Care, Inc., was substituted for defendants: PVHC [ECF #98] Patten and HealthTech [ECF #107]; Dr. Hansen [ECF #108] ("Trustee").

As part of PHVC's bankruptcy, the claims asserted by and against UMIA in this action were settled and, by Order of this Court entered April 9, 2018 [ECF # 100], dismissed with prejudice.

Stipulations of Dismissal dismissing Powell District have been filed.

4.     **Specify the allegations providing the basis for federal jurisdiction.**

This court has jurisdiction pursuant to 28 U.S.C. § 1332.

5.     **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons for disagreement.**

N/A.

6.     **Discuss whether or not the case is complex. If the parties believe that the case is complex, explain why and be prepared to address this issue, including scheduling the case management considerations in particular, during the Initial Pretrial Conference.**

In filing the Joint Report of Meeting and Proposed Joint Discovery and Case Management Plan on January 7, 2016 [ECF #55], the Parties agreed and represented that this case is complex, made so by the number of parties, the number of underlying suits for which coverage is at issue, and the number of issues raised by the pleadings.

On January 15, 2016, this Court entered its Order on Initial Pretrial Conference, Order Bifurcating Discovery, and Order Scheduling Phase I, which Order was amended on March 22, 2016. [ECF #57, ECF # 60]. Phase I, and all discovery conducted therein, deals only with whether insurance coverage exists under the policies issued to the Debtor and/or Powell Hospital District. [ECF #57, ¶ 2]. At the conclusion of Phase I, and if the Court and/or jury determines that coverage exists, the parties would then be permitted to engage in discovery with respect to any allegations of bad faith, including claims for attorneys' fees and costs pursuant to W.S. § 2-15-124, i.e., Phase II. *Id*. at ¶ 16.

7.     **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

N/A

8.     **List anticipated interventions.**

Interventions are not anticipated.

As set forth in Paragraph 3, Scott J. Goldstein, Personal Injury Trustee for the Personal Injury Trust of Powell Valley Health, has been substituted for defendants PVHC, Dr. Hansen, HealthTech and Patten.

9.      **Describe class-action issues, if any.**

N/A

10.     **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe specifically the arrangements that have been made to complete the disclosures.**

The parties have made initial disclosures required by Rule 26(a).

Homeland and Lexington will supplement their Rule 26(a) disclosures and provide discovery responses, if warranted, by July 16, 2018.  The parties have agreed that the Trustee shall respond to discovery propounded to Powell and Healthtech and if warranted supplement Rule 26(a) disclosures by August 16, 2018. All parties further acknowledge that they otherwise have a continuing duty to supplement or correct all discovery disclosers or responses in accordance with Fed. R. Civ. P. 26(a) and U.S.D.C.L.R 26.1.

11.     **Describe the proposed agreed discovery plan, including:**

a.      **Responses to all the matters raised in Rule 26(f).**

**26(f)(3)(A) asks the parties to identify any changes that should be made to timing, form or requirements for Initial Disclosures.**

See No. 10 above.

**26(f)(3)(B) asks the parties to identify the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties anticipate discovery on the issues identified in the pleadings.

Pursuant to this Court's Order on Initial Pretrial Conference, Order Bifurcating Discovery, and Order Scheduling Phase I, which Order was amended on March 22, 2016 (the "Bifurcation Order") (ECF #57, ECF # 60), Phase I, and all discovery conducted therein, deals only with whether insurance coverage exists under the policies issued to the Debtor and/or Powell Hospital District. (ECF #57, ¶ 2). At the conclusion of Phase I, and if the Court and/or jury determines that coverage exists,  the parties would then be permitted to engage in discovery with respect to any allegations of

bad faith, including claims for attorneys' fees and costs pursuant to W.S. §
2-15-124, i.e., Phase II. *Id*. at ¶ 16.

The parties anticipate that fact discovery can be completed by February 3,
2019 and that expert discovery can be completed by July 19, 2019.

