Jon M. Moyers (WSB # 6-3661)
MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, MT 59102
(406) 655-4900
jon@jmoyerslaw.com

Robert A. Krause (WSB # 5-2824)
Mel C. Orchard, III (WSB # 5-2894)
Sarah A. Kellogg (WSB # 7-5355)
Elizabeth A. Richards (WSB # 6-4249)
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, WY 83001
(307) 733-7290; (307) 733-5248 (fax)
krause@spencelawyers.com
orchard@spencelawyers.com
kellogg@spencelaywers.com
richards@spencelaywers.com

Kathryn Kohn Troldahl (*pro hac vice*)
KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
(763) 259-3686; (888) 519-3472 (fax)
kohnkathryn1@gmail.com

*Attorneys for Scott J. Goldstein, Personal Injury Trustee for the Personal Injury Trust of Powell Valley Health Care, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, et al., <br><br> Defendants <br> v. <br><br> POWELL HOSPITAL DISTRICT, et al., <br><br> Plaintiffs. | **Case No. 15-CV-31-J** <br><br> **Counterclaimant Scott J. Goldstein, the Personal Injury Trustee of the Personal Injury Trust for Powell Valley Health Care, Inc.'s Motion for Leave to Supplement or, Alternatively, Amend Counterclaim Against Counterclaim-Defendant Lexington Insurance Company** |

Pursuant to the Federal Rules of Civil Procedure, Rules 13 and 15, Scott J. Goldstein, the Personal Injury Trustee of the Personal Injury Trust for Powell Valley Health Care, Inc., (Trustee), by his counsel, moves this Court for permission to supplement, or, alternatively, to amend, the pleading containing the counterclaims previously asserted by former counterclaimants HealthTech Management Services, Inc. (HTMS) and William D. Patten (Patten) against Lexington Insurance Company (Lexington) to seek a declaratory judgment that HTMS and Patten were entitled to indemnification by Lexington under insurance policies Lexington issued to HTMS. A copy of the supplemental pleading is attached as Exhibit A.[1] A proposed Order granting the requested relief is submitted for the Court's convenience.

**A.     Introduction**

This action arises from denials of insurance coverage in connection with the medical malpractice of Dr. Jeffrey Hansen, the negligence of his employer, Powell Valley Health Care Inc. (PVHC), and the negligence of HTMS and Patten in providing certain services to PVHC.[2] HTMS and Patten previously added Lexington as a counterclaim defendant, and claimed that they were entitled to a defense from and indemnification by Lexington pursuant to two policies Lexington issued to PVHC. By the instant motion, Trustee requests permission to seek a declaratory judgment that

---

[1]     Generally, an amendment relates to matters occurring prior to the original pleading, whereas a supplement involves matters subsequent to the date of the original pleading. If the Court determines that amendment, rather than supplementation, is the appropriate mechanism for Trustee to assert the claim, Trustee will submit a second amended pleading.

[2]     PVHC filed for bankruptcy, and, pursuant to the Chapter 11 reorganization plan, claims HTMS and Patten had as insureds were assigned to Trustee. ECF #88, 103. On May 25, 2018, Trustee was substituted for HTMS and Patten in this action. ECF #107.

HTMS and Patten were entitled to indemnification by Lexington pursuant to policies Lexington issued *to HTMS*, as well.

Specifically, under Federal Rules of Civil Procedure 13(e) and 15(d), Trustee seeks to supplement to include the previously unmatured claim for indemnification under the HTMS-Lexington policies.  Judgments against HTMS and Patten were recently entered in the underlying personal injury cases, thereby satisfying the Self Insured Retention (SIR) provisions of the HTMS-Lexington policies, and giving rise to Lexington's duty to indemnify.  Alternatively, if the Court determines that the claim for indemnification is not an unmatured or after-acquired claim falling within Rule 13(e), then Trustee seeks to amend the counterclaim under Rules 13(a) or (b), and 15(a), to allege that HTMS and Patten were entitled to indemnification under the HTMS-Lexington policies.

**B.     Local Rules 7.1(b)(1)(A) & 15.1 Certification**

Counsel for Trustee conferred orally with opposing counsel and made good faith efforts to obtain the consent of opposing counsel prior to filing this motion.  Specifically, Robert Krause and Sarah Kellogg, counsel for the Trustee, spoke to Charles Spevacek, counsel for Plaintiff Homeland Insurance Company (Homeland) and Catherine Naltsas and Jerry Doctors, counsel for Lexington, on March 11, 2019, at which time Lexington's and Homeland's counsel indicated that Lexington and Homeland objected to this motion.

