R. Jeff Carlisle, Esq. (California State Bar 76009)
Jerome P. Doctors, Esq. (California State Bar 143581)
Catherine A. Naltsas, Esq. (California State Bar 262259)
LYNBERG & WATKINS, APC
1150 S. Olive Street, 18th Floor
Los Angeles, CA 90015
T:  213-624-8700
F:  213-892-2763
jcarlisle@lynberg.com
jdoctors@lynberg.com
cnaltsas@lynberg.com

Deborah M. Kellam | Special Counsel
HALL & EVANS, LLC
866 N. 4th Street, Suite 3
Laramie, WY 82072
T:  307-514-2567
F:  307-514-2568
kellamd@hallevans.com

Attorneys for Counterclaim Defendant and Cross-Claim Defendant,
LEXINGTON INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | ) | Civil Action No. 15CV31-J |
| | ) | |
| Plaintiff | ) | **DECLARATION OF** |
| | ) | **CATHERINE A. NALTSAS** |
| v. | ) | **IN SUPPORT OF** |
| | ) | **LEXINGTON INSURANCE** |
| | ) | **COMPANY'S RESPONSE TO** |
| POWELL VALLEY HEALTHCARE, | ) | **THE TRUSTEE'S MOTION** |
| INC., et al. | ) | **FOR LEAVE TO** |
| | ) | **SUPPLEMENT OR,** |
| Defendants. | ) | **ALTERNATIVELY AMEND** |
| | ) | **COUNTERCLAIM** |

I, Catherine A. Naltsas, counsel for Lexington Insurance Company ("Lexington") in this matter, submit this declaration in support of Lexington's Response to the Trustee's Motion for Leave to Amend. Under penalty of perjury, I affirm to the best of my knowledge, the following statement is true and accurate:

1.      On September 19, 2017, Scott Goldstein, counsel for the Unsecured Creditors Committee, circulated Draft Trust Distribution Procedures to the counsel representing parties in the bankruptcy proceeding, Case 16-20326.

2.      On December 5, 2017, the parties entered into a stipulation which details the negotiated modifications to the Plan and the TDPs. A true and correct copy of the Stipulation is attached as Exhibit 1. Materially, as it pertains to the Valuation Proceedings, the parties Stipulated:

> 5. The Personal Injury Trust shall be amended to include a new section 10.13 which shall state as follows:
>
> 10.13. **TDPs Not Binding on Insurance Companies.** Notwithstanding anything in the Plan, the Plan Documents or the Confirmation Order: (1) the TDPs (including any amendments thereto) and the Claim values determined through the TDPs shall not be binding on the Insurance Companies; (2) the Insurance Companies remain free to challenge the reasonableness of any Claim values determined through the TDPs; and (3) no deference shall be given in the Declaratory Judgment Action to the Claim values determined through the TDPs because the Claim values were determined and the TDPs were approved by the Bankruptcy Court – said Claim values may be used and disputed in the Declaratory Judgment Action by any party as allowed by law.

3.      On January 19, 2018, following the entry of the Stipulation, Modified Amended Chapter 11 Plan of Reorganization for Powell Valley Health Care, Inc. was

entered in the Bankruptcy Court [Case 16-20326, Doc 807] ("Amended Plan"). Attached

hereto as Exhibit 2 is a true and correct copy of the Amended Plan.

4. On January 19, 2018, following the entry of the Stipulation, the Amended

TDPs were also filed as Exhibit 3 to the Plan. The TDPs entered included the following

language:

> **2.4 Claim Valuations Not Binding on Insurance Companies**
> Notwithstanding anything in the Plan, the Plan Documents or the
> Confirmation Order: (1) the TDPs (including any amendments
> thereto) and the Claim values determined through the TDPs shall not
> be binding on the Insurance Companies; (2) the Insurance Companies
> remain free to challenge the reasonableness of any Claim values
> determined through the TDPs; and (3) no deference shall be given the
> Declaratory Judgment Action to the Claim values determined through
> the TDPs because the Claim values were determined and the TDPs
> were approved by the Bankruptcy Court – said Claim values may be
> used and disputed in the Declaratory Judgment Action by any party as
> allowed by law. For the avoidance of doubt, the Insurance Companies
> are not required to participate in the TDPs, including but not limited
> to the Binding Mediation Procedure set forth in paragraph 2.3 herein,
> and the refusal of any insurer to participate in the TDPs shall not be a
> waiver of the insurer's right to challenge the reasonableness of any
> Claim values determined through the TDPs. [Case 16-20326 Doc 807-
> 3.]

> Attached hereto as Exhibit 3 is a true and correct copy of the TDPs.

5. Once the TDPs were entered in the Bankruptcy Court, Judge Downes on

March 12, 2018 sent counsel for Lexington, among others which notified Lexington, among

others, that Judge Downes would be commencing with the mediation process consistent

with Article II of the TDPs to determine claim values for the Estate. Attached hereto as

Exhibit 4 is a true and correct copy of Judge Downes' March 12, 2018 letter.

6.    Neither Lexington, nor HealthTech and/or William Patten participated in the mediation process. As set forth in Section 2.4 of the TDPs of Exhibit 3 to this Declaration, Lexington was not required to participate in the mediation, and Lexington's failure to participate in the mediation process did not prejudice its rights to challenge the reasonableness of the value of the subject malpractice claims.

