

July 20, 2018

**VIA EMAIL & US MAIL**

Mr. Scott Goldstein
Spencer Fane
1000 Walnut, Suite 1400
Kansas City, MO 64106
sgoldstein@spencerfane.com

Re:     **POWELL VALLEY HEALTH CARE**

Dear Mr. Goldstein,

In accordance with the provisions of the Trust Distribution Procedures (TDP) of the Powell Valley Health Care, Inc. Personal Injury Trust, I submit my final report as mediator.

At the outset I wish to express my gratitude to you and your attorney, Monty Barnett, for your assistance. As well, I am appreciative of the efforts of the claimants' attorneys for their cooperation and dedication to the claims evaluation process.

As I began this challenging assignment I sought to establish a mediation process that would ensure a fair and equitable evaluation of each claim. You, your attorney and the Committee of Unsecured Claimants were consulted for your input. At the outset, I determined that the integrity of the process would benefit from a strict rule prohibiting *ex parte* communication between the claimants' attorneys and me. That prohibition was observed throughout the proceedings.

An ambitious schedule of mediations was established. I am advised that Mr. Barnett provided notices to insurance carriers which might have an interest in the proceedings, informing them of the mediation schedule and inviting their participation. They were given copies of the claimant's submissions and invited to submit statements and other information for my consideration. Mr. Barnett has reported that no substantive responses were received from these carriers.

I conducted all sessions at the Denver office of Spencer Fane. The claimants, their witnesses, and attorneys participated by video conference from the Park County Courthouse in Cody, Wyoming. Each attorney was permitted to make a brief opening statement. The claimants and witnesses provided testimony under questioning by counsel. I also questioned witnesses. Lawyers were given an opportunity to make closing remarks and, upon request, to submit limited supplemental information.



Upon conclusion of all mediations I conducted a thorough review of all information which had been submitted in each claim, to include lawyers' mediation statements, financial information, medical records and expert witness reports.

Before setting values on the claims, I had to determine whether a claimant could have proved their claim in a court of law. In all but one claim I concluded that the medical provider had breached the applicable standard of care and that the breach was a proximate cause of the claimed injuries.

In no case did I find that a plaintiff was potentially at fault for his or her claimed injuries or that a claimant had failed to mitigate economic losses. If I deemed claimed economic losses to be insufficiently documented I either disallowed the claim or reduced the recovery for that claimed loss.

Evaluation of non-economic losses for pain and suffering, loss of enjoyment of life and for loss of care, comfort and society are most challenging but I was aided in that task by my ability to observe and question each claimant. I also drew upon my experience as a former medical malpractice attorney and judge.

It is important to note that I was not asked to provide an opinion regarding any other legal issue. Moreover, findings of fact and conclusions of law were not sought by you or any claimant.

Mindful that the TDP contemplates that my findings will "constitute final and binding determinations of liquidation of the Trust Personal Injury Claims subject to approval by the Bankruptcy Court," I have endeavored to be faithful to my obligations to the Binding Mediation Procedure.

Attached to this letter is an appendix which establishes values for each claim. I confirm that neither you nor Mr. Barnett gave me any opinion about the value of these claims. If you have any questions regarding this submission please advise.

Again, thank you for your assistance.

Very truly yours,

William F. Downes

WFD/mg
Enclosures
cc:     Monty L. Barnett

| CLAIMENTS | TOTAL AWARD | ECO-LOSS | NON-ECO | CONSORTIUM | NOTES |
|---|---|---|---|---|---|
| 1. Mark Bonamarte | $ 550,000.00 | $ 50,000.00 | $ 500,000.00 | | |
| 2. Michelle Oliver | $ 1,127,000.00 | $ 527,000.00 | $ 600,000.00 | | |
| 3. Kalan Nicholson | $ 1,066,000.00 | $ 66,000.00 | $ 1,000,000.00 | | |
| 4. Anothny & Lori DiPilla | $ 1,240,000.00 | $ 290,000.00 | $ 700,000.00 | $ 250,000.00 | |
| 5. Keela & Brock Meier | $ 1,472,000.00 | $ 72,000.00 | $ 1,000,000.00 | $ 400,000.00 | |
| 6. Martha & Richard McMillen | $ 1,712,000.00 | $ 512,000.00 | $ 1,000,000.00 | $ 200,000.00 | |
| 7. Sheryl & Darin Henderson | $ 1,105,000.00 | $ 205,000.00 | $ 800,000.00 | $ 100,000.00 | |
| 8. Joetta (Johnson) Martin | $ 598,000.00 | $ 98,000.00 | $ 500,000.00 | | |
| 9. Peggi Jo Werbelow | $ 4,200,000.00 | $ 1,200,000.00 | $ 3,000,000.00 | | |
| 10. Nate & Sheena Bates Izabella (daughter) | $ 2,015,000.00 | $ 815,000.00 | $ 800,000.00 | $ 300,000.00 Sheena / $ 100,000.00 Izabella | |
| 11. Jan & Bart Brinkerhoff | $ 464,500.00 | $ 14,500.00 | $ 350,000.00 | $ 100,000.00 | |
| 12. William D. Haney | insufficient evidence of medical negligence | | | | |
| 13. Kelly Hatcher | $ 206,500.00 | $ 6,500.00 | $ 200,000.00 | | |
| 14. Nancy & Larry Heiser | $ 1,675,000.00 | $ 175,000.00 | $ 1,000,000.00 | $ 500,000.00 | |
| 15. Harry & JoAnn Knopp | $ 1,200,000.00 | $ - | $ 1,000,000.00 | $ 200,000.00 | |
| 16. Nanette Nofzinger (personal rep) | $ 860,000.00 | $ - | | $ 400,000.00 (mother) | |

| | | | |
|---|---|---|---|
| Ric (father) | | $ 400,000.00 | |
| Ashley Lucan (sister) | | $ 30,000.00 | |
| Rachel Nofzinger (sister) | | $ 30,000.00 | |
| 17. Darcy Ronne | $ 132,000.00 | $ 32,000.00 | $ 100,000.00 |
| 18. Susan & Doug Scott | $ 1,364,000.00 | $ 164,000.00 | $ 800,000.00 |
| 19. Jody & Jerry Sessions | $ 1,495,000.00 | $ 445,000.00 | $ 800,000.00 |
| 20. Lynn & Janet Snell | $ 1,965,000.00 | $ 165,000.00 | $ 250,000.00 |
| 21. Veronica & Billie Sommerville Alison (daughter) | $ 5,096,850.00 | $ 1,896,850.00 | $ 1,500,000.00 $ 300,000.00 |
| 22. Susan & Scott Stambaush | $ 3,680,000.00 | $ 1,130,000.00 | $ 2,500,000.00 $ 200,000.00 |
| 23. Shane & Jayne Wilson | $ 7,025,632.00 | $ 2,525,632.00 | $ 2,500,000.00 $ 50,000.00 |
| 24. Shannon Eller | $ 1,100,000.00 | $ 200,000.00 | $ 4,000,000.00 $ 500,000.00 |
| 25. Nancy & Earl Crawford | $ 1,465,000.00 | $ 215,000.00 | $ 900,000.00 $ 500,000.00 |
| | | | $ 1,000,000.00 $ 250,000.00 |