R. Jeff Carlisle, Esq. (California State Bar 76009)
Jerome P. Doctors, Esq. (California State Bar 143581)
Catherine A. Naltsas, Esq. (California State Bar 262259)
LYNBERG & WATKINS, APC
1150 S. Olive Street, 18th Floor
Los Angeles, CA 90015
T: 213-624-8700
F: 213-892-2763
jcarlisle@lynberg.com
jdoctors@lynberg.com
cnaltsas@lynberg.com

Deborah M. Kellam | Special Counsel
HALL & EVANS, LLC
866 N. 4th Street, Suite 3
Laramie, WY 82072
T: 307-514-2567
F: 307-514-2568
kellamd@hallevans.com

Attorneys for Counterclaim Defendant and Cross-Claim Defendant,
LEXINGTON INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, <br><br> Plaintiff <br><br> v. <br><br> POWELL VALLEY HEALTHCARE, INC., et al. <br><br> Defendants. | Civil Action No. 15CV31-J <br><br> **LEXINGTON INSURANCE COMPANY'S REQUEST FOR JUDICIAL NOTICE; AFFIDAVIT OF JEROME P. DOCTORS** |

Counterclaim Defendant and Cross-Claim Defendant Lexington Insurance Company ("Lexington"), pursuant to Federal Rules of Civil Procedure 201, hereby requests the Court to take judicial notice of the following:

1.      Representations made by Health Tech Management Services, Inc. and William D. Patten on Page 4 of their July 1, 2015 MOTION FOR JUDGMENT ON THE PLEADINGS ("Motion"), filed in *DiPilla v. HealthTech Management, et al.*, Civil No. 27947, in the District Court, Fifth Judicial District, of Wyoming that:

> 9.      The Court may also take judicial notice of a decision letter issued by the District Court for the Fifth Judicial District in the case of *Stambaugh v. HealthTech Management Services, Inc., et al.*, Park County Civil No. 27758, as additional persuasive authority. A copy of this decision letter is attached to this motion as Exhibit B. In Stambaugh, Plaintiffs alleged that HealthTech had negligently credentialed, privileged and supervised Hansen relying upon a copy of the same 2010 Contract before this Court. **The District Court granted HealthTech's Rule 12(b)(6) Motion to Dismiss the Stambaugh complaint, finding that the Contract was unambiguous and that HealthTech did not have any authority or responsibility over credentialing, privileging, quality assurance, training and licensing of the PVHC professional staff under the terms of the Contract.** Stambaugh Opinion, Exhibit B at 7-8.
>
> 10.      In addition, the United States District Court for the District of Wyoming has also ruled that HealthTech and Patten do not have any duty under these alleged facts. In *Oliver v. HealthTech Management Services, Inc.*, et al., U.S.D.C. Wyo. Civil No. 14-CV-168-S, the plaintiff filed a suit against HealthTech, Patten, PVHC and Hansen. The allegations against HealthTech and Patten were virtually identical to the allegations contained in the pleadings before this Court. **On March 11, 2015 Judge Scott Skavdahl granted an order dismissing HealthTech and Patten in a case that was based on a complaint that is a virtual mirror image of the Complaint filed in this action. A copy of the transcript of Judge Skavdahl's ruling is attached to this motion as Exhibit C. "The premises upon which defendant's argument for judgment on the pleadings is based is that they did not owe and do not owe any legal duty to plaintiff. The Court agrees no legal duty exists, nor can it exist in this case, . . . ."** Oliver Transcript, Exhibit C at 10 (emphasis supplied)

(Emphasis added.) A true and copy of Page 4 of the Motion upon which these representations are reflected, as well as the conformed face page and signature page of the Motion are attached as Exhibit "1." [Affidavit of Jerome P. Doctors, ¶2]

2.      The following statements on Page 2 of Health Tech Management Services, Inc. and William D. Patten's August 4, 2015 REPLY MEMORANDUM OF LAW IN SUPPORT OF

2

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ("Reply"), filed in *DiPilla v. HealthTech Management*, et al., Civil No. 27947, in the District Court, Fifth Judicial District, of Wyoming:

> The express terms of the Agreement for Management Services between HealthTech and PVHC (the "Contract") clearly state that neither HealthTech nor Patten have authority over matters of medical judgment or practice, such as credentialing and monitoring the medical decisions of the hospital's professional staff. PVHC retained those duties and exercised its authority through its professional committees and board of trustees. HealthTech and Patten never agreed to assume those responsibilities and, therefore, the plain language of the Contract, which is cited in Plaintiffs' Amended Complaint, refutes the key allegations of Plaintiffs' Complaint.

