Jon M. Moyers (WSB # 6-3661)
MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, MT 59102
(406) 655-4900
jon@jmoyerslaw.com

Robert A. Krause (WSB # 5-2824)
Mel C. Orchard, III (WSB # 5-2894)
Sarah A. Kellogg (WSB # 7-5355)
Elizabeth A. Richards (WSB # 6-4249)
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, WY 83001
(307) 733-7290; (307) 733-5248 (fax)
krause@spencelawyers.com
orchard@spencelawyers.com
kellogg@spencelaywers.com
richards@spencelaywers.com

Kathryn Kohn Troldahl (*pro hac vice*)
KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
(763) 259-3686; (888) 519-3472 (fax)
kohnkathryn1@gmail.com

*Attorneys for Scott J. Goldstein, Personal Injury Trustee for the Personal Injury Trust of Powell Valley Health Care, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, et al., <br><br> Plaintiff, <br> v. <br><br> POWELL HOSPITAL DISTRICT, et al., <br><br> Defendants. | Case No. 15-CV-31-J <br><br> **Counterclaimant Scott J. Goldstein, the Personal Injury Trustee of the Personal Injury Trust for Powell Valley Health Care, Inc.'s Motion for Leave to Supplement and Amend ECF # 45, Crossclaim Against Crossclaim-Defendant Lexington Insurance Company** |

Pursuant to the Federal Rules of Civil Procedure, Rules 13 and 15, Scott J. Goldstein, the Personal Injury Trustee of the Personal Injury Trust for Powell Valley Health Care, Inc. ("Trustee"), by his counsel, moves this Court for permission to supplement and to amend the crossclaims previously asserted by former crossclaimants Powell Valley Health Care, Inc. ("PVHC") and Dr. Jeffrey Hansen against Lexington Insurance Company ("Lexington") in ECF #45.  A copy of the supplemental pleading is attached as Exhibit A.  A proposed Order granting the requested relief is submitted for the Court's convenience.

## INTRODUCTION

As the Court knows, this is an insurance coverage dispute relating to medical malpractice cases (hereinafter "Underlying Claims") brought by twenty former patients of orthopedic surgeon, Dr. Jeffrey Hansen, against Dr. Hansen, PVHC, HealthTech Management Services, Inc. (a management company hired to manage PVHC), and/or William Patten (a HealthTech employee who served as the CEO of PVHC during the relevant time period).  Lexington insured PVHC and Dr. Hansen with back-to-back policies ("PVHC-Lexington policies") from August 1, 2010 through August 1, 2013, at which point, Homeland Insurance Company of New York ("Homeland") took over coverage, followed the next year by UMIA.

It is undisputed that the Underlying Claims were filed after the PVHC-Lexington policy period expired — six of the Underlying Claims were filed during the Homeland policy period and an additional fourteen claims were filed during the UMIA policy period.  During the PVHC-Lexington policy period, however, two other patients filed

2

malpractice claims against PVHC and Dr. Hansen entitled: *DuRose v. Powell Valley Healthcare, Inc.*, Civ. No. 13-Cv-216-S (D. Wyo.) and *Harris v. Hansen,* Civil No. 27038 (Wyo. 5th Jud. Dist.). Ex. A, Amended Pleading, at ¶ 18. In addition to alleging medical malpractice, the *DuRose* and *Harris* plaintiffs alleged that PVHC negligently supervised, hired, and credentialed Dr. Hansen, and Lexington defended and indemnified PVHC for those claims. *Id.* at ¶¶ 21-22. Under the PVHC-Lexington policies, all claims for the negligent hiring, supervision and credentialing of a physician are considered a single "medical incident," deemed made at the time that PVHC first notified Lexington of that "medical incident." *Id.* at ¶¶ 26-27. Therefore, because the Underlying Claims alleged that PVHC negligently supervised, hired, and credentialed Dr. Hansen, under the PHVC-Lexington policies, they are deemed made at the time that PVHC first notified Lexington of the claims in the *DuRose* and/or *Harris* cases. *Id.* at ¶¶ 23, 29.

