Exhibit F



THE SPENCE LAW FIRM, LLC

15 S. JACKSON ST. · P.O. BOX 548 · JACKSON, WY 83001
SPENCELAWYERS.COM · 307-733-7290

March 13, 2020

Jerome P. Doctors
Catherine A. Naltsas
Lynberg & Watkins, APC
jdoctors@lyndberg.com
cnaltsas@lynberg.com

Richard H. Nicolaides, Jr.
Matthew S. Sorem
Samuel Y. Chen
Nicolaides Fink Thorpe Michaelides Sullivan, LLP
rnicolaides@nicolaidesllp.com
msorem@nicolaidesllp.com
schen@nicolaidesllp.com

Deborah M. Kellam
Hall & Evans, LLC
kellamd@hallevans.com

*Sent by email*

> Re:   *Homeland Insurance Company of New York v. Scott J. Goldstein,*
> *Personal Injury Trustee for the Personal Injury Trust of Powell Valley*
> *Health Care, Inc. et al*, Case No. 15-CV-31-J

Dear Mr. Doctors, Ms. Naltsas, Mr. Nicolaides, Mr. Sorem, Mr. Chen, and Ms. Kellam;

This letter will advise you that we object to Lexington's responses to Trustee's Third Combined Discovery to Lexington Insurance Company.

Specifically, we object to Lexington's refusal to provide any documents in response to Request for Production No. 11 which sought:

> [C]opies of all documents submitted to or by Lexington Insurance

GERRY L. SPENCE, PC · ROBERT A. KRAUSE, PC · R. DANIEL FLECK, PC · G. BRYAN ULMER III, PC · MEL C. ORCHARD III, PC · EMILY R. RANKIN, PC · M. KRISTEEN HAND, PC · TYSON E. LOGAN, PC · JASON A. NEVILLE, PC
OF COUNSEL J. DOUGLAS MCCALLA, PC · ROY A. JACOBSON, JR., PC · ASSOCIATES MARK ARONOWITZ · ELIZABETH A. RICHARDS · NOAH W. DREW · MICHAEL F. LUTZ · SARAH A. KELLOGG · GABRIEL PHILLIPS · CLAIRE FULLER

Company or others, including HealthTech, in connection with HealthTech's application for insurance coverage, including correspondence, insurance application forms and attachment, and other materials and information Lexington Insurance Company requested or relied upon while issuing or renewing Lexington-Health policy 6797081, effective September 30, 2011 through November 1, 2016.

Lexington objected to this request on the basis of relevancy and proportionality, taking the position that documents submitted by HealthTech do not relate to the scope of coverage provided under HealthTech-Lexington policies.

To the contrary, there are numerous ways that HealthTech's submissions to Lexington could be relevant to the coverage issues in this case. For example, HealthTech's representations to Lexington about the type of work it performed at PVHC and other hospitals could be relevant to the question of whether HealthTech "supervised" Dr. Hansen and others at PVHC. Likewise, the materials could be relevant to your defense that HealthTech "operated" PVHC. The submissions could also be relevant to interpreting ambiguous terms in the policy or to a claim for estoppel or reformation.

In fact, Judge Carman reviewed a similar relevancy objection on the Trustee's motion to compel filed against Homeland last April. In compelling the production of Homeland's underwriting files, Judge Carman explained: "Homeland fails to account for the fact that extrinsic evidence may be used by the court in reviewing a contract for ambiguities." ECF # 137, Order on Motion to Compel, at 8. Judge Carman went on to hold that "the circumstances and events surrounding the formation of the Homeland insurance policy [are] relevant to the issues presented in this Court." *Id.*

With respect to Lexington's proportionality objection, even though Homeland did not object on the basis of proportionality, Judge Carman noted the limited scope of the Trustee's requests and stated, "Homeland has no doubt already gathered and reviewed the documents." *Id.* at 9. Judge Carman went on to hold that "[g]iven these factors [i.e. relevancy, the limited scope of documents requested, the ease of producing the documents] and the Court's predisposition to err on the side of more discovery . . ." the discovery sought was within the bounds of Rule 26. *Id.*

In short, Judge Carman has already held that the facts surrounding the formation of the insurance policies are relevant and discoverable at this stage of the litigation. Moreover, the Trustee's request is limited in scope and Lexington offers no explanation as to why it would be burdensome or expensive for Lexington to provide the requested materials. Therefore, we request that you promptly supplement your response to Request for Production No. 11.

Finally, during our January 21, 2020 meet and confer conference, we discussed endorsement 23 to the 2014–15 HealthTech-Lexington policy. You agreed to provide us with the date that this endorsement was added, along with any cover letter that accompanied the endorsement. Please provide that information.

Please let me know if you will agree to supplement your responses as set forth above. Otherwise, please provide times when you are available next week to meet and confer with respect to these issues.

Sincerely,

Robert A. Krause
THE SPENCE LAW FIRM, LLC