Robert A. Krause (WSB # 5-2824)
krause@spencelawyers.com
Mel C. Orchard, III (WSB # 5-2894)
orchard@spencelawyers.com
Elizabeth A. Richards (WSB # 6-4249)
richards@spencelawyers.com
Sarah A. Kellogg (WSB # 7-5355)
kellogg@spencelawyers.com
THE SPENCE LAW FIRM, LLC
15 S Jackson Street, P.O. Box 548
Jackson, WY 83001
(307) 733-7290

Jon M. Moyers (WSB # 6-3661)
jon@jmoyerslaw.com
MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, Montana 59102
(406) 655-4900

Kathryn Kohn Troldahl (*pro hac vice*)
kohnkathryn1@gmail.com
KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
(612) 597-3899

*Attorneys for Scott J. Goldstein, Personal Injury Trustee for the Personal Injury Trust of Powell Valley Health Care, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| SCOTT J. GOLDSTEIN, PERSONAL INJURY TRUSTEE FOR THE PERSONAL INJURY TRUST OF POWELL VALLEY HEALTH CARE, INC., <br><br> Plaintiff, <br> v. <br><br> LEXINGTON INSURANCE COMPANY, <br><br> Defendant. | Case No. 15-CV-31-J <br><br> **REPLY IN SUPPORT OF TRUSTEE'S MOTION TO COMPEL LEXINGTON INSURANCE COMPANY TO RESPOND TO REQUEST FOR PRODUCTION NO. 11** |
|---|---|

1

COMES NOW, Scott Goldstein, Personal Injury Trustee for the Personal Injury Trust for Powell Valley Health Care, Inc. ("Trust" and "Trustee") and files his Reply in Support of Trustee's Motion to Compel Lexington Insurance Company to Respond to Request for Production No. 11.

## I.   INTRODUCTION

The issue on Trustee's Motion to Compel is whether Lexington Insurance Company ("Lexington") should produce its underwriting files in response to Trustee's Request for Production No. 11. Last year, the Court held that Homeland Insurance Company of New York's ("Homeland") underwriting files were discoverable because underwriting documents may be relevant to whether an insurance policy is ambiguous and to estoppel arguments. The same logic compels the production of Lexington's underwriting files. Nevertheless, Lexington argues that its underwriting files are not relevant and not proportionate to the needs of the case. The Trustee files this brief Reply to address the arguments raised in Lexington's Response.

## II.   ANALYSIS

### a.   Lexington does not address the relevance of its underwriting to the enforceability of its prior knowledge exclusion.

First, Lexington skims over Trustee's argument that Lexington placed its underwriting at issue by asserting its prior knowledge exclusion as a defense to coverage. When an insurer learns about facts creating potential liability during its underwriting, but fails to expressly exclude future claims arising out of those facts, the insurer may be estopped from later asserting its prior knowledge exclusion. *See Doctors' Co. v. Insur. Co. of Amer.*, 864 P.2d 1018, 1029 (Wyo. 1993). Lexington responds that this argument "is entirely hypothetical" and "Trustee fails to identify any dispute as to HealthTech or Lexington's knowledge . . . ." ECF # 208, at 8.

This argument is not hypothetical. The relevant HealthTech-Lexington policies renewed

2

in September 2013, 2014, and 2015. On or around December 2011 and May 2013, Lexington undertook the defense of Powell Valley Health Care, Inc. ("PVHC") and Dr. Jeffrey Hansen in the cases of *Harris v. Hansen,* Civ. No. 27038 (Wyo. 5th Jud. Dist.) and *Durose v. Powell Valley Healthcare, Inc.,* Civ. No. 13-cv-216-S (D. Wyo.). In June 2014, two witnesses, Brad Mangum and Scott Wilson, testified in the *Durose* and *Harris* cases that they told PVHC and/or Mr. Patten of certain deficiencies in Dr. Hansen's practice. ECF # 170-9, Excerpts of Mangum Depo. (filed under seal); ECF # 170-14, Excerpts of Wilson Depo. This same testimony now provides the basis for Lexington's assertion of its prior knowledge exclusion. *See* ECF # 206-1, Lexington Ans. to ROG. 5, at 17 (incorporating ECF # 170-8, Homeland Ans. to ROG 1, which refers to the Mangum and Wilson testimony). Given that Lexington was providing a defense to PVHC and Dr. Hansen when Mr. Wilson and Mr. Mangum were deposed, Lexington undoubtedly had knowledge of their testimony when it bound coverage for HealthTech Management Services, Inc. ("HealthTech") in 2014 and 2015. Yet, Lexington failed to explicitly exclude coverage for claims arising out of Dr. Hansen's practice.

The Trustee is entitled to learn how Lexington's knowledge of concerns about Dr. Hansen factored into its underwriting of the HealthTech-Lexington policies, and what else Lexington's underwriters knew about the risk posed by Dr. Hansen when they bound coverage. This information is likely to support an argument that Lexington is estopped from asserting its prior knowledge exclusion.