## STATEMENT OF HOMELAND

With regard to the Phase 1 – whether there is coverage under the Homeland
Policies – discovery will be needed on at least the following subjects:

- Whether the underlying claims were first made during the
  Homeland policy period of August 1, 2013-August 1, 2014
- Whether the claims are barred by any exclusion in the Homeland
  Policies
- What knowledge any Insured had prior to the inception date of
  the Homeland Policies, including whether any Insured had
  knowledge of an act, error, omission or Wrongful Act that it
  knew or reasonably could have foreseen might result in a Claim.

Homeland has reviewed the FRCP 26(f)(3)(B) statement of the Trustee. It
is Homeland's position that much of the discovery identified therein
(including in the Trustee's statement in Paragraph 11.b herein regarding
anticipated depositions) is not relevant to the issue to be resolved in Phase
I; and that the underwriting of the policies is not relevant to any party's
claim or defense in the case.  It is further Homeland's position that the
claim of Mark Bonamarte (identified in Paragraph 2 herein as a related
case) is not at issue in this case because it was deemed by UMIA to be a
claim covered by its policy(ies) and on that basis Mark Bonamarte is not a
Trust Personal Injury Claimant as defined in PVHC's Modified Amended
Chapter 11 Plan of Reorganization and related Plan Documents for whom
the Trustee has standing to pursue the claims for coverage in this case.

## STATEMENT OF TRUSTEE

- With regard to the subjects raised by FRCP 26(f)(3)(B), it is the
  position of the Trustee that discovery will be needed as to the claims
  and defenses in this litigation, including but not limited to the
  underwriting of the policies, obligation of the insurers to provide
  coverage and defenses, breach of contract, whether their decision to
  deny coverage or defense was reasonable, whether the insurer
  undertook a reasonable investigation before denying coverage,

whether the insureds are entitled to recover attorney fees, whether the insureds are entitled to recover on their counterclaim for bad faith.

The Trustee has reviewed Homeland's response to the Trustee's Statement. The Trustee believes Homeland's underwriting files are critical to the coverage issues in Phase I. The Trustee believes those files should be produced by Homeland.  Should Homeland refuse to produce the underwriting files, the Trustee believes that this issue will need to be resolved by the Court before any depositions are conducted.

**STATEMENT OF LEXINGTON**

With regard to the Phase 1 – whether there is coverage under the Lexington Policies – discovery will be needed on at least the following subjects:

- Whether the underlying claims were first made during the Lexington policy period of August 1, 2012-August 1, 2013
- Whether the claims are barred by any exclusion in the Lexington Policies
- What knowledge any Insured had prior to the inception date of the Lexington Policies, including whether any Insured had knowledge of an act, error, omission or Wrongful Act that it knew or reasonably could have foreseen might result in a Claim.

**26(f)(3)(C) asks the parties to identify whether there are issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Pursuant to Rule 34(b)(E)(ii), the parties shall produce documents in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable.

Documents produced by a party shall be marked with a Bates label that identifies the party producing the documents.

**26(f)(3)(D) ask the parties to identify any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

To the extent either party withholds documents or information claiming them privileged or protected as trial preparation material, the party will identify that document or information on a privilege log pursuant to Rule 26(b)(5)(A).

A Protective Order was previously agreed to by the Parties and entered by the Court on April 13, 2016. [ECF # 64].

**26(f)(3)(E) asks the parties to identify what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties previously agreed that:

> In an effort to encourage coordination and to avoid duplication and redundancy of discovery, all interrogatories, document requests and request to admit served by any party inure to the benefit of and are enforceable by any other party. The settlement, release or dismissal by any means of a party propounding such discovery will not limit the use of responses to discovery, nor will it eliminate the obligation of the responding party to supplement its responses to discovery as required by Rule 26(e).
>
> In answering written discovery, a party may refer to an answer previously provided in response to prior written discovery.
>
> The parties further agree that a party may serve on any other party no more than **35** written interrogatories, including all discrete subparts. The parties agree to act in good faith and use best efforts to avoid duplicative interrogatories. Nothing herein shall limit a party's ability to seek leave of Court to serve additional written discovery or limit a party's ability to move the Court for a protective order.