**C.     Legal Standards**

   **1.     Rule 13 - compulsory & permissive counterclaims**

Rule 13(a) addresses compulsory counterclaims, and states that "a pleading must state as a counterclaim any claim that – at the time of its service – a pleader has against

the opposing party" if the claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." Fed. R. Civ. P. 13(a)(1)(A). "The courts have given the terms 'transaction' and 'occurrence' contained in Rule 13(a) . . . flexible and realistic constructions in order to effect 'judicial economy,' i.e., trial in one action of all related controversies between the parties and, of course, the avoidance of the multiplicity of suits." Pipeliners Local Union No. 798, Tulsa, Okl. v. Ellerd, 503 F.2d 1193, 1198 (10th Cir. 1974). Among the factors a court considers in determining whether a counterclaim is compulsory are whether the issues of fact and law raised by the principal claim and the counterclaim are largely the same; the same evidence supports or refutes the principal claim and the counterclaim; and there is a logical relationship between the claim and counterclaim. Adamson v. Dataco Derex, Inc., 178 F.R.D. 562, 564 (D. Kan. 1998) (citing Fox v. Maulding, 112 F.3d 453, 457 (10th Cir. 1997)).

If the counterclaim does not arise out of the same "transaction or occurrence" such that it is compulsory under Rule 13(a), it is permissive. See Fed. R. Civ. P. 13(b) ("A pleading may state as a counterclaim against an opposing party any claim that is not compulsory."). "Rule 13(b) is intended to dispense with needless independent causes of action when such issues can be resolved as permissive counterclaims." Moellers North America, Inc. v. MSK Covertech, Inc., 912 F. Supp. 269, 272 (W.D. Mich. 1995).

Rule 13(e), titled "Counterclaim Maturing or Acquired After Pleading," states, "[t]he court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." Fed. R. Civ.

P. 13(e).³ A Rule 13(e) counterclaim maturing or acquired after a pleading is served is not a compulsory counterclaim, and need not arise out of the same "transaction or occurrence," Stone v. Dep't of Aviation, 453 F.3d 1271, 1276–77 (10th Cir. 2006) – but it should be permitted if it is closely related to the original litigation:

> "[a]n important consideration in deciding whether to allow [a Rule 13(e) counterclaim] is whether the supplemental counterclaim arises out of the same . . . course of conduct that is the subject matter of the opposing party's claim. A close nexus between the original claim and the counterclaim may provide a compelling reason for permitting defendant to assert the claim. Counterclaims that are closely related to the claims already before the court normally should be permitted if they are interposed at any time prior to the trial stage. . . .

6 Charles Allen Wright et al., Federal Practice and Procedure § 1428, at 249 (3d ed. 2010) (footnote omitted).

### 2. Rule 15 - pleading supplements and amendments

Under Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. . . ." Fed. R. Civ. P. 15(d). "A party may supplement its complaint by adding new claims to the action 'when subsequent events make it necessary to do so.'" First Sav. Bank, F.S.B. v. U.S. Bancorp, 184 F.R.D. 363, 367–68 (D. Kan. 1998) (quotation omitted). The purpose of the rule is to provide the "maximum opportunity for each claim to be decided on its merits," and to conserve judicial resources. Predator Int'l, Inc. v. Gamo Outdoor USA, Inc., 793 F.3d 1177, 1186–87 (10th Cir. 2015) (noting purpose, and quoting observation in treatise that "[t]he usual effect of denying leave to file a supplemental

---

3      Rule 13(e)'s reference to a "supplemental pleading" requires that the rule be read in conjunction with Rule 15(d), which states that a supplemental pleading may set forth events that occurred after the date of the pleading to be supplemented.

5

pleading because it states a new cause of action is to force [the] plaintiff to institute another action and move for consolidation under Rule 42(a) in order to litigate both claims in the same suit, a wasteful and inefficient result."). Leave to serve a supplemental pleading "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." Walker v. United Parcel Service, Inc., 240 F.3d 1268, 1278 (10th Cir. 2001).

A party may move to amend a pleading with the court's leave, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotation omitted). After a scheduling order deadline, a party seeking leave to amend must satisfy the good cause standard of Rule 16(b)(4) (discussed below), and the more liberal Rule 15(a) standard. Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n, 771 F.3d 1230, 1240 (10th Cir. 2014). In exercising its discretion to allow an amendment, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Endecott v. Commercial Floorworks, Inc., No. 16-2190-JTM-GEB, 2017 WL 1650814, at *2 (D. Kan. May 2, 2017) (quotation omitted).

### 3. Rule 16 - scheduling orders

Rule 16 provides that "[a] schedule[ing order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard requires the moving party to provide an adequate explanation for any delay.