7.    On July 20, 2018, Judge Downes issued his opinions on the claim values. Judge Downes' opinions set forth no allocation of liability to HealthTech and/or Patten, and no apportionment of fault to HealthTech and/or Patten. Attached hereto as Exhibit 5 is a true and correct copy of Judge Downes' July 20, 2018 letter.

8.    Once the Valuation Proceedings concluded the Downes opinions were issued, Mr. Goldstein filed a Motion to Approve Compromise and Settlement of Claims. Again to avoid objections to the Trustee's Motion to Approve Compromise and Settlement of Claims, Mr. Goldstein stated to insurance carriers that, with respect to the Claim Valuations, "There is nothing being done outside of the Plan":

> From: Goldstein, Scott J. <sgoldstein@spencerfane.com>
> Sent: Wednesday, September 12, 2018 2:06 PM
> To: Michael S. Davis <MDavis@zeklaw.com>
> Subject: FW: Changes to Order requested by Insurance Companies
>
> We don't think these changes are necessary.   There is nothing being done outside the Plan.   There is no need to quote portions of the Plan.   Notwithstanding the same, I am ok with your paragraph 3.   If this is acceptable, please revise accordingly and make the last number--4.
>
> I will then submit this as the proposed order to the Court .

If not, let me know.

Thanks.   Sjg

Attached as Exhibit 6 is a true and correct copy of Mr. Goldstein's email regarding the Trustee's Motion to Approve Compromise and Settlement of Claims.

9.      On April 16, 2018, the parties appeared before Judge Johnson. The Trustee indicated to Lexington an intention to file an amended pleading to add a cause of action against Lexington. Lexington raised this concern with the Judge, highlighting that the deadlines to amend pleadings passed before the assignment. The expired deadline to amend pleadings was left *in place*. Attached as Exhibit 7 is a true and correct copy of the transcript from April 16, 2018, with portions highlighted.

10.     Following the Status Conference, the parties were to propose deadlines for the Amended Scheduling Order. On April 20, 2018, counsel for Homeland circulated a proposed Stipulation to Amend Scheduling Order that contained no provision for modifying the amendment date. Attached as Exhibit 8 is a true and correct copy of Mr. Spevacek's April 20, 2018 email to counsel with proposed stipulation attached.

11.     On May 17, 2018, counsel for the Trustee added a provision modifying the amendment date to July 16, 2018. Attached as Exhibit 9 is a true and correct copy of the email chain including the Trustee counsel's May 17, 2018 email to counsel which proposed changes.

12.     On May 25, 2018, counsel for Lexington voiced objection to the modified amendment date and circulated a revised draft stipulation deleting the modified amendment

date. Attached as Exhibit 10 is a true and correct copy of the email from myself as Lexington counsel with the revised draft stipulation attached.

13.     On June 1, 2018, counsel for the Trustee circulated a final draft of the stipulation, which removed any reference to a modified amendment date. This final stipulation was submitted to the Court on June 13, 2018 and the proposed dates were discussed at the June 18, 2018 Status Conference. Attached hereto as Exhibit 11 is the email submitted to the court as well as the agreed-to Stipulation with no modified pleading amendment date.

14.     On June 18, 2018, during the hearing on the Status Conference, amendment was again raised, but the Court was not inclined to change the prior amendment date. The Amended Scheduling Order [Doc 114] does not modify the prior amendment date and expressly states that "all other deadlines and/or provisions of the Court's Order on Initial Pretrial Conference, Order Bifurcating Discovery, and Order Scheduling Phase I…shall **remain unchanged**." (Emphasis added.)

15.     On January 17, 2019, we received in our offices via US Mail a letter from Spencer Fane dated January 16, 2019. No email was transmitted. The letter provided "notice" of proposed judgments but identified no proceedings regarding the proposed judgments. Attached hereto as Exhibit 12 is a true and correct copy of the January 16, 2019 Spencer Fane letter received in our offices.

16. As set forth in Exhibit 3 to this Declaration, Section 2.3 of the Modified Plan states, in part,

…The Personal Injury Trustee agrees to give all Insurers reasonable prior notice of any hearings relating to any motions to compromise and settle under Rule 9019, and to any proceedings in which judgments in state court shall be obtained.

The Judgments in the underlying claims were presented to the underlying judge and subsequently entered on January 12, 2019, before notice to the insurers was provided. Attached hereto as Exhibit 13 is a copy of the Judgments dated January 12, 2019.

17.     I have reviewed Lexington policy no. 6797081 and can attest that Part III. Conditions, Section B. states that: "the Insured shall not, except at the Insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense without **our** consent."

18.     Finally, as part of the parties' disclosure obligations, HealthTech and Patten's Rule 26(a) disclosure of "documents and things in their possession, custody or control that they may use to support their claims and defenses" does not disclose policy 6797081 and the Trustee failed to file a supplemental disclosure identifying witnesses and documents likely to support any claims against Lexington under Policy 6797081. Attached hereto as Exhibit 14 is HealthTech's Rule 26(a) Disclosure.

Under penalty of perjury, I declare the forgoing is true.

Catherine A. Naltsas

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

Subscribed and sworn to before me by Catherine A. Naltsas this 27 day of March,

2019.

Witness my hand and official seal.

[SEAL]



_____
Notary Public

My Commission expires:  11 /17 /2020