A true and copy of Page 2 of the Reply upon which these statements are reflected, as well as the conformed face page and signature page of the Reply are attached as Exhibit "2." [Affidavit of Jerome P. Doctors, ¶3]

> Rule 201 of the Federal Rules of Civil Procedure provides, in part:
>
> > (b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:
> >
> > (1) is generally known within the trial court's territorial jurisdiction; or
> >
> > (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
> >
> > (c) Taking Notice. The court:
> >
> > (1) may take judicial notice on its own; or
> >
> > (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.
>
> The Court may take judicial notice of its own file and records, as well as facts which are a matter of public record. See *Johnson v. City of Cheyenne*, No. 2:17-CV-0074-SWS, 2017 WL

3

6551397, at *6 (D. Wyo. Nov. 21, 2017); *United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (noting "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"; taking judicial notice of "publicly-filed records" in unrelated criminal prosecution and appeal, including "appellate briefs, the criminal judgment, and the transcript of the sentencing proceeding*"); St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir.1979) (taking judicial notice of documents in separate federal district court action and noting that "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); accord *Reyn's Pasta Bella, LLC v. VISA USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir.2006) (taking notice of pleadings and other documents filed in related litigation); and *Powell v. Rios*, 241 F. App'x 500, 501 (10th Cir. 2007)

      Accordingly, Lexington requests that this Court take judicial notice of items 1 and 2 above.

Dated: April 25, 2019

                                            /s/ Jerome P. Doctors
                                            Catherine A. Naltsas
                                            Jerome P. Doctors
                                            Lynberg &Watkins
                                            1150 S. Olive St. 18th Floor
                                            Los Angeles, CA 90015

## **AFFADVIT OF JEROME P. DOCTORS**

I, Jerome P. Doctors, declare as follows:

1. I am a licensed attorney and am authorized to appear before this Court. I am one of Lexington Insurance Company's ("Lexington") counsel in this matter. I submit this Affidavit in support of Lexington's Request for Judicial Motion. I have personal knowledge as to all matters set forth herein, and if called to testify as a witness, I could and would do so.

2. On April 10, 2019, at my direction, I obtained from the Park County Clerk of District Court, P O Box 1960, Cody, Wyoming 82414, an electronic copy of Health Tech Management Services, Inc. and William D. Patten's MOTION FOR JUDGMENT ON THE PLEADINGS ("Motion"), filed on July 1, 2015 in *DiPilla v. HealthTech Management*, et al., Civil No. 27947, in the District Court, Fifth Judicial District, of Wyoming. Attached as "Exhibit 1" is a true and correct of the conformed face page, Page 4 and signature page of the Motion.

3. On April 10, 2019, at my direction, I obtained from the Park County Clerk of District Court, P O Box 1960, Cody, Wyoming 82414, an electronic copy of Health Tech Management Services, Inc. and William D. Patten's REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ("Reply"), filed on August 4, 2015 in *DiPilla v. HealthTech Management*, et al., Civil No. 27947, in the District Court, Fifth Judicial District, of Wyoming. Attached as "Exhibit 2" is a true and correct of the conformed face page, Page 2 and signature page of the Reply.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this affidavit was executed in Los Angeles, California on April 25, 2019.

_____
Jerome P. Doctors

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California       )
County of __LOS ANGELES__ )

On __4/25/19__ before me, __JUNKO BUTLER - NOTARY PUBLIC__,
       Date                    Here Insert Name and Title of the Officer

personally appeared __JEROME P. DOCTORS__
                              Name(s) of Signer(s)

_____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
           Signature of Notary Public

**JUNKO BUTLER**
Commission # 2143781
Notary Public - California
Los Angeles County
My Comm. Expires Mar 19, 2020

Place Notary Seal Above

———————————— OPTIONAL ————————————
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: __AFFIDAVIT OF JEROME P DOCTORS__  Document Date: __04/25/19__
Number of Pages: __6__  Signer(s) Other Than Named Above: __SAME AS ABOVE__