Recently, a dispute has arisen relating to when PVHC first notified Lexington of the *DuRose* and *Harris* claims, and whether PVHC and Hansen referenced the correct policy years in their crossclaims against Lexington. More specifically, on November 13, 2019, in discussions between counsel, for the first time, Lexington took the position that the *DuRose* claim was accepted by Lexington under the 2011-2012 policy years, but the existing crossclaims only explicitly reference the 2012-2013 policy year. **This is a new defense** that Lexington did not raise in its answer to the counterclaims. ECF # 46. Nevertheless, in order to avoid controversy in the future, and clarify this issue before discovery progresses to depositions, the Trustee requests leave to amend PVHC and Dr. Hansen's crossclaims against Lexington to include references to the 2010-2011 and 2011-2012 policy years.

In addition, the original pleading only sought coverage under the PVHC-Lexington policy for the six Underlying Claims made during the Homeland policy period, even though the fourteen Underlying Claims made during the UMIA policy period involve the same coverage arguments. Therefore, the Trustee now seeks to amend ECF # 45 to specifically request coverage under the PVHC-Lexington policies for all twenty Underlying Claims. This amendment is anticipated by a stipulation in the Scheduling Order. ECF # 57 (Scheduling Order), at 2.

Finally, because the crossclaims were brought prior to the entry of stipulated judgments in excess of the PVHC-Lexington policies' limits, the original crossclaim did not include a claim for third party bad faith. The Trustee now seeks to supplement ECF # 45 to include a claim for third party bad faith.

## LOCAL RULES 7.1(B)(1)(A) & 15.1 CERTIFICATION

Counsel for Trustee conferred orally with opposing counsel and made good faith efforts to obtain the consent of opposing counsel prior to filing this motion. Specifically, Robert Krause, counsel for the Trustee, spoke to Jerome Doctors, counsel for Lexington, on November 25, 2019, at which time Lexington's counsel indicated that Lexington objected to this motion.

## LEGAL STANDARDS

### A. Rule 13(g) – Crossclaims

Federal Rule of Civil Procedure 13(g) provides that crossclaims may be brought against a coparty if the claim "arises out of the transaction or occurrence that is the subject matter or the original action . . . ." Fed. R. Civ. P .13(g). The rule states:

> **(g) Crossclaim Against a Coparty.** A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or

4

>of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant

Fed. R. Civ. P. 13. Crossclaims are always permissive — "A party who decides not to bring a claim under Rule 13(g) will not be barred by res judicata, waiver, or estoppel from asserting it in a later action, as the party would if the claim were a compulsory counterclaim under Rule 13(a)." Wright & Miller, 6 FED. PRAC. & PROC. CIV. § 1431 (3d ed.).

### B. Rule 15 - pleading supplements and amendments

Rule 15 sets forth the procedure and requirements for **supplementing** or **amending** pleadings.

Regarding **supplementing**, Rule 15(d) states, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. . . ." Fed. R. Civ. P. 15(d). "A party may supplement its complaint by adding new claims to the action 'when subsequent events make it necessary to do so.'" *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 184 F.R.D. 363, 367–68 (D. Kan. 1998) (quotation omitted). The purpose of the rule is to provide the "maximum opportunity for each claim to be decided on its merits," and to conserve judicial resources. *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1186–87 (10th Cir. 2015). Leave to serve a supplemental pleading "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." *Walker v. United Parcel Service, Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001).

Similarly, a party may move to **amend** a pleading with the court's leave, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotation omitted). "'[D]elay alone is an insufficient ground to deny leave to amend.' At some point the delay will become 'undue' and that is when it places unwarranted burden on the court or is prejudicial to the opposing party." *Caruso v. Stobart*, No. 17-CV-026-S, 2018 WL 4677789, at *3 (D. Wyo. Jan. 8, 2018) (quoting *USX Corp. v. Barrnhart,* 395 F.3d 161, 167 (3d Cir. 2004)).