      **b.**      **Lexington conflates admissibility and discoverability.**

Second, by arguing that extrinsic evidence is not discoverable until and unless the Court makes an affirmative finding of ambiguity, Lexington is making the same argument that the Court rejected last spring. ECF # 137, Order on Motion to Compel, at 5. The Court reasoned, "extrinsic evidence may be used by the court in reviewing a contract for ambiguities." *Id.* at 7.

3

The Court correctly relied on the Wyoming Supreme Court cases *Mullinnix LLC v. HKB Royalty Trust,* 126 P.3d 909 (Wyo. 2006) and *Mathisen v. Thunder Basin Coal Co. LLC,* 169 P.3d 61 (Wyo. 2007), which hold that extrinsic evidence may be used to interpret the parties' intended meaning of specific terms, even if the term is not facially ambiguous.  ECF # 37, at 7.

Given the coverage defenses that Lexington has asserted, eventually the Court will be asked to construe the scope of Lexington's Healthcare Professional Liability insuring agreement and/or Lexington's "Owned & Operated" exclusion.  That analysis will require the Court to interpret the terms "supervising" and/or "operated."  However, at this stage, the Court need not decide if these terms are ambiguous or if extrinsic evidence will be admissible to aid in its construction.  *See* EFC # 137, at 8 ("Its ultimate admissibility or consideration by the Court is unknown and cannot be known until the facts are discovered."); *Riverport Ins. Co. v. State Farm Fire & Cas. Co.,* No. 2:18-cv-00330-GMN-NJK, 2018 WL 6435883,* 2 (D. Nev. Dec. 6, 2018) ("[C]ourts do not generally resolve the issue of ambiguity through a motion to compel and will instead allow the discovery to proceed notwithstanding arguments of a lack of ambiguity."). Instead, the Court should hold that Lexington's underwriting files are discoverable because underwriting documents *may* be admissible to interpret the contract.

  c. **The information contained in Lexington's underwriting files is not equally available to the Trustee.**

Lexington next argues that the information contained in its underwriting files is equally accessible to the Trustee, who has stepped into the shoes of HealthTech.  Lexington overlooks that its underwriting file are likely to contain information beyond written communications between HealthTech and Lexington.  For example, the underwriting file may contain the underwriter's notes or memorandum of telephone calls with HealthTech representatives. Similarly, as discussed above, the underwriting file may contain information that Lexington

4

learned in the course of defending PVHC and Dr. Hansen in the *Harris* and/or *Durose* cases. Finally, the underwriting file will help the Trustee identify the Lexington employees involved in the underwriting process. None of this information would be reflected in documents available to the Trustee through HealthTech.

      **d.    Lexington provides no explanation for how its underwriting files would be costly or burdensome to produce.**

Finally, Lexington offers no explanation as to how the production of its underwriting files would be costly or burdensome. Instead, without elaborating, Lexington voices concerns about the proprietary nature of the undisclosed documents. The parties have already agreed to a broad protective order in this action. ECF # 64, Protective Order. Pursuant to the protective order, documents marked "confidential" may be "held and used . . . solely in connection with the above captioned case." *Id.* at ¶ 3. Likewise, Documents marked confidential may only be filed under seal. *Id.* at ¶ 11. Lexington has produced other "proprietary" information, such as its claims handling manuals, pursuant to this protective order and offers no explanation as to why it underwriting documents should be treated differently.

### III.    CONCLUSION

Lexington put it underwriting at issue when it asserted its prior knowledge exclusion. Further, the parties disagree on the meaning of "operated" and "supervised" and Lexington's underwriting files may contain information bearing on the parties' understanding of these terms and their intended scope of coverage. Accordingly, Trustee respectfully requests that the Court compel Lexington to fully respond to Request No. 11.

Dated this 14th day of May 2020.          /s/ Robert A. Krause
                                                  Robert A. Krause
                                                  Mel C. Orchard, III
                                                  Elizabeth A. Richards
                                                  Sarah A. Kellogg

THE SPENCE LAW FIRM, LLC
15 S Jackson Street, P.O. Box 548
Jackson, WY 83001
(307) 733-7290;

Jon M. Moyers
MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, Montana 59102
(406) 655-4900

Kathryn Kohn Troldahl
KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
(612) 597-3899

*Attorneys for the Trustee*


## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing, Reply in Support of Trustee's Motion to Compel, was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Richard H. Nicolaides, Jr.
rnicolaides@nicolaidesllp.com
Matthew S. Sorem
msorem@nicolaidesllp.com
Samuel Y. Chen
schen@nicolaidesllp.com
NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN, LLP
10 S. Wacker Driv,e Suite 2100
Chicago, IL 60606

R. Jeff Carlisle
jcarlisle@lynberg.com
Catherine A. Naltsas
cnaltsas@lynberg.com
Jerome P Doctors
jdoctors@lyndberg.com
LYNBERG & WATKINS, APC
1150 S. Olive Street, 18th Floor
Los Angeles, California 90015

Deborah M. Kellam
kellamd@hallevans.com
HALL & EVANS, LLC
866 North 4th Street, Suite 3
Laramie, WY 82072

*Attorneys for Lexington Insurance Company*

Dated this 14th day of May 2020.

                                                                           /s/ Robert A. Krause
                                                                       *Attorney for the Trustee*