[ECF #55].

Following PVHC's emergence from bankruptcy and the substitution of Scott J. Goldstein, Personal Injury Trustee for the Personal Injury Trust of Powell Valley Health, for PVHC, Dr. Hansen, HealthTech and Patten, the Parties agreed that Mr. Goldstein need not respond to the discovery

requests previously served by UMIA, and that the number of interrogatories allowed to be served by a party on any other party be increased to **45**. The remainder of foregoing quoted agreement remains unchanged.

Counsel for all parties consent to electronic service pursuant to FRCP Rule 5(b)(2)(E).

**26(f)(3)(F) asks the parties to identify any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

A Protective Order was previously agreed to by the Parties and entered by the Court on April 13, 2016. [ECF # 64].

**b.   When and to whom the plaintiff anticipates it may send interrogatories.**

Homeland served Interrogatories and Requests for Production of Documents on Powell/PVHC and HealthTech on March 1, 2016.

Pursuant to this Court's Amended Scheduling Order entered June 18, 2018 [ECF #114], the deadline to respond to any discovery request served prior to May 16, 2016 shall be July 16, 2018.  The parties have since agreed that the Trustee shall respond to discovery served by Homeland to Powell and Healthtech by August 16, 2018.

Homeland intends to serve additional Interrogatories and Requests for Production of Documents on the Trustee, as substituted for defendant Powell.

**c.   When and to whom the defendant anticipates it may send interrogatories.**

Powell, PVHC and Dr. Hansen served Interrogatories and Requests for Production of Documents on Homeland, UMIA and Lexington on March 1, 2016.

UMIA served Interrogatories and Requests for Production of Documents on Powell/PVHC on April 11, 2016.

Pursuant to this Court's Amended Scheduling Order entered June 18, 2018 [ECF #114], the deadline to respond to any discovery request served prior to May 16, 2016 shall be July 16, 2018.  The parties have since agreed that

the Trustee shall respond to discovery served by Homeland to Powell and Healthtech by August 16, 2018.

However, the Parties have agreed that Mr. Goldstein, as substituted for defendant PHVC, need not respond to the discovery previously served on PVHC/Powell by UMIA.

The Trustee anticipates serving additional discovery on Homeland and Lexington.

Lexington intends to serve Interrogatories and Requests for Production of Documents on Mr. Goldstein, as substituted for defendant PVHC/HealthTech and Dr. Hansen.

**d.**      **Of whom and by when the plaintiff anticipates taking oral depositions.**

Homeland anticipates taking the following depositions:

| DEPONENT | DATE |
|---|---|
| Brad Mangum | |
| Scott Wilson | |
| Dr. Nathaniel Rieb | |
| Tim Seeley | |
| William D. Patten | |
| Mark Wurzel, MD.. | |
| 30(b)(6) Representative of Powell Valley Healthcare, Inc. | |

**e.**      **Of whom and by when the defendant anticipates taking oral depositions.**

The Trustee anticipates taking the following depositions, subject to additional witnesses that may be identified or discovered:

| DEPONENT | DATE |
|---|---|
| Homeland underwriters, including Carolyn Toomey | |
| Lexington underwriters | |
| Danielle Freaner, One Beacon | |
| Valerie May, One Beacon | |

| | |
|---|---|
| Brian Davis, One Beacon | |
| Ben Bischer, AIG | |
| Donald Bliss, AIG | |
| 30(b)(6) witnesses designated by the insurers on topics of coverage, underwriting and claims handling | |
| Witnesses identified by the insurers | |
| Insurance broker representatives | |

At this time, Lexington anticipates attending 30(b)6 and fact witness depositions more likely to be noticed by others. Lexington reserves the right to identify additional witnesses which it may be required to depose in defense of this litigation. Those persons are not yet known by Lexington.