6

Minter v. Prime Equip. Co., 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). While a scheduling order is not a frivolous piece of paper to be cavalierly discarded, "rigid adherence" to a scheduling order is not advisable. Deghand v. Wal-Mart Stores, Inc., 904 F. Supp. 1218, 1221 (D. Kan. 1995) (quoting SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1519 (10th Cir. 1990)). The determination to allow an amendment[4] beyond the scheduling order deadline is within the court's discretion. Gorsuch, 771 F.3d at 1240.

**D.    The Counterclaim for Coverage Under the HTMS-Lexington Policies Falls Within Rule 13(e), and Should be Permitted via Rule 15(d) Supplementation.**

Trustee's claim regarding indemnification under the HTMS-Lexington policies did not mature until after HTMS and Patten filed their amended pleading asserting counterclaims against Lexington. The following timeline shows that Trustee's claim falls within Rules 13(e) and 15(d):

On June 1, 2015, HTMS and Patten filed their answer to insurer Homeland's declaratory judgment complaint, and asserted counterclaims against Homeland and another insurer, UMIA. ECF #16. On June 15, 2015, HTMS and Patten moved to add Lexington as a counterclaim defendant, and to file their first amended pleading to assert a counterclaim for coverage under insurance policies Lexington issued to PVHC. ECF #22, 22-1. HTMS and Patten's motion was granted on July 27, 2015. ECF #30.

---

[4]    The scheduling order set an amendment deadline, but does not appear to set a deadline to supplement. See ECF #57, at ¶ 8; see also Fed. R. Civ. 16(b)(3) (requiring a court to limit the time to "amend the pleadings," but making no mention of supplementation). This makes sense, as supplementation is allowed when claims mature or are acquired after the original pleading. See Fed. R. Civ. P. 15 (d) & 13(e). Indeed, many courts have held that Rule 16(b)'s "good cause" standard does not apply to a motion to supplement filed after the scheduling order deadline. See Predator Int'l, Inc. v. Gamo Outdoor USA, Inc., No. 09-CV-00970-PAB-KMT, 2011 WL 7627422, at *9 (D. Colo. Sept. 19, 2011), report and recommendation adopted, No. 09-CV-00970-PAB-KMT, 2012 WL 1020939 (D. Colo. Mar. 26, 2012); Cabrera v. Courtesy Auto, Inc, 192 F. Supp. 2d 1012, 1018 & 1018 n.13 (D. Neb. 2002); Ohio Valley Envtl. Coal. v. U.S. Army Corps of Engineers, 243 F.R.D. 253, 256 (S.D.W. Va. 2007).

On May 16, 2016, PVHC filed for bankruptcy. Pursuant to the PVHC bankruptcy plan, effective March 1, 2018, Trustee was assigned the claims HTMS and Patten had against Lexington under the HTMS-Lexington policies.[5] ECF #103. The assignment occurred over two and one half years after HTMS and Patten made their claims against Lexington under the PVHC-Lexington policies in this declaratory judgment action. Finally, on May 25, 2018, Trustee was substituted for HTMS and Patten in this action. ECF #107.

As alleged in the supplemental pleading, pursuant to the HTMS-Lexington policies, Trustee's claim for indemnification did not mature until the SIR was satisfied. Exh. A, Supplemental Pleading, at ¶ 26. Under the policies, the SIR is satisfied when the amount the insured is "legally obligated to pay," together with defense costs, is greater than one million dollars. *Id.* at ¶ 11. On or about January 16, 2019, judgments against HTMS and Patten totaling over one million dollars were entered in the underlying personal injury cases.[6] *Id.* at ¶ 25. Lexington thereafter, by letter dated February 25,

---

[5] Provided, however, the Trustee was not assigned claims "relating to the Errors and Omissions Coverage of any policies." *re Powell Valley Health Care, Inc.,* No. 16-20326, ECF # 807, at § 7.14 (Wyo. Bankr. Jan. 19, 2018).

[6] The judgments were reached by complying with the process set forth in the Trust Distribution Procedures ("TDPs"), which were incorporated into PVHC's Modified Amended Bankruptcy Plan. *See In re Powell Valley Health Care, Inc.,* No. 16-20326, ECF # 807-3 (Wyo. Bankr. Jan. 19, 2018). Pursuant to that process, the beneficiaries attended binding mediations with retired Judge William F. Downes. As set forth in the TDPs, the Trustee notified the insurance companies, including Lexington, of the mediations and provided them with an opportunity to participate. None of the insurance companies chose to participate. After the mediations, Judge Downes set a value for each claim. The values set by Judge Downes were then reduced to judgments, which were entered in the underlying cases. As was required by the TDPs, the Trustee notified the insurance companies of the stipulated motions for the entry of judgment.