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: __JEROME P DOCTORS__                Signer's Name: _____
☐ Corporate Officer — Title(s): _____    ☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General                    ☐ Partner — ☐ Limited ☐ General
☐ Individual    ☐ Attorney in Fact                 ☐ Individual    ☐ Attorney in Fact
☐ Trustee       ☐ Guardian or Conservator          ☐ Trustee       ☐ Guardian or Conservator
☐ Other: _____                            ☐ Other: _____
Signer Is Representing: __COUNSEL FOR LEXINGTON__   Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

# EXHIBIT 1

George E. Powers, Jr. #5-2062
Paul Kapp #5-2267
Sundahl, Powers, Kapp & Martin, L.L.C.
1725 Carey Avenue
P.O. Box 328
Cheyenne, WY 82003-0328
(307) 632-6421
*Attorneys for HealthTech Management*
*Services, Inc., and William D. Patten*

STATE OF WYOMING      )
                      )SS.
COUNTY OF PARK        )

IN THE DISTRICT COURT

FIFTH JUDICIAL DISTRICT

ANTHONY DIPILLA and LAURIE DIPILLA    )
                                       )
    Plaintiffs,                       )
VS.                                    )   Civil No. 27947
                                       )
HEALTHTECH MANAGEMENT SERVICES, INC.,  )   PATRA LINDENTHAL
WILLIAM D. PATTEN, JEFFREY HANSEN, M.D., and )   Clerk of District Court
POWELL VALLEY HEALTH CARE, INC.,       )
                                       )   FILED JUL 0 1 2015
    Defendants.                       )   by _____ Deputy

### DEFENDANT HEALTHTECH'S AND PATTEN'S MOTION FOR JUDGMENT ON THE PLEADINGS

**COME NOW** the Defendants, HealthTech Management Services, Inc. (hereafter "HealthTech") and William D. Patten (hereafter "Patten"), by and through their attorneys, Sundahl, Powers, Kapp & Martin, LLC, and hereby move this Court for its order awarding judgment on the pleadings in favor of Defendants HealthTech and Patten, pursuant to Rule 12(c) of the Wyoming Rules of Civil Procedure. In support of this motion, Defendants respectfully submit as follows:

1. Plaintiffs originally filed a Complaint against HealthTech and Patten on January 20, 2015. Thereafter Plaintiffs filed their First Amended Complaint, which was served on March 25, 2015.

2. Defendants HealthTech and Patten filed their answer to the First Amended Complaint on April 13, 2015. Defendant Powell Valley Health Care, Inc. ("PVHC") served its answer to the First Amended Complaint on June 1, 2015. Defendant Jeffrey Hansen, M.D. ("Hansen"), served his answer to the First Amended Complaint on April 1, 2015. The time allowed for the parties to amend their pleadings without leave of court has lapsed. Accordingly the pleadings are closed.

1

contractual duty recognized under Wyoming law. Accordingly, HealthTech and Patten are entitled to judgment on the pleadings pursuant to Rule 12(c) and the First Amended Complaint against these Defendants should be dismissed with prejudice.

9. The Court may also take judicial notice of a decision letter issued by the District Court for the Fifth Judicial District in the case of *Stambaugh v. HealthTech Management Services, Inc., et al.*, Park County Civil No. 27758, as additional persuasive authority. A copy of this decision letter is attached to this motion as Exhibit B. In *Stambaugh*, Plaintiffs alleged that HealthTech had negligently credentialed, privileged and supervised Hansen relying upon a copy of the same 2010 Contract before this Court. The District Court granted HealthTech's Rule 12(b)(6) Motion to Dismiss the *Stambaugh* complaint, finding that the Contract was unambiguous and that HealthTech did not have any authority or responsibility over credentialing, privileging, quality assurance, training and licensing of the PVHC professional staff under the terms of the Contract. *Stambaugh Opinion, Exhibit B at 7-8.*