### C. Rule 16 - scheduling orders

Rule 16 provides that "[a] schedule[ing order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, after a scheduling order deadline, in addition to Rule 15(a), a party seeking leave to amend must also satisfy the "good cause" standard of Rule 16(b). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). The "good cause" standard is flexible, but requires the moving party to provide an adequate explanation for any delay. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). While a scheduling order is not a frivolous piece of paper to be cavalierly discarded, "rigid adherence" to a scheduling order is not advisable. *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) (quoting *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990)). The determination to allow an amendment beyond the scheduling order deadline is within the court's discretion. *Gorsuch*, 771 F.3d at 1240.

## ANALYSIS

The Trustee requests leave to amend and supplement his crossclaims against Lexington under the PVHC-Lexington policy to: (1) clarify the relevant policy years at issue in this dispute; (2) add claims for coverage of additional Underlying Claims; and (3) add a claim for third party bad faith. These requests are proper under Rules 13, 15 and 16. Judicial economy will be advanced by allowing all of the Trustee's claims under the PVHC-Lexington policies to be litigated in a single action.

### A. There is "good cause" for the amendments specifying additional policy years.

First, the Trustee seeks leave to amend the original crossclaim to include specific references to the 2010-2011 and 2011-2012 policy years. Good cause exists for this amendment because Lexington has only recently (within the last month) raised the defense that the pleadings reference the wrong policy years. Importantly, all of the PVHC-Lexington policies contain the same operative language that the Trustee is relying on to assert his claims for coverage, so this amendment will not in any way enlarge the issues to be ligated. Rather, Trustee requests leave to amend the pleadings now, in order to avoid further controversy down the road.

### B. Amendment to add Underlying Claims is expressly permitted by the Scheduling Order.

Second, the Trustee requests leave to amend the pleadings to seek coverage for additional Underlying Claims under the PVHC-Lexington policies. This amendment is anticipated, and expressly permitted "at any time," by the Scheduling Order, which provides:

> The parties stipulate that amendments to pleadings should be allowed **at any time** to add claimants when their underlying claims have been settled and the Defendants have assigned their interests.

7

ECF # 57 (Scheduling Order), at 2 (emphasis added).  The Underlying Claims were settled when consent judgments were entered in January 2019.  Ex. A, at ¶ 34.  Accordingly, amendment is timely under the Scheduling Order and the Trustee is not required to show good cause for the amendment.

Further, this amendment is permissible under Rule 15(a) because the inclusion of additional Underlying Claims does not expand the scope of this litigation or prejudice Lexington.  Rather, the same central question — i.e. whether PVHC's negligent credentialing, supervision, and hiring of Dr. Hansen is a single "medical incident" under the PVHC-Lexington policies — will determine coverage for all of the Underlying Claims.  Moreover, at this time the parties have not taken any depositions or progressed beyond written discovery, so the addition of these claims will not delay the proceedings.

       **C.**    **Supplementation should be permitted to add the Trustee's bad faith claims because these claims did not arise until after the amendment deadline.**

Finally, leave to supplement the pleadings to add the Trustee's claims for bad faith under the PVHC-Lexington policies is appropriate because these claims did not mature until after PVHC and Hansen asserted their initial crossclaims against Lexington.  *See Gainsco Ins. Co. v. Amoco Production Co.,* 2002 WY 122, ¶ 73, 53 P.3d 1051, 1073 (Wyo. 2002) ("There can be no cause of action for third-party bad faith until a judgment has been entered against the insured in excess of policy limits.").  Therefore, these claims are properly classified as supplemental claims, not subject to the Scheduling Order's amendment deadline.  The following timeline shows that Trustee's claim falls within Rules 13(e) and 15(d):