The parties anticipate that each oral deposition can be completed within 7 hours as set forth in Rule 30(d)(1). However, it is unknown how much time any individual deposition may require, therefore all parties reserve the right to request leave of court to depose beyond the deadline in Rule 30(d)(1).

All parties reserve the right to identify additional witnesses to be deposed.

**f.      (i)      Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to the opposing party.**

The parties have agreed that **<u>March 8, 2019</u>** shall be the deadline for disclosure of an Expert Witness on an issue for which a party bears the burden of proof.

**(ii)     Specify the date experts for defendant (or opposing party) will be designated and their reports provided to the opposing party.**

The parties have agreed that **<u>May 10, 2019</u>** shall be the deadline for disclosure of any rebuttal Expert Witness.

**g.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion dates. See Rule 26(a)(2)(B) (expert report).**

Plaintiff (or the party with the burden of proof on an issue) will complete the depositions of any expert it intends to depose by **<u>July 19, 2019</u>**.

12

  **h.**  **List expert depositions the defendant (or opposing party) anticipates taking and their anticipated completion dates. See Rule 26(a)(2)(B) (expert report).**

    Defendants (or opposing party) will complete the depositions any experts they intend to depose by **July 19, 2019**.

12. **If the parties have not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

  N/A

13. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

  *See* Paragraph 11.b. and 11.c. The parties have agreed that Homeland's and Lexington's responses to any discovery served before prior to May 16, 2016 shall be served by **July 16, 2018**, but that Mr. Goldstein need not respond to the discovery previously served on PVHC/Powell by UMIA, and that he may have until **August 16, 2018** to respond to discovery propounded to Powell and Healthtech.

14. **State the date the parties believe planned discovery can reasonably be completed.**

  The parties anticipate that fact discovery can be completed by **February 3, 2019** and that expert discovery can be completed by **July 19, 2019**.

15. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed during your Rule 26(f) meeting.**

  The parties do not anticipate prompt settlement. Prior attempts to mediate the claims at issue both before and during the pendency of PVHC's bankruptcy were unsuccessful.

  The parties anticipate that the Phase I will be resolved by the Court and/or jury. Any fact issues to be resolved by jury trial for Phase I shall be set for March 9, 2020.

16. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have cooperatively agreed to this updated case management schedule and discovery plan as the most efficient means to bring about a prompt resolution of the case.

The parties have further agreed to an amended scheduling order, which was entered by this Court on June 18, 2018 [ECF #114].

17. **From the attorneys' discussions <u>with</u> the client(s), state the alternative dispute resolution techniques that may be reasonably suitable.**

The parties have attempted mediation both before and during the pendency of PVHC's bankruptcy.

18. **State whether a jury demand has been made and if it was made on time.**

Powell, PVHC, Dr. Jeffrey Hansen, HealthTech and Mr. Patten timely requested a jury trial.

Lexington timely demanded a trial by jury.

19. **Specify the number of hours it is expected that it will take to present the evidence in this case.**

The parties anticipate that the Phase I will be resolved by the Court and/or jury. Any fact issues to be resolved by jury trial for Phase I shall be set for March 9, 2020.

The time to try Phase II, if necessary, cannot be estimated at this time.

20. **List pending motions that could be ruled on at the Initial Pretrial Conference.**

N/A.

21. **List other pending motions, if any.**

N/A.

22. **Indicate other matters peculiar or unique to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference.**

Homeland believes that Phase I will be resolved by dispositive motion.  The Trustee believes that Phase I will be resolved by dispositive motion and/or jury trial.

The parties agree that nothing in deadlines identified herein amend or alter the Federal Rules of Civil Procedure related to the timing and making of dispositive motions, or objection to making of the same. A party is not required to wait until the close of discovery before bringing a dispositive motion.