Pursuant to the TDPs, Lexington "remain[s] free to challenge the reasonableness of any Claim values determined through the TDPs." *Id.* at 2.4. Nevertheless, the Trustee

2019, denied Trustee's request for indemnification. *Id.* at ¶ 28. Because HTMS and Patten are now "legally obligated to pay" those judgments, the SIR is satisfied, and Lexington owes a duty to indemnify HTMS and Patten pursuant to the HTMS-Lexington policies. *Id.* at ¶¶30-37. Because Trustee's claim for indemnification did not mature until the judgments were entered on or about January 16, 2019, the claim falls squarely within Rule 13(e), and should be permitted via supplementation pursuant to Rule 15(d).

The Trustee's counterclaim for indemnification is not untimely under the scheduling order, and allowing it will not cause any party undue prejudice. Also, judicial economy would be best served by allowing Trustee's counterclaim in this action. At a minimum, the claim is closely related to the claims currently before the Court. The very same parties are involved. The facts and legal arguments supporting coverage under the HTMS-Lexington policies are similar to those that will be presented to support claims for coverage under the PVHC-Lexington policies. If a claim for coverage under the HTS-Lexington policies proceeds separately, there will be a significant duplication of time and effort by the litigants, and by the Court. Discovery has only just begun, and no changes will need to be made to the current schedule. No party will be unduly prejudiced by the supplementation.

E.     **Alternatively, the Counterclaim Falls Within Rule 13(a) or (b), and Should by Allowed by Amendment Under Rule 15(a).**

Trustee should be permitted to amend the counterclaims to invoke coverage under the HTMS-Lexington policies. Trustee was not assigned HTMS and Patten's claims until long after the scheduling order amendment deadline passed. Also, the claim for

---

believes that the mediations were conducted in good faith, without collusion and that the resulting values determined by Judge Downes were reasonable.

9

indemnity did not mature until the judgments in the underlying personal injury cases were entered on or about January 16, 2019.  Trustee therefore has a reasonable explanation for seeking to amend beyond the scheduling order deadline.[7]

Again, the issues are virtually identical to those previously raised by HTMS and Patten in their quest for coverage under the PVHC-Lexington policies.  Neither discovery deadlines nor trial will be delayed by allowing Trustee to amend to add a claim for coverage under the HTMS-Lexington policy.

**F.      Conclusion**

For the reasons stated, the Court should allow Trustee to assert a counterclaim against Lexington for coverage under the HTMS-Lexington policies.  Supplementation or amendment should be allowed to promote the complete, economic, just, and timely resolution of all of the claims between the parties in this action.

Dated this 11th of March, 2019.

                                                                                    /s/_____
Robert A. Krause (WSB # 5-2824)
Mel C. Orchard, III (WSB # 5-2894)
Elizabeth A. Richards (WSB # 6-4249)
Sarah A. Kellogg (WSB # 7-5355)
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, WY 83001
(307) 733-7290; (307) 733-5248 (fax)
krause@spencelawyers.com
orchard@spencelawyers.com
richards@spencelaywers.com
kellogg@spencelaywers.com

---

[7]     Also, certain plaintiffs in the underlying negligence cases moved to intervene in this action on June 15, 2015, but their motion was denied.  ECF #20, 28.  They were therefore unable to protect their interests in seeking recovery under all available insurance policies until Trustee was assigned claims for coverage in the bankruptcy proceedings, and was substituted for HTMS and Patten in this action.

Jon M. Moyers (WSB # 6-3661)
MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, MT 59102
(406) 655-4900
jon@jmoyerslaw.com

Kathryn Kohn Troldahl (*pro hac vice*)
KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
(763) 259-3686; (888) 519-3472 (fax)
kohnkathryn1@gmail.com

*Attorneys for the Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2019, the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| |
|---|
| Charles Spevacek<br>cspevacek@meagher.com<br>Tiffany Brown<br>tbrown@meagher.com<br>MEAGHER & GEER, PLLP<br>33 South Sixth Street<br>Suite 4400<br>Minneapolis, MN  55402<br><br>Judith Studer<br>jstuder@schwartzbon.com<br>SCHWARTZ BON WALKER & STUDER, LLC<br>141 South Center Street, Suite 500<br>Casper, WY  82601<br><br>*Attorneys for Homeland Insurance Company of New York* |
| R. Jeff Carlisle<br>jcarlisle@lynberg.com<br>Catherine A. Naltsas<br>cnaltsas@lynberg.com<br>Jerome P Doctors<br>jdoctors@lyndberg.com<br>LYNBERG & WATKINS, APC<br>888 South Figueroa Street, 16th Floor<br>Los Angeles, California 90012<br><br>Deborah M. Kellam<br>kellamd@hallevans.com<br>HALL & EVANS, LLC<br>2015 Central Avenue, Suite C<br>Cheyenne, WY 82001<br><br>*Attorneys for Lexington Insurance Company* |

                                                      _/s/_____
                                                      *Attorney for the Trustee*