10. In addition, the United States District Court for the District of Wyoming has also ruled that HealthTech and Patten do not have any duty under these alleged facts. In *Oliver v. HealthTech Management Services, Inc., et al.*, U.S.D.C. Wyo. Civil No. 14-CV-168-S, the plaintiff filed a suit against HealthTech, Patten, PVHC and Hansen. The allegations against HealthTech and Patten were virtually identical to the allegations contained in the pleadings before this Court. On March 11, 2015 Judge Scott Skavdahl granted an order dismissing HealthTech and Patten in a case that was based on a complaint that is a virtual mirror image of the Complaint filed in this action. A copy of the transcript of Judge Skavdahl's ruling is attached to this motion as Exhibit C. "The premises upon which defendant's argument for judgment on the pleadings is based is that they did not owe and do not owe any legal duty to plaintiff. The Court agrees **no legal duty exists, nor can it exist in this case,** . . . ." *Oliver Transcript, Exhibit C at 10 (emphasis supplied).*[2]

11. Defendants have submitted a Memorandum of Law in Support of Defendant HealthTech's and Patten's Joint Motion for Judgment on the Pleadings, which is hereby adopted and incorporated herein by this reference.

---

[2] On April 30, 2015, Judge Skavdahl granted a motion to dismiss the *Oliver* lawsuit in its entirety. However, the grounds for dismissal were unrelated to the arguments presented by HealthTech and Patten. The reasoning behind the prior order dismissing HealthTech and Patten remains unimpeached.

**WHEREFORE** Defendants HealthTech and Patten pray that this Court grant the motion for judgment on the pleadings, enter its order dismissing the Amended Complaint against these Defendants with prejudice and award such other and further relief as may be just and proper in the premises.

Dated this 29th day of June 2015.

*/s/ Paul Kapp*

Paul Kapp #5-2267
George E. Powers, Jr. #5-2062
Sundahl, Powers, Kapp & Martin, LLC
1725 Carey Avenue (82001)
P.O. Box 328
Cheyenne, WY 82003-0328
(307) 632-6421
*Attorneys for HealthTech Management Services, Inc. and William D. Patten*

### CERTIFICATE OF SERVICE

I certify the foregoing pleading was served on this 29th day of June 2015, and that copies were served as follows:

| | |
|---|---|
| Robert A. Krause,<br>Mel C. Orchard, III,<br>Elizabeth A. Richards,<br>Sarah A. Kellogg<br>The Spence Law Firm, LLC<br>15 S. Jackson Street<br>PO Box 548<br>Jackson, WY 83001 | [ X ] U.S. Mail<br>[ ] Electronically<br>[ ] Fax<br>[ ] Hand Delivered |
| William L. Simpson<br>Larry B. Jones<br>Colin M. Simpson<br>Burg, Simpson, Eldredge, Hersh & Jardine, PC<br>1135 14th Street<br>P.O. Box 490<br>Cody, WY 82414 | [ X ] U.S. Mail<br>[ ] Electronically<br>[ ] Fax<br>[ ] Hand Delivered |
| Brian J. Marvel/ Scott E. Ortiz<br>Williams, Porter, Day & Neville, P.C.<br>P.O. Box 10700<br>Casper, WY 82602 | [ X ] U.S. Mail<br>[ ] Electronically<br>[ ] Fax<br>[ ] Hand Delivered |
| Christopher Voigt<br>Eric Peterson<br>Crowley Fleck, P.L.L.P.<br>490 N. 31st Street, Suite 500<br>Billings, MT 59101 | [ X ] U.S. Mail<br>[ ] Electronically<br>[ ] Fax<br>[ ] Hand Delivered |

*/s/ George E. Powers, Jr.*

George E. Powers, Jr.

5

# EXHIBIT 2

George E. Powers, Jr. #5-2062
Paul Kapp #5-2267
Sundahl, Powers, Kapp & Martin, L.L.C.
1725 Carey Avenue
P.O. Box 328
Cheyenne, WY 82003-0328
(307) 632-6421
*Attorneys for Health Tech Management*
*Services, Inc. and William D. Patten*

PATRA LINDENTHAL
Clerk of District Court

FILED AUG 0 4 2015
by _____ Deputy

IN THE DISTRICT COURT

FIFTH JUDICIAL DISTRICT

| | |
|---|---|
| STATE OF WYOMING )<br>)SS.<br>COUNTY OF PARK ) | |

| | |
|---|---|
| ANTHONY DIPILLA and LAURIE DIPILLA,<br><br>       Plaintiff,<br>VS.<br><br>HEALTHTECH MANAGEMENT SERVICES, INC.,<br>WILLIAM D. PATTEN, JEFFREY HANSEN, M.D., and<br>POWELL VALLEY HEALTH CARE, INC.,<br><br>       Defendants. | Civil No. 27947 |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

**COME NOW** Defendants HealthTech Management Services, Inc. ("HealthTech") and William D. Patten ("Patten"), by and through their attorneys, Sundahl, Powers, Kapp & Martin, LLC, and hereby submit the following Reply Memorandum of Law in Support of their Motion for Judgment on the Pleadings ("the Motion" or, in citations, "Mot. for J. on the Pleadings").