On October 18, 2015, PVHC and Hansen asserted crossclaims against Lexington and another insurer, UMIA, seeking declaratory judgment as to whether there was

8

coverage for six of the Underlying Claims under the PVHC-Lexington policies. ECF # 45. On May 16, 2016, PVHC filed for bankruptcy. Pursuant to the PVHC bankruptcy plan, effective March 1, 2018, Trustee was assigned the claims that PVHC and Hansen had against Lexington under the PVHC-Lexington policies. ECF # 103. The assignment occurred over two and one half years after PVHC and Hansen made their initial declaratory judgment claims against Lexington in this action. Finally, on May 25, 2018, Trustee was substituted for HTMS and Patten in this action. ECF # 107. As alleged in the supplemental pleading, judgments in excess of policy limits were entered on January 16, 2019. *Id.* at ¶¶ 34-35. By letter dated February 25, 2019, Lexington denied Trustee's request for indemnification. *Id.* at ¶ 37.

Because Trustee's claim for third party bad faith did not mature until the judgments were entered in January 2019, the claim falls squarely within Rule 13(e), and should be permitted via supplementation pursuant to Rule 15(d).

> **D.    Judicial economy will be served by allowing all of Trustee's claims under the PVHC-Lexington policies to be litigated in a single action.**

Finally, judicial economy will be best served by allowing all of Trustee's claims arising under the PVHC-Lexington policies to be resolved in this action. If the Trustee is required to proceed separately on his claims for third party bad faith and for coverage of the remaining Underlying Claims under additional policy years, there will be a significant duplication of time and effort by the litigants, and by the Court, and the risk of inconsistent outcomes. Discovery has only just begun, and no changes will need to be made to the current schedule to accommodate these additional claims.

## CONCLUSION

For the reasons stated, the Court should allow Trustee to amend his claims under the PVHC-Lexington Policy to include all relevant policy years and all Underlying Claims and to supplement the crossclaims to include a claim for bad faith. Supplementation and amendment will promote the complete, economic, just, and timely resolution of all of the claims between the parties in this action.

Dated this 18th of December, 2019.

      /s/ Robert A. Krause
Robert A. Krause (WSB # 5-2824)
Mel C. Orchard, III (WSB # 5-2894)
Elizabeth A. Richards (WSB # 6-4249)
Sarah A. Kellogg (WSB # 7-5355)
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, WY 83001
(307) 733-7290; (307) 733-5248 (fax)
krause@spencelawyers.com
orchard@spencelawyers.com
richards@spencelaywers.com
kellogg@spencelaywers.com

Jon M. Moyers  (WSB # 6-3661)
MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, MT 59102
(406) 655-4900
jon@jmoyerslaw.com

Kathryn Kohn Troldahl (*pro hac vice*)
KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
(763) 259-3686; (888) 519-3472 (fax)
kohnkathryn1@gmail.com

*Attorneys for the Trustee*

**CERTIFICATE OF SERVICE**

       I hereby certify that on December 18th, 2019, the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles Spevacek
cspevacek@meagher.com
Tiffany Brown
tbrown@meagher.com
MEAGHER & GEER, PLLP
33 South Sixth Street
Suite 4400
Minneapolis, MN  55402

Judith Studer
jstuder@schwartzbon.com
SCHWARTZ BON WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY  82601

*Attorneys for Homeland Insurance Company of New York*

R. Jeff Carlisle
jcarlisle@lynberg.com
Catherine A. Naltsas
cnaltsas@lynberg.com
Jerome P Doctors
jdoctors@lyndberg.com
LYNBERG & WATKINS, APC
1150 S. Olive Street
Eighteenth Floor
Los Angeles, CA 90015

Deborah M. Kellam
kellamd@hallevans.com
HALL & EVANS, LLC
866 North Fourth Street, Suite 3
Laramie, WY 82072

*Attorneys for Lexington Insurance Company*

                                                                             \_/s/ Robert A. Krause_____
                                                                                 *Attorney for the Trustee*