Several attorneys/law firms have entered appearances in this action on behalf of Scott J. Goldstein, Personal Injury Trustee for the Personal Injury Trust of Powell Valley Health Care, Inc. In order to avoid potential confusion about which attorney/law firm is authorized to act on behalf of and/or commit Mr. Goldstein (as substituted for any of the defendants for which he has been substituted) during the course of this action, Homeland requests that one law firm be designated as "lead counsel" for Mr. Goldstein for purposes of: (1) service of any papers required, pursuant to Rule 5 of the Federal Rules of Civil Procedure, to be served on Mr. Goldstein (as substituted for defendants PVHC, Dr. Hansen, HealthTech and/or Patten); (2) any signature required by counsel for Mr. Goldstein (as substituted for defendants PVHC, Dr. Hansen, HealthTech and/or Patten) on any papers jointly filed by the Parties; (3) correspondence to, from, or on behalf of Mr. Goldstein (as substituted for defendants PVHC, Dr. Hansen, HealthTech and/or Patten); and (4) any other communication expressing the position of, or commitment by, Mr. Goldstein (as substituted for defendants PVHC, Dr. Hansen, HealthTech and/or Patten). Copies of all papers required to be served pursuant to Rule 5 of the Federal Rules of Civil Procedure will otherwise be provided to all counsel who have appeared.

23. **Indicate whether the parties anticipate any amendments to the pleadings.**

Homeland does not anticipate any amendments to its pleadings.

The Trustee may file a Rule 15 Motion to Amend Pleadings to include an additional Lexington policy.

Lexington takes the position that amendments to pleadings are untimely and not warranted by the law, the facts and the record, and will object to a Rule 15 Motion to Amend Pleadings if filed by the Trustee.

24. **List the names, bar numbers, addresses, email addresses, and telephone numbers for all counsel. List the names, addresses, email addresses and telephone numbers for all parties and unrepresented *pro se* litigants.**

**Homeland Insurance Company of New York**

Charles E. Spevacek (MN No. 126044)
cspevacek@meagher.com
*Admitted Pro Hac Vice*
Tiffany M. Brown (MN No. 302272)
tbrown@meagher.com
*Admitted Pro Hac Vice*
MEAGHER & GEER, PLLP
33 South Sixth Street, #4400
Minneapolis, MN 54502
T: (612) 338-0661
F: (612) 338-8384

Judith Studer (WY No. 5-2174)
jstuder@schwartzbon.com
SCHWARTZ BON WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY 82601
T: (307) 235-6681
F: (307) 234-5099

**Lexington Insurance Company**

R. Jeff Carlisle, Esq. (CA No. 76009)
jcarlisle@lynberg.com
*Admitted Pro Hac Vice*
Catherine A. Naltsas, Esq. (CA No. 262259)
cnaltsas@lynberg.com
*Admitted Pro Hac Vice*
Jerome P Doctors
jdoctors@lyndberg.com
*Admitted Pro Hac Vice*
LYNBERG & WATKINS, APC
1150 S. Olive Street, 18th Floor
Los Angeles, California 90015
T: (213) 624-8700
F: (213) 892-2763

Deborah M. Kellam (WY No. 5-2541)
kellamd@hallevans.com
HALL & EVANS, LLC
866 North Fourth Street, Suite 3
Laramie, Wyoming 82072
T: (307) 514-2567
F: (307) 514-2568

**<u>Scott J. Goldstein, Personal Injury Trustee for the Personal Injury Trust of Powell Valley Health Care, Inc. (as substituted for defendants Powell Valley HealthCare, Jeffrey Hansen, M.D., HealthTech Management Services Inc. and William D. Patten)</u>**

Jon M. Moyers, WY State Bar #6-3661
jon@jmoyerslaw.com
MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, Montana 59106
(406) 655-4900
(406) 655-4905 fax