**I.   INTRODUCTION**

Plaintiffs' First Amended Complaint makes no factual allegations that could support a claim that Defendants HealthTech and Patten (collectively referred to herein at times as "Defendants") owed Plaintiffs any duty. Under Wyoming law, duty is a necessary element of

1

any claim for negligence. Because Defendants owed no legal duty to Plaintiffs, HealthTech and Patten should be awarded judgment on the pleadings and dismissed from this case.

Plaintiffs have built their case against HealthTech and Patten on allegations that these Defendants had a duty to credential, supervise and monitor the professional practice of Dr. Jeffrey Hansen ("Hansen"), an orthopedic surgeon employed by Powell Valley Health Care, Inc. ("PVHC") at PVHC's hospital in Powell, Wyoming. HealthTech contracted with PVHC to place a person (who ultimately turned out to be Patten) to act as CEO of PVHC, but PVHC operated the hospital and controlled decisions regarding the medical staff. The express terms of the Agreement for Management Services between HealthTech and PVHC (the "Contract") clearly state that neither HealthTech nor Patten have authority over matters of medical judgment or practice, such as credentialing and monitoring the medical decisions of the hospital's professional staff. PVHC retained those duties and exercised its authority through its professional committees and board of trustees. HealthTech and Patten never agreed to assume those responsibilities and, therefore, the plain language of the Contract, which is cited in Plaintiffs' Amended Complaint, refutes the key allegations of Plaintiffs' Complaint.

Having recognized the glaring absence of any contractual basis for their claim, Plaintiffs argue that their claims derive from the common law. (Plaintiffs' Response in Opposition to Defendants HealthTech Management Services, Inc., and William D. Patten's Motion for Judgment on the Pleadings ("Plaintiffs' Resp. in Opp."), at 10). But the common law and statutes of Wyoming will not support Plaintiffs' claims against HealthTech and Patten. Hospitals, such as PVHC, have a common law duty to exercise reasonable care in credentialing and monitoring the medical care of physicians serving on the medical staff, but no Wyoming court has ever imposed such duty on a non-hospital entity or person. The hospital's exclusive

or contemplate any additional duties on the part of non-hospital entities or individuals, such as HealthTech and Patten.

Accordingly, Defendants' Rule 12(c) motion should be granted and judgment should be entered dismissing HealthTech and Patten from this case.

Dated this 3rd day of August 2015.

Paul Kapp #5-2267
George E. Powers, Jr. #5-2062
Sundahl, Powers, Kapp & Martin, LLC
P.O. Box 328
Cheyenne, WY  82003-0328
(307) 632-6421
*Attorneys for Health Tech Management Services, Inc. and William D. Patten*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2019 the foregoing **LEXINGTON INSURANACE COMPANY'S REQUEST FOR JUDICIAL NOTICE; AFFIDAVIT OF JEROME P. DOCTORS** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such electronic filing to all CM/ECF participants in this matter.

/s/ Catherine A. Naltsas
R. Jeff Carlisle, Esq. (CA State Bar 76009)
Catherine A. Naltsas, Esq. (CA State Bar 262259)
LYNBERG & WATKINS, APC
1150 S. Olive Street, Suite 1800
Los Angeles, California  90015
T:  213-624-8700
F:  213-892-2763
jcarlisle@lynberg.com
cnaltsas@lynberg.com

/s/ Deborah M. Kellam
Deborah M. Kellam | Special Counsel
HALL & EVANS, LLC
2015 Central Avenue, Suite C
Cheyenne, Wyoming 82001
T:  307-514-2567
F:  307-514-2568
kellamd@hallevans.com

Attorneys for Counterclaim and Cross-Claim Defendant
LEXINGTON INSURANCE COMPANY