Robert A. Krause, WY State Bar #5-2824
Mel C. Orchard, III, WY State Bar #5-2894
Elizabeth A. Richards, WY State Bar #6-4249
Sarah A. Kellogg, WY State Bar #7-5355
krause@spencelawyers.com
orchard@spencelawyers.com
richards@spencelaywers.com
kellogg@spencelaywers.com
The Spence Law Firm, LLC
15 S Jackson Street
PO Box 548
Jackson, WY 83001
(307) 733-7290
(307) 733-5248 fax

Kathryn Kohn Troldahl
kohnkathryn1@gmail.com
KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax

William R. Fix, WY State Bar #5-1908
Jessica Simons, WY State Bar #7-5594
fixlawoffice@gmail.com
Fix Law Office P.O. Box 297 Jackson, WY 83001
(307) 733-5848
(307) 333-0717 fax

Dated: July 16, 2018

/s/ Charles E. Spevacek

Charles E. Spevacek (MN No. 126044)
*Admitted Pro Hac Vice*
cspevacek@meagher.com
Tiffany M. Brown (MN No. 302272)
*Admitted Pro Hac Vice*
tbrown@meagher.com
MEAGHER & GEER, PLLP
33 South Sixth Street, #4400
Minneapolis, MN 54502
T: (612) 338-0661
F: (612) 338-8384

Judith Studer (WY No. 5-2174)
jstuder@schwartzbon.com
SCHWARTZ BON WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY 82601
T: (307) 235-6681
F: (307) 234-5099

*Attorneys for Homeland Insurance Company of New York*

Dated: July 16, 2018

/s/ Catherine A. Naltsas
R. Jeff Carlisle, Esq. (CA No. 76009)
jcarlisle@lynberg.com
*Admitted Pro Hac Vice*
Catherine A. Naltsas, Esq. (CA No. 262259)
cnaltsas@lynberg.com
*Admitted Pro Hac Vice*
Jerome P Doctors
jdoctors@lyndberg.com
*Admitted Pro Hac Vice*
LYNBERG & WATKINS, APC
1150 S. Olive Street, 18th Floor
Los Angeles, California 90015
T: (213) 624-8700
F: (213) 892-2763

Deborah M. Kellam (WY No. 5-2541)
kellamd@hallevans.com
HALL & EVANS, LLC
866 North Fourth Street, Suite 3
Laramie, Wyoming 82072
T: (307) 514-2567
F: (307) 514-2568

*Attorneys for Lexington Insurance Company*

Dated:  July 16, 2018             /s/ Jon Moyers
                                       Jon M. Moyers, WY State Bar #6-3661
jon@jmoyerslaw.com
MOYERS LAW P.C.
490 North 31stStreet, Suite 101
Billings, Montana 59101
(406) 655-4900
(406) 655-4905 fax

William R. Fix, WY State Bar #5-1908
Jessica Simons, WY State Bar #7-5594
fixlawoffice@gmail.com
Fix Law Office P.O. Box 297 Jackson, WY 83001
(307) 733-5848
(307) 333-0717 fax

Robert A. Krause, WY State Bar #5-2824
Mel C. Orchard, III, WY State Bar #5-2894
Elizabeth A. Richards, WY State Bar #6-4249
Sarah A. Kellogg, WY State Bar #7-5355
krause@spencelawyers.com
orchard@spencelawyers.com
richards@spencelaywers.com
kellogg@spencelaywers.com
The Spence Law Firm, LLC
15 S Jackson Street
PO Box 548
Jackson, WY 83001
(307) 733-7290
(307) 733-5248 fax

Kathryn Kohn Troldahl, *Admitted pro hac vice*
kohnkathryn1@gmail.com
KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
612-597-3899
888-519-3472 fax

*Attorneys for Scott J. Goldstein, Personal Injury Trustee for the Personal Injury Trust of Powell Valley Health Care, Inc.*

12283104.1